## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| TRENESA THOMAS as the<br>Administrator for the estate of<br>DORA PARKER BERNARD,<br>now deceased,<br><br>     Plaintiff,<br><br>v.<br><br>MITSUBISHI MOTORS NORTH<br>AMERICA, INC.; et al.,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 2:06-CV-00308-B |

## ANSWER OF DEFENDANT
## TK HOLDINGS INC.

COMES NOW the Defendant, TK HOLDINGS INC., incorrectly referred to in the Complaint as "TAKATA, INC.", and for Answer to the Complaint filed by the Plaintiff, states as follows, separately and severally:

### SPECIFIC AVERMENTS

In response to each paragraph within Plaintiff's Complaint, this Defendant, TK Holdings Inc. ("TK Holdings"), states as follows:

### STATEMENT OF THE PARTIES

1.    This Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

2.    Upon information and belief, this Defendant states that Mitsubishi Motors North America ("MMNA"), incorrectly referred to as "Mitsubishi Motor North America" in the Complaint, is organized and exists under the laws of the State of California with its principal place of business in the State of California. To all other allegations in this paragraph, this

{01020401.1/1159-0089}

Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

3.    Upon information and belief, this Defendant states that Mitsubishi Motors Corporation ("MMC"), incorrectly referred to as "Mitsubishi Corporation" in the Complaint, is organized and exists under the laws of the Nation State of Japan. To all other allegations in this paragraph, this Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

4.    This Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

5.    Upon information and belief, this Defendant states that Takata Corporation is organized and exists under the laws of the Nation State of Japan. To all other allegations in this paragraph, this Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

6.    This Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

7.    This Defendant states that Takata Inc. no longer exists as it merged into TK Holdings Inc. on March 25, 1999. TK Holdings Inc. is, and was at the time of the commencement of this action, a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in the State of North Carolina. This Defendant denies all other allegations contained in this paragraph and demands strict proof thereof.

8.    This Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

{01020401.1/1159-0089}                          2

9.      This Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

10.     This Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

11.     This Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

12.     This Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

## STATEMENT OF THE FACTS

13.     This Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

14.     This Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

15.     This Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

16.     This Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

17.     This Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

18.     This Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

19.     This Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

20.    This Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph in regards to ejection and injury to Plaintiff. In regards to all other allegations in this paragraph, this Defendant did not design, assemble, manufacture, or install the restraint system in the subject vehicle and, therefore, this Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph. Therefore, this paragraph is denied.

21.    This Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

22.    This Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

23.    This Defendant did not design, assemble, manufacture, or install the restraint system in the subject vehicle and, therefore, this Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph. Therefore, this paragraph is denied.

24.    This Defendant did not design, assemble, manufacture, or install the restraint system in the subject vehicle and, therefore, this Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph. Therefore, this paragraph is denied.

25.    This Defendant did not design, assemble, manufacture, or install the restraint system in the subject vehicle and, therefore, this Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph. Therefore, this paragraph is denied.

**COUNT ONE**
(Alabama Extended Manufacturers Liability Doctrine [AEMLD])

26.    This Defendant adopts and incorporates by reference its responses to Paragraphs 1 through 25 above as if fully set forth herein.

27.    This Defendant did not design, assemble, manufacture, or install the restraint system in the subject vehicle and, therefore, this Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph. Therefore, this paragraph is denied.

28.    This Defendant did not design, assemble, manufacture, or install the restraint system in the subject vehicle and, therefore, this Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph. Therefore, this paragraph is denied.

29.    This Defendant did not design, assemble, manufacture, or install the restraint system in the subject vehicle and, therefore, this Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph. Therefore, this paragraph is denied.

30.    Denied.

31.    This Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

32.    This Defendant did not design, assemble, manufacture, or install the restraint system in the subject vehicle and, therefore, this Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph. Therefore, this paragraph is denied.

33.    This Defendant is without sufficient information upon which to admit or deny the

allegations of this paragraph and, therefore, it is denied.

34.     This Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

35.     This Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

36.     This Defendant did not design, assemble, manufacture, or install the restraint system in the subject vehicle and, therefore, this Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph. Therefore, this paragraph is denied.

37.     This Defendant did not design, assemble, manufacture, or install the restraint system in the subject vehicle and, therefore, this Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph. Therefore, this paragraph is denied.

38.     This Defendant did not design, assemble, manufacture, or install the restraint system in the subject vehicle and, therefore, this Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph. Therefore, this paragraph is denied.

39.     This Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph in regards to ejection and injury to Plaintiff. In regards to all other allegations in this paragraph, this Defendant did not design, assemble, manufacture, or install the restraint system in the subject vehicle and, therefore, this Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph. Therefore, this paragraph is denied.

## COUNT TWO
### (Claim Under AEMLD)

40.     This Defendant adopts and incorporates by reference its responses to Paragraphs 1 through 39 above as if fully set forth herein.

41.     This Defendant did not design, assemble, manufacture, or install the restraint system in the subject vehicle and, therefore, this Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph. Therefore, this paragraph is denied.

42.     This Defendant did not design, assemble, manufacture, or install the restraint system in the subject vehicle and, therefore, this Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph. Therefore, this paragraph is denied.

43.     This Defendant did not design, assemble, manufacture, or install the restraint system in the subject vehicle and, therefore, this Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph. Therefore, this paragraph is denied.

44.     This Defendant did not design, assemble, manufacture, or install the restraint system in the subject vehicle and, therefore, this Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph. Therefore, this paragraph is denied.

45.     Denied.

46.     This Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

47.     This Defendant did not design, assemble, manufacture, or install the restraint

system in the subject vehicle and, therefore, this Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph. Therefore, this paragraph is denied.

48.    This Defendant did not design, assemble, manufacture, or install the restraint system in the subject vehicle and, therefore, this Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph. Therefore, this paragraph is denied.

49.    This Defendant did not design, assemble, manufacture, or install the restraint system in the subject vehicle and, therefore, this Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph. Therefore, this paragraph is denied.

50.    This Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph in regards to ejection and injury to Plaintiff. In regards to all other allegations in this paragraph, this Defendant did not design, assemble, manufacture, or install the restraint system in the subject vehicle and, therefore, this Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph. Therefore, this paragraph is denied.

## COUNT THREE
### (Negligence and/or Wantonness)

51.    This Defendant adopts and incorporates by reference its responses to Paragraphs 1 through 50 above as if fully set forth herein.

52.    This Defendant did not design, assemble, manufacture, or install the restraint system in the subject vehicle and, therefore, this Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph. Therefore, this paragraph is

denied.

53.    This Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph in regards to ejection and injury to Plaintiff. In regards to all other allegations in this paragraph, this Defendant did not design, assemble, manufacture, or install the restraint system in the subject vehicle and, therefore, this Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph. Therefore, this paragraph is denied.

## COUNT FOUR
### (Negligence/Wantonness)

54.    This Defendant adopts and incorporates by reference its responses to Paragraphs 1 through 53 above as if fully set forth herein.

55.    This Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

56.    This Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

57.    This Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

58.    This Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

59.    This Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

## COUNT FIVE
### (Negligence/Wantonness)

60.    This Defendant adopts and incorporates by reference its responses to Paragraphs 1

through 59 above as if fully set forth herein.

61.    This Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

62.    This Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

63.    This Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

64.    This Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

## COUNT SIX
### (Wrongful Death Act)

65.    This Defendant adopts and incorporates by reference its responses to Paragraphs 1 through 64 above as if fully set forth herein.

66.    Denied.

67.    Denied.

68.    Denied.

## GENERAL DEFENSES

### FIRST DEFENSE

Said Complaint fails to state a claim upon which relief may be granted against this Defendant.

### SECOND DEFENSE

This Defendant affirmatively pleads the applicable statute of limitations.

### THIRD DEFENSE

This Defendant affirmatively pleads judicial estoppel.

{01020401.1/1159-0089}                                    10

### FOURTH DEFENSE

This Defendant avers that at the time and place of the incident in question, Plaintiff was guilty of negligence which directly contributed to cause the injuries in question.

### FIFTH DEFENSE

This Defendant pleads assumption of the risk.

### SIXTH DEFENSE

This Defendant affirmatively pleads misuse of the vehicle and the vehicle's restraint system involved in this case.

### SEVENTH DEFENSE

This Defendant denies that there is any causal relationship between the conduct of this Defendant and the injuries of Plaintiff alleged in the Complaint.

### EIGHTH DEFENSE

This Defendant affirmatively pleads efficient intervening cause of third persons that caused or contributed to cause the accident and injuries in question, thereby barring Plaintiff from recovery from this Defendant.

### NINTH DEFENSE

This Defendant affirmatively pleads any and all pro tanto settlements or other monies paid to Plaintiffs as a result of the injuries sustained in the accident made the basis of this suit.

### TENTH DEFENSE

This Defendant hereby affirmatively pleads improper venue in this case.

### ELEVENTH DEFENSE

This Defendant affirmatively pleads modification and substantial alteration of the vehicle involved in this case which may have caused or contributed to the accident and injuries in

question, thereby barring Plaintiff from recovering from this Defendant.

## TWELFTH DEFENSE

As concerns all claims for punitive damages, this Defendant avers that such claims and such requisite burden of proof violate this Defendant's right to equal protection and due process under the Constitution of the United States and the Constitution of the State of Alabama; said claims and requisite burden of proof amount to an undue taking without due process of law and violate the Excessive Fines Clause of the Constitution of the United States and the Constitution of the State of Alabama.  This Defendant affirmatively avers that the Plaintiff's claim for punitive damages is vague, arbitrary, and unclear and that the standard for determining liability for punitive damages under Alabama law does not define with sufficient clarity the conduct or mental state of the Defendant which gives rise to a claim for punitive and exemplary damages. Additionally, the Plaintiff's claim for punitive damages cannot be sustained in that there are no meaningful standards for determining the amount of any punitive damage award under Alabama law and that Alabama law fails to state with sufficient clarity the consequence to a Defendant of any conduct which may give rise to the claim for punitive damages.  Therefore, any award of punitive damages violates this Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

## THIRTEENTH DEFENSE

This Defendant affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate this Defendant's rights under the Fourth, Fifth,

Sixth, and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

### FOURTEENTH DEFENSE

This Defendant affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages under Alabama law without a bifurcated trial as to all punitive damage issues would be violative of this Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

### FIFTEENTH DEFENSE

This Defendant affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages in this case cannot protect this Defendant against multiple and repeated punishment for the same alleged wrong in future cases. Accordingly, any award of punitive damages would violate this Defendant's right to due process of law and would constitute "double jeopardy" under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

### SIXTEENTH DEFENSE

This Defendant affirmatively avers that the Plaintiff's claim for punitive damages would violate this Defendant's rights to due process under the Fourteenth Amendment to the Constitution of the United States of American and under the Constitution of the State of Alabama as well as to other rights and protections afforded to it by State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed 2d 585 (2003).

13

## SEVENTEENTH DEFENSE

To the extent shown by the evidence, this Defendant shows that Plaintiff failed to exercise ordinary care for her own safety and therefore, Plaintiff is not entitled to recover from this defendant.

## EIGHTEENTH DEFENSE

Plaintiff's damages are not the proximate result of any alleged act or failure to act of this Defendant and, therefore, Plaintiff is not entitled to recover from this defendant.

## NINETEENTH DEFENSE

Plaintiff could, by the exercise of ordinary care, have avoided the consequences of any alleged act or failure to act of this defendant and, therefore, Plaintiff is not entitled to recover from this Defendant.

## TWENTIETH DEFENSE

Plaintiff's damages, if any, were caused by the acts or omissions of persons or entities other than this Defendant and, therefore, Plaintiff may not recover damages from this Defendant in any sum.

## TWENTY-FIRST DEFENSE

Any product allegedly manufactured by this Defendant, which is in question, was not defective in any respect and, therefore, Plaintiff may not recover from this Defendant.

## TWENTY-SECOND DEFENSE

Plaintiff's claimed injuries, if any, were not caused, enhanced or increased as a result of any act or failure to act on the part of this Defendant.

14

## **TWENTY-THIRD DEFENSE**

At all times this defendant was in the exercise of that degree of care required by law and,

therefore, Plaintiff may not recover of this Defendant.


**s/ J. Brannon Maner**
D. Alan Thomas       (ASB-8351-T77D)
Gregory L. Schuck    (ASB-6885-C62G)
J. Brannon Maner     (ASB-4616-S71M)
Attorneys for Defendant,
TK HOLDINGS INC.


**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
Telephone:  (205) 251-1193
Telecopier: (205) 251-1256


## **DEFENDANT DEMANDS A TRIAL BY STRUCK JURY IN THE ABOVE-STYLED CASE.**


**s/ J. Brannon Maner**
Of Counsel


15

## CERTIFICATE OF SERVICE

On April 7, 2006, a copy of the foregoing was served by e-mail notice on the following:

**All Attorneys of Record:**

Michael G. Strickland, Esq.
mgs@jurytrial.us
Blaine C. Stevens, Esq.
bcelone@aol.com
Attorneys for Plaintiff
STRICKLAND & KENDALL, L.L.C.
420 South Lawrence Street
P.O. Box 99
Montgomery, Alabama 36101-0099

Michael L. Bell, Esq.
mbell@lfwlaw.com, lynnl@lfwlaw.com
J. Chandler Bailey, Esq.
cbailey@lfwlaw.com, dianea@lfwlaw.com
Derrick Mills, Esq.
dmills@lfwlaw.com
Attorneys for DaimlerChrysler Corporation
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 20th Street N.
Birmingham, AL 35203-3200

Roger S. Morrow, Esq.
rsmorrow@mrplaw.com, rogersec@mrplaw.com
Meredith Lee Tolar, Esq.
mltolar@mrplaw.com, wessec@mrplaw.com
Attorney for Don Jackson Import Cars, Inc.
MORROW, ROMINE & PEARSON, P.C.
122 S. Hull Street
P.O. Box 4804
Montgomery, Alabama 36103-4804

s/ J. Brannon Maner
Of Counsel