IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TRENESA THOMAS as the
Administrator for the estate of
DORA PARKER BERNARD,
now deceased,

      Plaintiff,

v.

MITSUBISHI MOTORS NORTH
AMERICA, INC.; et al.,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

2006 APR -5 P 12: 52

CASE NO. 2:06CV308-DRB

## NOTICE OF REMOVAL

Defendants, **Mitsubishi Motors North America, Inc.,** (hereinafter "MMNA"), a corporation; **Irvin Automotive Products Inc.,** improperly named as Takata North American Inc. in the Complaint, a corporation; **TK Holdings Inc.,** improperly named as Takata Inc. in the Complaint, a corporation; **Takata Restraint Systems Inc.,** a corporation; and **Takata Seat Belts Inc.,** a corporation, and file this Notice of Removal of this civil action from the Circuit Court of Lowndes County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division, and respectfully show unto the Court as follows:

## BACKGROUND

1.    This civil action, entitled, *Trenesa Thomas as the Administrator for the estate of Dora Parker Bernard, now deceased, v. Mitsubishi Motors North*

*America, Inc.; et al.,* bearing Case Number CV-06-23, was brought in the Circuit Court of Lowndes County, Alabama. This civil action involves allegations of product liability and purports to assert claims of negligence and/or wantonness; strict liability under the Alabama Extended Manufacturers Liability Doctrine (AEMLD); and recovery pursuant to § 6-5-410, *Code of Alabama (1975)*, also known as the Alabama Wrongful Death Act.

2.      Said action was commenced by the filing of the Complaint against Defendants on March 2, 2006. Copies of all process, pleadings and orders served on (or received by) the removing Defendants are attached hereto as Exhibit "A."

## THE PLAINTIFF

3.      The Complaint alleges that Plaintiff, Trenesa Thomas, is the duly appointed Administrator of the Estate of Dora Bernard who was a resident citizen of the State of Georgia at the time of her death. Thus, Plaintiff is deemed to be a resident citizen of the State of Georgia. (See Compl. ¶ 1, attached hereto as Ex. "B").

## THE REMOVING DEFENDANTS

4.      Defendant, Mitsubishi Motors North America, Inc. ("MMNA"), is, and was at the time of the commencement of this action, a corporation organized and existing under the laws of the State of California with its principal place of business in the State of California. MMNA was first served with the Summons and Complaint on or after March 6, 2006. MMNA joins in the removal of this civil action.

5.    Defendant, Takata North American Inc., is an improperly named Defendant in the Complaint as no claim can or does exist against it in this lawsuit. Defendant Takata North American Inc. was first served with the Summons and Complaint on or after March 7, 2006.  Takata North American Inc. no longer exists as it merged into Irvin Automotive Products Inc. on May 31, 1980.  Irvin Automotive Products Inc. is, and was at the time of the commencement of this action, a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in the State of Michigan. Irvin Automotive Products Inc., incorrectly referred to as Takata North American Inc. in the Complaint, joins in the removal of this civil action.

6.    Defendant, Takata Inc., is an improperly named Defendant in the Complaint as no claim can or does exist against it in this lawsuit.  Takata Inc. was first served with the Summons and Complaint on or after March 6, 2006.  Takata Inc. no longer exists as it merged into TK Holdings Inc. on March 25, 1999.  TK Holdings Inc. is, and was at the time of the commencement of this action, a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in the State of North Carolina.  TK Holdings Inc., incorrectly referred to as Takata Inc. in the Complaint, joins in the removal of this civil action.

7.    Defendant, Takata Restraint Systems Inc., is an improperly named Defendant in the Complaint as no claim can or does exist against it in this lawsuit. Takata Restraint Systems Inc. was first served with the Summons and Complaint

on or after March 7, 2006. Takata Restraint Systems Inc. is, and was at the time of the commencement of this action, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of North Carolina. Takata Restraint Systems Inc. joins in the removal of this civil action.

8.    Defendant, Takata Seat Belts Inc., is an improperly named Defendant in the Complaint as no claim can or does exist against it in this lawsuit. Takata Seat Belts Inc. was first served with the Summons and Complaint on or after March 6, 2006. Takata Seat Belts Inc. is, and was at the time of the commencement of this action, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Texas. Takata Seat Belts Inc. joins in the removal of this civil action.

9.    Defendant, Daimler Chrysler Corporation, is, and was at the time of the commencement of this action, a corporation organized and existing under the laws of the State of Michigan with its principal place of business in the State of Michigan. Daimler Chrysler Corporation was first served with the Summons and Complaint on or after March 6, 2006. Daimler Chrysler Corporation joins in the removal of this civil action as provided in its consent and joinder of Notice of Removal filed contemporaneously herewith.

## NON-SERVED DEFENDANTS

10.    Defendant, Mitsubishi Motors Corporation ("MMC"), is a foreign corporation organized and existing under the laws of the Nation State of Japan

with its principal place of business in Japan. MMC is a Japanese corporation that can only be properly served through the Convention of the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (commonly known as the "Hague Convention"). Based upon information and belief, Hague Convention service has not been perfected upon MMC at this time.

11.    Defendant, Takata Corporation, is a foreign corporation organized and existing under the laws of the Nation State of Japan with its principal place of business in Japan. Takata Corporation is a Japanese corporation that can only be properly served through the Convention of the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (commonly known as the "Hague Convention"). Based upon information and belief, Hague Convention service has not been perfected upon Takata Corporation at this time.

12.    A defendant that has not been served with process need not join in or consent to removal. *GMFS, LLC v. Bounds*, 275 F. Supp. 2d 1350, 1354 (S.D. Ala. 2003) (citing *Lewis v. Rego Co.*, 757 F.2d 66, 69 (3rd Cir. 1985)), *Mask v. Chrysler Corporation*, 825 F. Supp. 285 (N.D. Ala. 1993) *aff'd*, 29 F.3d 641 (11th Cir. 1994), *McKinney v. Board of Trustees*, 955 F.2d 924, 925 (4th Cir. 1992), *Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002), *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n. 3 (6th Cir. 1999) and *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993). Thus, joinder or consent of removal by the above-stated defendants which have not been served at this time is not required.

567027-v1                                          5

## FICTITIOUS DEFENDANTS

13.    The Complaint purports to join as defendants the persons, corporations, or other legal entities listed as Fictitious Defendants "1-27". Under 28 U.S.C. § 1441(a), for purposes of removal, the citizenship of Defendants sued under fictitious names is to be disregarded.

## THE FRAUDULENTLY JOINED DEFENDANT

14.    Defendant, Don Jackson Import Cars, Inc. ("Don Jackson Import Cars"), is a corporation organized and existing under the laws of the State of Georgia with its principal place of business in the State of Georgia. Don Jackson Import Cars' presence in this litigation is to be ignored in regards to determining diversity as it has been fraudulently joined and is due to be dismissed based on a lack of *in personam* jurisdiction. In addition, Don Jackson Import Cars joins in the removal of this civil action as provided in its consent and joinder of Notice of Removal filed contemporaneously herewith.

15.    Fraudulent joinder is a judicially-created doctrine that provides an exception to the requirement of complete diversity. *Triggs v. John Crump Toyota, Inc.*, 154 F. 3d 1284, 1287 (11th Cir. 1998). Fraudulent joinder is found in three instances: first, where there is no possibility that the plaintiff can establish a cause of action against the non-diverse defendant in state court; second, where there has been outright fraud in the plaintiff's pleadings of jurisdictional facts; and third, where a diverse defendant is joined with a non-diverse defendant to whom there is no joint, several or alternate liability and where the claim against the diverse

defendant has no real connection to the claim against the non-diverse defendant. *See, e.g, B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981) (providing a description of the first and second type of fraudulent joinder), *Keating v. Shell Chemical Co.*, 610 F.2d 328 (5th Cir. 1980) (providing same) and *Triggs, supra,* 154 F.3d at 1287 (adding the third type of fraudulent joinder).

16.    The first two types of fraudulent joinder, discussed *supra*, are present in this action.    Plaintiff has failed to show, and cannot show, that *in personam* jurisdiction exists over Don Jackson Import Cars in the State of Alabama.    Although Counsel for Plaintiff attempted to create *in personam* jurisdiction between Don Jackson Import Cars and the forum State of Alabama, his actions do not suffice to show that Plaintiff can establish a cause of action against the non-diverse defendant, Don Jackson Import Cars, in state court in Alabama and, second, such attempt to create jurisdiction falls within the "outright fraud in the plaintiff's pleading of jurisdiction facts" that the Eleventh Circuit and others have deemed to be fraudulent joinder.

17.    The test or standard used in Alabama courts pursuant to *Ala. R. Civ. P.* 4.2 for determining whether *in personam* jurisdiction exists for a non-Alabama defendant is the same due process analysis adopted by the federal courts following *International Shoe Co. v. Washington,* 326 U.S. 310 (1945), *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980), and their progeny based on the due process protections under the Fourteenth Amendment.    *See Ex parte Troncalli Chrysler Plymouth Dodge, Inc.*, 876 So. 2d 459 (Ala. 2003), *Sudduth v.*

*Howard*, 646 So. 2d 664, 667 (Ala. 1994).

18.    As this Court is well aware, the United States Supreme Court has identified two types of *in personam* jurisdiction: specific and general jurisdiction. *See Huey v. Am. Truetzschler Corp.*, 47 F. Supp. 2d 1342, 1346 (M.D. Ala. 1999) (citing *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 nn. 8, 9, 104 S. Ct. 1868, 1872 nn. 8, 9, 80 L. Ed. 2d 404 (1984)).

19.    To constitute "minimum contacts" for purposes of specific *in personam* jurisdiction, each defendant's contacts with the applicable forum must satisfy three criteria: first, the contacts must be related to the plaintiff's cause of action or have given rise to it; second, the contacts must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum, thus invoking the benefits and protections of its laws; and third, the contacts must be such that the defendant should reasonably anticipate being haled into court in the forum. *See id.* (citing *Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1546 (11th Cir. 1992), cert. denied, 508 U.S. 907, 113 S. Ct. 2334, 124 L. Ed. 2d 246 (1993)).

20.    Don Jackson Import Cars does not have any contacts, much less, sufficient "minimum contacts" with the State of Alabama to suffice the due process requirements in order for a non-Alabama defendant, such as itself, to be haled into an Alabama court.  Don Jackson Import Cars is located in Union City, Georgia, where it conducts its business as an automobile dealership.  (See Aff. Derek Jackson, General Manager of Don Jackson Import Cars, Inc., at ¶ 3,

attached hereto as Ex. "C"). Don Jackson Import Cars does not now, nor has it ever had any offices, employees or agents located in, or doing business in the State of Alabama. (See Aff. Derek Jackson at ¶ 5, attached hereto as Ex. "C"). Likewise, Don Jackson Import Cars does not now, nor has it ever sold a vehicle in Alabama or allowed an Alabama resident who purchased a vehicle from Don Jackson Import Cars to take delivery in Alabama. (See Aff. Derek Jackson at ¶¶ 5, 7, 8, attached hereto as Ex. "C"). Don Jackson Import Cars does not now nor has it ever marketed or advertised in the State of Alabama. (See Aff. Derek Jackson at ¶ 6, attached hereto as Ex. "C").

21.    However, in the present case, Counsel for Plaintiff has creatively attempted to show minimum contacts and purposeful availment on the part of Don Jackson Import Cars with the State of Alabama by attaching emails that he made from his personal computer to Don Jackson Import Cars falsely stating his interest in negotiating for the purchase of a vehicle with Don Jackson Import Cars. (See Compl. at n.1 and Ex. 1, attached hereto as Ex. "B"). To Defendants' knowledge, no vehicle was purchased by Counsel for Plaintiff and such inquiry into how a vehicle, if in fact purchased from Don Jackson Import Cars, would be sent to an Alabama resident from Don Jackson Import Cars appears to have taken place for the self-serving reason to mislead the Court regarding whether *in personam* jurisdiction exists for Don Jackson Import Cars in the forum State of Alabama. Counsel for Plaintiff attaches reply emails, allegedly sent by staff of Don Jackson Import Cars, providing that Don Jackson Import Cars ships cars "all over the

country, to Calif[ornia], Ariz[ona], Ohio, NY, Fla., etc." in an attempt to show that a purchased vehicle could be sent to Alabama. (See Compl. at Ex. 1, attached hereto as Ex. "B"). However, Plaintiff fails to provide any examples of prior sales to Alabama residents; prior sales where the purchase of the vehicle took place in Alabama; or prior sales where the purchaser took possession of the vehicle in Alabama. (See Compl. at n.1 and Ex. 1, attached hereto as Ex. "B"). Clearly stated, Plaintiff has failed to show that Don Jackson Import Cars has any contact with the State of Alabama. This is illustrated by the extreme means by which Counsel for Plaintiff must resort in an attempt to argue that a single contact existed between Don Jackson Import Cars and the State of Alabama based on a fake negotiation initiated by himself to Don Jackson Import Cars via email less than three (3) weeks <u>after</u> the subject collision occurred. (See Compl. at Ex. 1, attached hereto as Ex. "B").

22.    Don Jackson Import Cars has not shipped any vehicle to an Alabama resident after such vehicle was purchased at Don Jackson Import Cars nor has Don Jackson Import Cars advertised in the State of Alabama or solicited business to Alabama residents. (See Aff. Derek Jackson ¶¶ 5, 6, 8, attached hereto as Ex. "C"). Likewise, Don Jackson Import Cars does not do business in the State of Alabama. (See Aff. Derek Jackson ¶ 7, attached hereto as Ex. "C"). Thus, Don Jackson Import Cars does not have any contacts with the State of Alabama. As a result, Don Jackson Import Cars, clearly, does not have sufficient "minimum contacts" within the State of Alabama nor has it "purposefully availed" itself to

the benefits of this State where it should "reasonably expect to be haled into court in the forum state," of Alabama. Simply stated, Counsel for Plaintiff has included Don Jackson Import Cars, a fraudulently joined, non-diverse defendant, in order to attempt to destroy complete diversity even though *in personam* jurisdiction is lacking.

23.    In support of this conclusion, it should be noted that the Supreme Court of Alabama has provided that "something more than an isolated contact initiated by an in-state plaintiff is required to satisfy the 'purposeful-availment' prong of the due-process analysis." *Ex parte Troncalli Chrysler Plymouth Dodge, Inc.*, 876 So. 2d 459, 465 (Ala. 2003). Likewise, the Supreme Court of Alabama has stated that "a sale compromising no more that an 'isolated' or 'attenuated' single transaction ... has always been deemed inadequate to satisfy due process." *Id.* at 464 (citing *Chung v. NANA Dev. Corp.*, 783 F.2d 1124, 1126 (4th Cir. 1986). The Supreme Court of Alabama also provided that "[o]f particular relevance is whether the plaintiff initiated the sale or contact." *Id.* (citing *Regent Lighting Corp. v. Am. Lighting Concept, Inc.*, 25 F. Supp. 2d 705 (M.D.N.C. 1997) ("the contacts to be considered for purposes of personal jurisdiction are those actually generated by [d]efendants, not those created by the unilateral acts of Plaintiff") (emphasis added).

24.    Counsel for Plaintiff's mock negotiation with Don Jackson Import Cars does not suffice to show that an Alabama court has specific *in personam* jurisdiction over Don Jackson Import Cars, a dealership located and doing

business in Georgia. Again, Plaintiff has failed to show any contacts generated by Don Jackson Import Cars to the State of Alabama or its residents thereof. Furthermore, Don Jackson Import Cars has not purposefully availed itself to the forum state for any contacts initiated by Don Jackson Import Cars. Therefore, a lack of specific *in personam* jurisdiction exists regarding whether Don Jackson Import Cars can be properly haled into a court in Alabama. As such, Don Jackson Import Cars has been fraudulently joined and its residence should not be considered for diversity purposes.

25.    Likewise, Don Jackson Import Cars does not satisfy the well-established analysis that Alabama state and federal courts must perform in determining whether general *in personam* jurisdiction exists over an out-of-state defendant. General contacts, which give rise to general *in personam* jurisdiction, consist of the defendant's contacts with the forum state that are unrelated to the cause of action and that are both "continuous and systematic." *See Worthy v. Cyberworks Tech., Inc.*, 835 So. 2d 972, 975-76 (Ala. 2002) (citing *Helicopteros Nacionales de Columbia, S.A. v. Hall*, *supra*, 466 U.S. at 414, n. 9) (citations omitted).

26.    Don Jackson Import Cars is an automobile dealership located and doing business in Union City, Georgia. (See Aff. Derek Jackson at ¶ 3, attached hereto as Ex. "C"). Plaintiff alleges in her Complaint that Don Jackson Import Cars was "at all material times [] doing business by agent in the State of Alabama." (Compl. ¶ 10, attached hereto as Ex. "B"). Such allegation is

unsupported and untrue. Don Jackson Import Cars does not advertise, solicit business, sell vehicles, make repairs or perform any service or otherwise transact business in the State of Alabama. (See Aff. Derek Jackson at ¶¶ 5, 6, 8 attached hereto as Ex. "C"). In addition, Don Jackson Import Cars has not ever maintained a location, employees or agents in the State of Alabama. (See Aff. Derek Jackson at ¶ 5, attached hereto as Ex. "C"). Simply stated, Don Jackson Import Cars does not now, nor has it ever had, <u>any</u> contacts, in the State of Alabama. Therefore, Alabama, the forum state, clearly lacks general *in personam* jurisdiction over Don Jackson Import Cars.

27.    Because Don Jackson Import Cars does not satisfy either the specific or general *in personam* jurisdiction analysis required by the due process protections under the Fourteenth Amendment, the State of residence for Don Jackson Import Cars for diversity purposes should not be considered as it is a fraudulently joined defendant. As a result, complete diversity exists between the parties.

## **GROUNDS FOR REMOVAL**

28.    This action is being removed pursuant to 28 U.S.C. § 1441 *et seq.*, inasmuch as this action could have originally been brought in this Court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1331.

29.    This Notice of Removal is timely filed because it is submitted within 30 days of the filing of this action and within 30 days of the date any Defendant was first served with, received a copy of, or otherwise received notice of the

Summons and Complaint in this civil action.

30.    A true and correct copy of this Notice of Removal is being served on counsel for Plaintiff this date.

31.    A true and correct copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Lowndes County, Alabama, this date.

## JURISDICTION UNDER 28 U.S.C. § 1332

32.    This action could have originally been brought in this Court under 28 U.S.C. § 1332 in that it is a civil action wherein the matter in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and there is complete diversity of citizenship.

33.    While the Complaint does not list a specific damage request, the Complaint alleges strict liability under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD) and Wrongful Death Act. In addition, the Complaint outlines the following alleged injuries resulting in the death of Dora Bernard:

> Dora Bernard was ejected from the vehicle while still wearing the seatbelt. During the roll sequence, Dora Bernard's body was severed completely in half by the driver's door and seatbelt restraint system.

(Compl. ¶ 20, attached hereto as Ex. "B"). Additionally, Plaintiff seeks punitive damages. While Plaintiff's Complaint does not specify an amount, Alabama Courts have routinely ordered verdicts in excess of $75,000.00 in product liability claims. *See e.g., General Motors Corp. v. Johnston,* 592 So. 2d 1054 (Ala. 1992) (jury verdict for $15 million reduced to $7.5 million on appeal); *Sears, Roebuck*

*and Co. v. Harris*, 630 So. 2d 1018 (Ala. 1993) (verdict for $12,000,000.00 reduced on appeal); *Volkswagen of America, Inc. v. Marinelli*, 628 So. 2d 378, (Ala. 1993) (verdicts for several plaintiffs each in the amount of $783,333.00); *Lance, Inc. v. Ramanauskas*, 731 So. 2d 1204 (Ala. 1999) (jury verdict for $13,000,000.00 remitted on appeal); *General Motors Corp. v. Saint*, 646 So. 2d 564 (Ala. 1994) ($13,000,000.00 jury verdict in Marion County, Alabama, for paraplegia suffered by Plaintiff in seatbelt defect claim); and *Hobart Corp. v. Scoggins*, 776 So. 2d 56 (Ala. 2000) (a jury in Lowndes County, Alabama, awarded $510,000.00 in compensatory damages and $10 million in punitive damages for loss of fingers - reduced on Appeal). As such, the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs.

34.    There is complete diversity of citizenship between Plaintiff, on the one hand, and all Defendants on the other hand, exclusive of fraudulently joined Don Jackson Import Cars.

WHEREFORE, PREMISES CONSIDERED, the Defendants on whose behalf this Notice is filed pray that the above-styled cause be removed from the Circuit Court of Lowndes County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division, according to the statutes in such case made and provided.

Done this ___5th___ day of April, 2006.

                                         _____

                                         D. Alan Thomas    (ASB-8351-T77D)
                                         Gregory L. Schuck  (ASB-6885-C62G)
                                         J. Brannon Maner   (ASB-4616-S71M)
                                         Attorneys for Defendants,
                                         Mitsubishi Motors North America, Inc.
                                         Irvin Automotive Products Inc.
                                         TK Holdings Inc.
                                         Takata Restraint Systems Inc.
                                         Takata Seat Belts Inc.

**OF COUNSEL**
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, Alabama 35223-2484
Telephone:  (205) 251-1193
Facsimile:  (205) 251-1256

## CERTIFICATE OF SERVICE

On April ___5th___, 2006, a copy of the foregoing was served by U.S. mail on the following:

       Michael G. Strickland, Esq.
       Blaine C. Stevens, Esq.
       Attorneys for Plaintiff
       STRICKLAND & KENDALL, L.L.C.
       420 South Lawrence Street
       P.O. Box 99
       Montgomery, Alabama 36101-0099

       Derrick Mills, Esq.
       Attorney for Daimler Chrysler Corporation
       LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
       The Clark Building
       400 20th Street N.
       Birmingham, AL 35203-3200

Roger S. Morrow, Esq.
Attorney for Don Jackson Import Cars, Inc.
MORROW, ROMINE & PEARSON, P.C.
122 S. Hull Street
P.O. Box 4804
Montgomery, Alabama 36103-4804
(via hand-delivery)

Of Counsel