IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **TRENESA THOMAS** as the Administrator for the estate of **DORA PARKER BERNARD**, now deceased, | ) ) ) ) |
| *Plaintiff*, | ) ) |
| v. | )  CASE NO.: 2:06CV308-B ) |
| **MITSUBISHI MOTOR NORTH AMERICA, INC.; et al.,** | ) ) ) ) |
| *Defendants*. | ) |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO REMAND AND PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO DISMISS AND MOTION TO
QUASH SERVICE OF PROCESS TO CHALLENGE IN PERSONAM JURISDICTION**

**COMES NOW** the Plaintiff, by and through undersigned counsel, files this her Brief in Support of Motion to Remand this case to the Circuit Court of Lowndes County, Alabama and deny the Defendants' Motion to Dismiss and Motion to Quash Service of Process to Challenge In Personam Jurisdiction.

Plaintiff will show unto this Court that this cause was initially and properly filed in Alabama state court in the Circuit Court of Lowndes, County, Alabama because there were causes of action alleged against a non-diverse defendant. Don Jackson Import Cars, Inc. (hereinafter referred to as "Don Jackson Import Cars") which is an automobile dealership located in Union City, Georgia located .92 to .97 miles off of I-85 located in the state of Georgia was also named as a Defendant. (See attached hereto "Exhibits 1 & 2", Map Quest and Rand McNally directions.) All of the other known Defendants are foreign automobile manufacturers or foreign component part manufacturers of the 2003 Mitsubishi Montero Sport automobile which is the subject of litigation in this case. Don Jackson Import Cars is a Georgia corporation which was incorporated in the state of Georgia on September 21, 2000. Dora

Parker Bernard was a resident of the state of Georgia at the time of her death thereby defeating complete diversity of the parties. Defendants filed their petition to remove the case to this court on April 5, 2006. As Plaintiff will demonstrate herein, the removal petition and Motion to Dismiss and Motion to Quash Service of Process to Challenge In Personam Jurisdiction (hereinafter referred to as "the Petition") is lacking in merit and the cause is due to be remanded to the Circuit Court of Lowndes County, Alabama. Defendants assert in their removal petition that Don Jackson Import Cars is fraudulently joined as a Defendant in this matter. As stated, this allegation is completely lacking in merit based upon the laws of the state of Alabama and applicable Federal laws, and thus this case must be remanded to state circuit court.

## PLAINTIFF'S SUMMARY
### Factual Background

This lawsuit arises out of an automobile wreck that occurred on March 7, 2004 in Lowndes County, Alabama on U.S. Interstate Highway 65 approximately 170 miles from the Don Jackson Import Cars dealership lot. At the time of this incident, the deceased, Dora Bernard, was traveling southbound on I-65 at or below the posted speed limit. At a point just north of Fort Deposit, Alabama, she was forced off the roadway by a phantom driver. As a result of the phantom driver's actions, the deceased, Dora Bernard, lost control and/or was forced off of the roadway to the left and eventually overturned. (See attached hereto "Exhibit 3", Accident Report.) The deceased, Dora Bernard, was severed in half as alleged in the Plaintiff's complaint due to negligence, wantonness and AEMLD claims. Several Defendants were named in this case because of their status as manufacturers or sellers of the Mitsubishi Montero Sport at issue in this case. The entire argument of the Defendants' removal of this case to federal court centers around the Defendant, Don Jackson Import Cars. As the Defendants have pointed out in their pleadings, Don Jackson Import Cars is a Georgia corporation that was incorporated in the state of Georgia on September 21, 2000 with its principal place of business located in Union City,

Georgia. Plaintiff has alleged various claims against the Defendant, Don Jackson Import Cars, as the deceased, Dora Bernard, purchased the Mitsubishi, which is the subject of this litigation, on March 5, 2004 only two (2) days before she was tragically killed in the wreck. (See attached hereto "Exhibit 4", Retail Purchase Agreement.)

Defendants contend that they are entitled to remove this case to federal court under the guise of a "fraudulent" joinder of Don Jackson Import Cars who is a party Defendant in this litigation. Plaintiff would point out however, that there is a viable, colorable claim against this non-diverse Defendant and that as a result, there is incomplete diversity of citizenship among the various parties to this case. That being the case, this matter must be remanded to state court for further proceedings.

## STANDARD OF REVIEW
## AND SUMMARY OF STATE LAW APPLICABLE TO THIS CASE

The removal statute must be strictly construed against removal and all doubt should be resolved in favor of remand. Shamrock Oil & Gas v. Sheets, 331 U.S. 100 (1941); Butler v. Polk, 592 F. 2d 1293 (5th Cir. 1979). In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility that the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently plead jurisdictional facts to bring the resident defendant into court. Cabalceta v. Standard Fruit Company, 883 F. 2d 1553, 1561 (11th Cir., 1989). The burden of the removing party is "heavy one." B, Inc. v. Miller Brewing Company, 663 F. 2d 545, 549 (5th Cir. Unit A 1981). To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the Plaintiff and must resolve any uncertainty about state substantive laws in favor of the Plaintiff. *Id.* at 549.

When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an "arguable" one under state law. *Id.* at 548-549. The court's jurisdictional inquiry "must not subsume substantive determination." *Id.* at 550. Coker v. Amoco Oil

Company, 709 F. 2d 1433, 1440-1441, (11th Cir. 1983) also held that "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." Coker 1440-1441.

In the case before this Honorable Court, the Defendants cannot meet this burden because Plaintiff has alleged viable state common law claims, negligence, wantonness and Alabama Extended Manufacturer Liability Doctrine claims (AEMLD) against the Defendant, Don Jackson Import Cars. This case arises out of a simple car wreck on an interstate road system.

As the case of Crowe v. Coleman, 113 F. 3rd 1536 (11th Cir. 1997) sets out, the district court's authority to look into the ultimate merit of the plaintiff's claims must be limited to obviously fraudulent or frivolous claims. Crow at 1542. Stated even more succinctly, "after drawing all reasonable inferences from the record in the plaintiff's favor and then resolving all contested issues of fact in favor of the plaintiff, there need only be a 'reasonable basis for predicting that the state law might impose liability on the facts involved.'" B, Inc. 663 F. 2d 550 (quoting Bobby Jones Garden Apartments, 391 F. 2d 177)(emphasis added).

It is well settled that the jurisdictional threshold is met by a showing of "minimum contacts" with a forum so that the maintenance of a lawsuit does not offend "traditional notions of fair play and substantial justice." International Shoe Company v. Washington, 362 U.S. 310 (1945). To survive a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff must demonstrate a *prima facie* case of personal jurisdiction, which requires the presentation of evidence sufficient to withstand a motion for a directed verdict. Butler v. Beer Across America, 83 F. Supp. 2d 1261 (11th Cir. 2000) citing Cable/Home Communication v. Network Productions, Inc., 902 F. 2d 829, 855 (11th Cir. 1990). In considering whether such a showing has been made, the court must accept as true all uncontroverted

facts alleged in the complaint and must also draw all reasonable inferences arising from controverted assertions of fact in the light most favorable to the plaintiff. Butler v. Beer Across America, 83 F. Supp. 2d 1261 (11th Cir. 2000) citing Robinson v. Giarmarco and Bill, P.C., 74 F. 3d 253, 255 (11th Cir. 1996). In ruling on a motion to dismiss for want of personal jurisdiction, a court must consider as true the allegation that the plaintiff's complaint is not controverted by the defendant's affidavit...and '**or if the plaintiff's complaint and the defendant's affidavits conflict, the...court must construe all reasonable inferences in favor of the plaintiff.**' Corp. Waste Alternative, Inc. v. McLane Cumberlane, Inc., 896 So. 2d 410, 413 (Ala. 2004) (emphasis added).

Jurisdiction is obtained over out-of-state defendants pursuant to the "long arm" rule. See, Ala. R. Civ. P. 4.2(a)(2)(A)-(I). A physical presence in Alabama is not a prerequisite to personal jurisdiction over a non-resident. Croncalli Chrysler Pylmouth Dodge, Inc. v. Alexander Dodge Chryler Pylmouth, Inc., et al.,876 So. 2d 459 quoting Sieber v. Campbell, 810 So. 2d 641, 644 (Ala. 2001). What is required however, is that the defendant have such contact with Alabama that it ' "should reasonably anticipate being haled into court [here]." ' Dillon Equities v. Palmer & Kay, Inc., 501 So. 2d 459, 462 (Ala. 1986) (quoting World-wide Volkswagon Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980)).

## LEGAL ARGUMENT

The facts in this case do not support the Defendant's contention that there was a fraudulent joinder. The test for establishing fraudulent joinder is as follows: the removing party must show either: "(a) that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or, (b) that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." B, Inc. v. Miller Brewing Company, 663 F.2d 545, 549 (5th Cir. Unit A 1981). In the case at hand, Dora Bernard, the deceased Georgia resident, purchased the automobile which is the

subject of litigation only two (2) days before it was involved in a foreseeable rollover from Don Jackson Import Cars, another Georgia resident. All of these claims were specifically plead in the original complaint.

As this court is well aware, if any possible cause of action can be established, there can be no removal absent outright fraud in the plaintiff's pleadings. In the case at hand, there is certainly no fraud in the pleadings and the Plaintiff has alleged simple common law causes of action and AEMLD causes of action. The Defendant, Don Jackson Import Cars, was not fraudulently joined and this case should clearly be remanded. Dora Bernard was, as well as Don Jackson Import Cars, Inc., a resident of the state of Georgia. Therefore, there can be no complete diversity.

At the time of the filing of this complaint, Plaintiff attached emails which had taken place between Don Jackson Import Cars' employees and counsel for Plaintiff. (See attached hereto "Exhibit 5", Emails.) Clearly the emails alone constitute negotiations between Don Jackson Import Cars and residents of the state of Alabama. To contradict statements of its own employees, Don Jackson Import Cars and Defendants filed the affidavit of Derek Jackson. Special attention must be paid to the affidavit of Derek Jackson. The affidavit of Don Jackson Import Cars was very cleverly and craftily worded to avoid the specific language in *ex parte* Pope Chevrolet Inc., 555 So. 2d 109 (Ala. 1989). The defendant in *Pope* regularly sold to Alabama residents on an annual basis automobiles collectively worth more than $100,000.00. Butler v. Beer Across America, 83 F. Supp. 2d 1261 quoting Pope 555 So. 2d at 113 (Ala. 1989). In *Pope*, a Georgia automobile dealership filed a petition for writ of mandamus raising a question regarding *in personam* jurisdiction of a Georgia automobile dealership, Pope Chevrolet, Inc. Emmie Wallace, an Alabama resident who bought a pickup truck from Pope Chevrolet at its premises in Stone Mountain, Georgia, brought an action against Pope Chevrolet in the Circuit Court of Calhoun County,

6

Alabama alleging fraud and breach of contract.[1] In Pope's own affidavit and answers to interrogatories, it stated that it sells three hundred (300) to four hundred (400) new cars per month in addition to a number of used vehicles. It was estimated that no more than one-tenth (1/10th) of one(1) percent of total sales [are] to residents of the state of Alabama. It was estimated that from Pope Chevrolet's figures, Pope Chevrolet sells eight (8) or nine (9) cars per year to Alabama residents and that the income from those sales must exceed $100,000.00. Butler v. Beer Across America, 83 F. Supp. 2d 1261 quoting Pope 555 So. 2d at 113 (Ala. 1989). The court in *Pope* found that Pope Chevrolet was subject to *in personam jurisdiction* and must defend itself in the Circuit Court of Calhoun County, Alabama.

Additionally, Don Jackson Import Cars maintains an internet site which is more than a passive internet site or an electronic billboard for the posting of information. Don Jackson Import Cars regularly utilizes its internet site for the purposes of transacting and doing business with out-of-state residents, including residents of the state of Alabama. In *Pope,* the court went on to state that

> "After reviewing the record, we conclude that Wallace has shown that Pope Chevrolet has established at least a minimum contact with Alabama necessary to subject it to the jurisdiction of the courts of this state. Pope Chevrolet is a large volume dealership that does some of its business with residents of neighboring states, including Alabama. Subjecting Pope Chevrolet to jurisdiction in Calhoun County, Alabama dose not violate "fundamental fairness," because the Calhoun County courthouse is only approximately 100 miles from Pope Chevrolet's place of business, and almost the entire distance can be traveled on interstate highways. For the foregoing reasons, Wallace has shown that Pope Chevrolet has at least the minimum contact with this state necessary to subject it to *in personam* jurisdiction in this action. Knowles v. Moglin 553 So. 2d 563 (Ala.1989).

In this case before this Honorable Court, the Lowndes County courthouse is only approximately 167 miles from Don Jackson Import Cars and Don Jackson's business is only located approximately

---

[1] If Don Jackson Import Cars in its emails attached hereto as "Exhibit 5" were not telling the truth, then it appears that they had begun laying the foundation for claims arising out of intentional misrepresentations.

64.6 miles from the Alabama state line. Just as with the Pope case, almost the entire distance can be traveled on interstate highways. The accident happened in Lowndes County, Alabama with wrecker and tow truck drivers in Alabama being Lowndes County residents. The accident was also worked by Alabama State Troopers and Lowndes County Sheriff's deputies. (Attached hereto as "Exhibit 3", Accident Report.)

To survive a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff must demonstrate a *prima facie* case of personal jurisdiction, which requires the presentation of evidence sufficient to withstand a motion for a directed verdict. Butler v. Beer Across America, 83 F. Supp. 2d 1261 (11th Cir. 2000) citing Cable/Home Communication v. Network Productions, Inc., 902 F. 2d 829, 855 (11th Cir. 1990). In considering whether such a showing has been made the court must accept as true all uncontroverted facts alleged in the complaint and must also draw all reasonable inferences arising from controverted assertions of fact in the light most favorable to the plaintiff. Butler v. Beer Across America, 83 F. Supp. 2d 1261 (11th Cir. 2000) citing Robinson v. Giarmarco and Bill, P.C., 74 F. 3d 253, 255 (11th Cir. 1996). As stated earlier, the affidavit was craftily worded so that Don Jackson Import Cars only stated that it did not deliver cars to the state of Alabama which completely contradicts its own agent employee's earlier statements via the internet. Jackson also craftily stated that it never sold vehicles or otherwise transacted business **in** the state of Alabama. In the four (4) page affidavit of Derek Jackson, which was attached to the Defendants' motions, it never once stated that it did not sell automobiles to residents of the state of Alabama. **Clearly the inference** can be drawn that Jackson has sold automobiles to residents of the state of Alabama knowing that they would enter into the stream of commerce within the state of Alabama. Where individuals "purposely derive benefit" from their interstate activities, it may well be unfair to allow them to escape having to account in other states for consequences that arise proximately from such activities; the due process clause may not readily be

8

wielded as a territorial shield to avoid interstate obligations that have been voluntarily assumed. Lawry v. Owens, 621 So. 2d 1262 (Ala. 1993) (quoting Pope Chevrolet, supra.)

In Don Jackson's emails concerning selling automobiles to residents of different states and additionally implying that it would deliver automobiles to the state of Alabama, it is well aware that the automobiles would enter into the stream of commerce within the state of Alabama subjecting it to Alabama state law.

> "The stream of commerce refers not to unpredictable currents or eddies but to the regular and anticipated flow of products from manufacture to distribution to retail sales. As long as a participant in this process is aware that the final product is being marketed in the forum state, the possibility of a lawsuit there cannot come as a surprise. Nor would the litigation present a burden for which there is no corresponding benefit. A defendant who has placed goods in the stream of commerce benefits economically from the retail sale of the final product in the forum state, and indirectly benefits from the state's laws that regulate commercial activity. These benefits accrue regardless of whether that participant directly conducts business in the forum state, or engages in additional conduct directed toward the state. Accordingly, most courts and commentators have found that jurisdiction premised on the placement of a product into the stream of commerce is consistent with the due process clause, and have not required a showing of additional conduct." 480 U.S. at 117, 107 S. Ct. at 1035-36 (footnote omitted) as cited in Pope.

Defendants' counsel aggressively attacked Plaintiff's counsel concerning the emails and stating that Plaintiff has failed to provide any examples of prior sales to Alabama residents. The information of prior sales to Alabama residents is only known and can only be supplied by the Defendants themselves which would clearly, if there had not been, have been provided by Defendants. This is clearly a reasonable inference that can be drawn from the Defendants' pleadings and affidavits. Questions must be asked of ones self, "Was Don Jackson's employee not telling the truth via the internet when it was conducting business with a person which it knew to be a resident of the state of Alabama?"

Don Jackson has an internet site which it was using for the purpose of conducting business with Alabama residents. The issue of exercising personal jurisdiction over a defendant who operates on an internet website without other contacts with the forum state had been addressed in earlier cases. Courts addressing the issue of whether personal jurisdiction can be continually exercised over a defendant look to the "nature and quality of commercial activity that an entity conducts over the internet." Zippo Mfg. Co. v. Zippodotcom, Inc. 952 F. Supp. 1119, 1124 (W. D. Pa.1997) as quoted in Mink v. AAAA Development LLC, 190 F. 3d 333 (1999). *Mink* further stated "the *Zippo* decision categorized internet use into a spectrum of three (3) areas. At the one end of the spectrum, there are situations where a defendant clearly does business over the internet by entering into contracts with residents of other states which "involved knowing and repeated transmission of computer files over the internet...". Zippo, 952 F. Supp. at 1124. In this situation, personal jurisdiction is proper. See *Id.* (citing Compuserve, Inc. v. Patterson 89 F. 3d 1257 (6th Cir. 1996)). At the other end of the spectrum, there are situations where a defendant merely establishes a passive website that does nothing more than advertise on the internet. With passive websites, personal jurisdiction is not appropriate. See *Id.* (citing Bensusan Restaurant Corp. v. King, 937 F. Supp. 295 (SDNY 1996), *Aff'd*, 126 F. 3d 25 (2d Cir. 1997)). In the middle of the spectrum, there are situations where a defendant has a website that allows exchanges of information with a host computer. In this middle ground, "the exercise of jurisdiction is determined by the level of interactivity and commercial nature of the exchange of information that occurs on the website. *Id.* citing Maritz, Inc. v. Cybergold, Inc., 947 F. Supp. 1328 (E. D. Mo. 1996)). The court's reasoning of *Zippo* is persuasive and adopted it in the 5th Circuit. From Don Jackson's own actions, it has presented itself to this state not only under minimum contacts, specific personal jurisdiction, but those of general personal jurisdiction.

The "minimum contacts" aspect of the analysis can be established through "contacts that give

10

rise to 'specific' personal jurisdiction or those that give rise to 'general' person jurisdiction." Wilson v. Belin, 20 F. 3d 644, 648 (5th Cir. 1994). Specific jurisdiction exists when the non-resident defendants' contacts with the forum state arise from, or are directly related to, the cause of action. See *Id.* (citing Helicopteros Nacionales de Columbia, SA v. Hall, 466 U.S. 408, 414 n. 8, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984)). General jurisdiction exists when a defendant's contacts with a forum state are unrelated to the cause of action but are "continuous and systematic." See *Id.* (citing Helicopteros 466 U.S. 414 n. 9, 104 S. Ct. 1868). Don Jackson's own website allows users to interact with the company for purposes of looking at pre-owned vehicles, inventory, new vehicles, specials list, finance desk, protection plans, events, service center, parts, accessories, body shop, and career center as well as allowing customers to build their own deal as evidenced by the front page at internet website http://www.donjacksonmitsubishi.com. (Attached hereto as "Exhibit 6", Don Jackson Mitsubishi web page examples.) Don Jackson's website allows for the exchange of information for the purpose of conducting its business of selling and purchasing automobiles. Don Jackson's internet website even lists "Internet Prices" for people wishing to transact business with them over the internet. (Attached hereto as "Exhibit 7", Don Jackson website example page.) Don Jackson's internet website is used for generating income and is not a passive website.

      The Defendants' arguments are groundless, and are not made in good faith under the removal statute and, thus, the Motion to Dismiss and Motion to Quash Service of Process to Challenge In Personam Jurisdiction are meritless. The underlying motor vehicle accident that occurred in this case has many facts, twists and turns yet to be discovered. The Defendant, Don Jackson Import Cars, was in possession of the Plaintiff's Mitsubishi, which is the subject of this litigation, only two (2) days prior to this foreseeable rollover event which severed the deceased, Dora Bernard, completely in half <u>though she was belted at the time of the rollover and the belt itself remained buckled after the rollover event.</u>

This tragedy may have been avoided had Don Jackson Import Cars not acted negligently or wantonly or committed other wrongs under the AEMLD statute as alleged.

## CONCLUSION

Sufficient facts exist for Plaintiff to make good faith allegations for causes of action under Alabama common law, negligence, wantonness and claims under AEMLD stemming from a simple motor vehicle accident. Plaintiff has demonstrated that Don Jackson Import Cars is not a fraudulently joined defendant, that Alabama has personal jurisdiction over it and, thus, it must defend itself within the state of Alabama. The tragedy in this case is that Don Jackson derives benefits from its interstate activities with residents of the state of Alabama but attempts to escape from having to account for the consequences of its action by fraudulently hiding behind the due process clause.

Clearly, Plaintiff can prove a claim of negligence and/or wantonness and/or violations under the AEMLD pursuant to Alabama state law. That being the case before this court, the Plaintiff submits that this case is due to be remanded to Lowndes County Circuit Court and deny the Defendant, Don Jackson Import Cars, Inc.'s Motion to Dismiss and Motion to Quash Service of Process to Challenge In Personam Jurisdiction.

## COSTS AND ATTORNEYS' FEES

The Plaintiff respectfully requests that this Honorable Court assess costs and attorneys' fees against the removing Defendants. This case should not have been removed from the Circuit Court of Lowndes County, Alabama as there is no valid basis for removal. The Plaintiff has alleged state common law claims and AEMLD claims against the Defendant, Don Jackson Import Cars, Inc., which is a corporation located in the state of Georgia which is the same residence as the deceased, Dora Bernard. It has been shown that Don Jackson Import Cars clearly is subject to the laws of the state of Alabama and must defend its actions in the state of Alabama and more specifically, within the Circuit Court of

Lowndes County, Alabama. It cannot be fraudulent joinder of a defendant automobile dealership, such as Don Jackson Import Cars, who has sold a defective automobile which caused the death of Dora Bernard only two (2) days after it was purchased. **In most if not all automobile product liability cases, the dealership is a named defendant and is liable for the resulting damages.** The Defendants' only reason for seeking removal and dismissal was for the purpose of "forum shopping".

Since the enactment of *Judicial Improvements and Access to Justice Acts of 1998,* and the amendment therein of § 28 U.S.C. 1447(c), courts have interpreted §1447(c) to allow broad discretion to a judiciary court to determine whether to award attorneys' fees. Baleske v. Fairfield Communications, Inc., 17 F. 3d 321, 322 (10th Cir. 1994) cert. denied 114 S. Ct. 1832 (S. Ct. 1994). Numerous courts in the 11th Circuit have awarded attorneys' fees against a defendant because of improper removal. Monroe v. Langley, 95-D-697-E (M. D. Ala., Dec. 5, 1995) (dement, J.). Based upon the facts, the Plaintiff has proven a *prima facie* of *in personam jurisdiction.* Further, due to the complete lack of good faith in Defendants' removal of the subject case, Plaintiff prays for court cost and attorneys' fees to be granted in this cause. Plaintiff further requests and Order remanding this case back to the Circuit Court of Lowndes County, Alabama and denying the Defendants' Motion to Dismiss and Motion to Quash Service of Process to Challenge In Personam Jurisdiction.

**RESPECTFULLY** submitted this 4th day of May, 2006.

/s/ Michael G. Strickland
**MICHAEL G. STRICKLAND (STR032)**

/s/ Blaine C. Stevens
**BLAINE C. STEVENS (STE091)**
*Attorneys for Plaintiff*

**OF COUNSEL:**
STRICKLAND & KENDALL, LLC
Post Office Box 99
420 S. Lawrence Street
Montgomery, AL 36101-0099
(334) 269-3230
(334) 269-3239 fax

**CERTIFICATE OF SERVICE**

_____I hereby certify that a copy of the foregoing document was mailed, postage prepaid to the following on the 4th day of May, 2006.

D. Alan Thomas
Gregory L. Schuck
J. Brannon Maner
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484

Roger S. Morrow
Meredith Lee Tolar
Morrow, Romine & Pearson, P.C.
122 S. Hull Street
P.O. Box 4804
Montgomery, AL 36103-4804

Michael L. Bell
J. Chandler Bailey
Derrick Mills
Lightfoot, Franklin & White, LLC
The Clark Building
400 20th Street N.
Birmingham, AL 35203-3200

/s/ Michael G. Strickland
OF COUNSEL