IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **TRENESA THOMAS as the** | ) | |
| **Administrator for the estate of** | ) | |
| **DORA PARKER BERNARD,** | ) | |
| **now deceased,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: 2:06CV308-DRB** |
| | ) | |
| **MITSUBISHI MOTORS NORTH** | ) | |
| **AMERICA, INC.; et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS, MITSUBISHI MOTORS NORTH AMERICA, INC. AND TAKATA CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

COMES NOW Defendants, **Mitsubishi Motors North America, Inc.** (hereinafter "MMNA"), a corporation, and **Takata Corporation** (hereinafter "Takata Corp."), a corporation, and submit this Opposition to Plaintiff's Motion to Remand, and respectfully show unto the Court as follows:

### INTRODUCTION AND STATEMENT OF FACTS

This civil action, entitled, *Trenesa Thomas as the Administrator for the estate of Dora Parker Bernard, now deceased, v. Mitsubishi Motor[s] North America, Inc.; et al.,* bearing Case Number CV-06-23, was brought in the Circuit Court of Lowndes County, Alabama. This lawsuit arises from an automobile collision that occurred on or about March 7, 2004, in Lowndes County, Alabama while Dora Bernard was traveling on Interstate 65 in the subject vehicle, a 2003 Montero Sport bearing VIN: JA4L521H43J001667. This civil action involves allegations of product liability and

purports to assert claims of negligence and/or wantonness; strict liability under the Alabama Extended Manufacturers Liability Doctrine (AEMLD); and recovery pursuant to § 6-5-410, *Code of Alabama (1975)*, also known as the Alabama Wrongful Death Act. Said action was commenced by the filing of the Complaint against the defendants on March 2, 2006, and was timely removed by all named defendants[1] pursuant to 28 U.S.C. §§ 1441 and 1446, by the filing of Notice of Removal on April 5, 2006.  On April 5, 2006, Don Jackson Import Cars consented in the Notice of Removal and filed a Special Appearance for the Limited Purpose of Filing a Motion to Dismiss and Motion to Quash Service of Process to Challenge *In Personam* Jurisdiction Over this Defendant.  On May 4, 2006, Plaintiff filed her Motion to Remand and Plaintiff's Brief in Support of Motion to Remand and Plaintiff's Response to Defendants' Motion to Dismiss and Motion to Quash Service of Process to Challenge *In Personam* Jurisdiction (hereinafter referred to as "Plaintiff's Brief in Support of Motion to Remand").

The Complaint alleges that Plaintiff, Trenesa Thomas, is the duly appointed Administrator of the Estate of Dora Bernard who was a resident citizen of the State of Georgia at the time of her death.  Thus, Plaintiff is deemed to be a resident citizen of the State of Georgia.  As provided in the Notice of Removal, all named defendants, with the exception of Don Jackson Import Cars, Inc. (hereinafter "Don Jackson Import Cars"), are resident citizens of states other than the State of Georgia.  Therefore, Don Jackson Import Cars is the only named non-diverse defendant.  Further, it is undisputed that neither the Plaintiff nor any named defendants are resident citizens of the forum State of Alabama.

---

[1]    Counsel for Plaintiff and Counsel for Mitsubishi Corporation, Irvin Automotive Products Inc., TK Holdings Inc., Takata Restraint Systems Inc. and Takata Seat Belts Inc. have entered into and filed a Joint Stipulation of Dismissal voluntarily releasing each entity.  Defendant Don Jackson Import Cars, Inc. specially appears and joins in this Opposition to Plaintiff's Motion to Remand through its separately filed Joinder in Opposition to Plaintiff's Motion to Remand.

Although Plaintiff asserts in her Complaint at paragraph 10 that "Defendant Don Jackson Import Cars, Inc. [] at all material times was doing business by agent in the State of Alabama", this is simply untrue. Don Jackson Import Cars is a corporation organized and existing under the laws of the State of Georgia with its principal place of business in the State of Georgia. Don Jackson Import Cars is located in Union City, Georgia, where it conducts its business as an automobile dealership. (See Aff. Derek Jackson, General Manager of Don Jackson Import Cars, Inc., at ¶ 3, attached to Notice of Removal as Ex. "C" and attached hereto as Ex. "1"). Don Jackson Import Cars does not now, nor has it ever had any offices, employees or agents located in, or doing business in the State of Alabama. (See Aff. Derek Jackson at ¶ 5, attached hereto as Ex. "1"). Likewise, Don Jackson Import Cars does not now, nor has it ever sold a vehicle in Alabama or allowed an Alabama resident who purchased a vehicle from Don Jackson Import Cars to take delivery in Alabama. (See Aff. Derek Jackson at ¶¶ 5, 7, 8, attached hereto as Ex. "1"). Don Jackson Import Cars does not now nor has it ever marketed or advertised in the State of Alabama. (See Aff. Derek Jackson at ¶ 6, attached hereto as Ex. "1").

However, in the present case, counsel for Plaintiff attached emails that he made from his personal computer to Don Jackson Import Cars less than three (3) weeks after the subject collision occurred where counsel for Plaintiff misleadingly stated his interest in negotiating for the purchase of a vehicle with Don Jackson Import Cars. (See Compl. at n.1 and Ex. 1, attached to Notice of Removal as Ex. "B"). To Defendants' knowledge, no vehicle was purchased by counsel for Plaintiff and such inquiry into how a vehicle, if in fact purchased from Don Jackson Import Cars, would be sent to an Alabama resident from Don Jackson Import Cars appears to have taken place for the self-serving reason to

attempt to "create" a contact regarding whether *in personam* jurisdiction exists for Don

Jackson Import Cars in the forum State of Alabama. Counsel for Plaintiff attaches reply

emails, allegedly sent by staff of Don Jackson Import Cars, providing that Don Jackson

Import Cars ships cars "all over the country, to Calif[ornia], Ariz[ona], Ohio, NY, Fla.,

etc." in an attempt to show that a purchased vehicle could be sent to Alabama. (See

Compl. at Ex. 1, attached to Notice of Removal as Ex. "B"). However, Plaintiff fails to

provide any examples of prior sales to Alabama residents; prior sales where the purchase

of the vehicle took place in Alabama; or prior sales where the purchaser took possession

of the vehicle in Alabama. (See Compl. at n.1 and Ex. 1, attached to Notice of Removal

as Ex. "B"). Clearly stated, Plaintiff has failed to show that Don Jackson Import Cars has

initiated any contact with the State of Alabama. As a result, *in personam* jurisdiction

does not exist over Don Jackson Import Cars in the State of Alabama and this matter

should <u>not</u> be remanded to an Alabama court that lacks jurisdiction over a named

defendant. Thus, Don Jackson Import Cars has been fraudulently joined and its residency

should not be considered for diversity purposes.

## <u>REMAND STANDARD</u>

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life*

*Ins. Co. of America*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095

(11th Cir. 1994). As such, federal courts only have the power to hear cases that they have

been authorized to hear by the Constitution or the Congress of the United States. *See*

*Kokkonen*, 511 U.S. at 377. Although the federal courts favor remand of removed cases

where federal jurisdiction is not absolutely clear, this Court has provided that "[i]f the

defendant presents evidence on a point, a court cannot 'resolve the facts in the plaintiffs'

favor based solely on the unsupported allegations in the Plaintiffs' complaint." *See Moses v. Allstate Indemnity Co., et al.,* 2006 WL 1361131, slip op. at *4 (M.D. Ala. May 17, 2006) (quoting *Legg v. Wyeth,* 428 F.3d 1317, 1323 (11th Cir. 2005)). Furthermore, the Eleventh Circuit has explained that "[t]he determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Legg v. Wyeth, supra,* 428 F.3d at 1322 (quoting *Pacheco de Perez v. AT&T Co.,* 139 F.3d 1368, 1380 (11th Cir.1998)). As such, fraudulent joinder is a judicially-created doctrine that provides an exception to the requirement of complete diversity for removal purposes. *See Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998).

## ARGUMENT AND CITATIONS OF AUTHORITY

In the present case, all named defendants are resident citizens of states other than the forum State of Alabama, as provided in detail in the defendants' Notice of Removal. Likewise, Plaintiff was not a resident citizen of the forum State of Alabama either at the time she purchased the subject vehicle from Don Jackson Import Cars or at the time of the subject accident on or about March 4, 2004. Plaintiff was a resident citizen of the State of Georgia at the time of her death. Simply stated, Plaintiff's attempt to argue whether a viable state law claim exists against Don Jackson Import Cars is moot based on a determination that *in personam* jurisdiction does not exist over Don Jackson Import Cars in the State of Alabama. Thus, no cause of action can be properly sought or enforced against such non-resident defendant in an Alabama court and any attempt to include Don Jackson Import Cars as a named defendant in order to destroy complete

diversity falls under fraudulent joinder. In the alternative, even if *in personam* jurisdiction existed, which it does not, Plaintiff has also failed to prove that a cause of action exists against Don Jackson Import Cars.

## I.    PLAINTIFF'S CLAIMS AGAINST DON JACKSON IMPORT CARS FALL DIRECTLY UNDER THE ELEVENTH CIRCUIT'S DESCRIPTION OF FRAUDULENT JOINDER

Fraudulent joinder is found in three instances: first, where there is no possibility that the plaintiff can establish a cause of action against the non-diverse defendant in state court; second, where there has been outright fraud in the plaintiff's pleadings of jurisdictional facts; and third, where a diverse defendant is joined with a non-diverse defendant to whom there is no joint, several or alternate liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant. *See, e.g, B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981) (providing a description of the first and second type of fraudulent joinder), *Keating v. Shell Chemical Co.*, 610 F.2d 328 (5th Cir. 1980) (providing same) and *Triggs, supra,* 154 F.3d at 1287 (adding the third type of fraudulent joinder).

The first two types of fraudulent joinder, discussed *supra*, are present in this action. Plaintiff has failed to show, and cannot show, that *in personam* jurisdiction exists over Don Jackson Import Cars in the State of Alabama, and, as such, clearly falls within the first category of fraudulent joinder where there is no possibility that the Plaintiff would be able to establish a cause of action against the defendant in state court where the state court lacks *in personam* jurisdiction over the named defendant. Furthermore, although Plaintiff repeatedly states in her Brief in Support of Motion to Remand that the subject accident occurred two (2) days after the subject Montero Sport was purchased,

Plaintiff fails to show how this is relevant to whether a viable claim exists against Don Jackson Import Cars. In addition, although counsel for Plaintiff attempts to create *in personam* jurisdiction between Don Jackson Import Cars and the forum State of Alabama, his actions do not suffice to show that Plaintiff can establish a cause of action against the non-diverse defendant, Don Jackson Import Cars, in state court in Alabama. Second, Plaintiff's assertion in her Complaint at paragraph 10 that Don Jackson Import Car "at all material times was doing business by agent in the State of Alabama" is simply incorrect. As such, counsel for Plaintiff's attempt to create jurisdiction clearly falls within the "outright fraud in the plaintiff's pleading of jurisdiction facts" that the Eleventh Circuit and others have deemed to be fraudulent joinder.

The test or standard used in Alabama courts pursuant to *Ala. R. Civ. P.* 4.2 for determining whether *in personam* jurisdiction exists for a non-Alabama defendant is the same due process analysis adopted by the federal courts following *International Shoe Co. v. Washington,* 326 U.S. 310 (1945), *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286 (1980), and their progeny based on the due process protections under the Fourteenth Amendment. *See Ex parte Troncalli Chrysler Plymouth Dodge, Inc.*, 876 So. 2d 459 (Ala. 2003), *Sudduth v. Howard*, 646 So. 2d 664, 667 (Ala. 1994). Simply stated, the present case is extremely similar to *World-Wide Volkswagen,* a landmark case where the United States Supreme Court held that a lack of minimum contacts was found for the State of Oklahoma to exercise jurisdiction over a New York automobile retailer and distributor. Specifically, the United States Supreme Court in *World-Wide Volkswagen* stated:

> Petitioners [New York dealer and distributor] carry on no activity whatsoever in Oklahoma. They close no sales and

> perform no services there. They avail themselves of none
> of the privileges and benefits of Oklahoma law. They
> solicit no business there either through salespersons or
> through advertising reasonably calculated to reach the
> [forum] State. Nor does the record show that they regularly
> sell cars at wholesale or retail to Oklahoma customers or
> residents or that they indirectly, through others, serve or
> seek to serve the Oklahoma market.

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980); *see also Ex parte Pope Chevrolet, Inc.*, 555 So. 2d 109, 110 (Ala. 1989) (quoting the same).

Likewise, the Supreme Court of Alabama in *Ex parte Covington Pike Dodge, Inc.*, 904 So. 2d 226, 230 (Ala. 2004), held that *in personam* jurisdiction did not exist over a Tennessee automobile dealership that sold an automobile to a Mississippi resident where the Mississippi resident was involved in an automobile accident in Alabama. The defendant automobile dealership filed a motion to dismiss with the Marion County Circuit Court based on lack of *in personam* jurisdiction, and the trial court denied the defendant's motion. *Id.* at 228. The defendant dealership then filed a petition for a writ of mandamus with the Alabama Supreme Court requesting it to direct the trial court to vacate its order and to enter an order of dismissal. *Id.* The Supreme Court of Alabama granted defendant's petition and issued the writ directing the trial court to vacate its order and enter an order of dismissal based on the lack of personal jurisdiction over the foreign defendant. *Id.*

In reaching its decision, the Supreme Court of Alabama relied heavily on the following factors: (1) defendant Covington Pike Dodge was a Delaware corporation with its principle place of business located in Tennessee; (2) Covington Pike had no offices located outside of Memphis, Tennessee; (3) Covington Pike's primary corporate purpose was to sell and service vehicles in Tennessee; (4) Covington Pike did not conduct any

business of any kind within the State of Alabama; (5) Covington Pike was not qualified to do business in Alabama and had not availed itself of the privilege of conducting business in Alabama; (6) Covington Pike did not have a dealership in Alabama; (7) Covington Pike did not have any employees in Alabama; (8) Covington Pike did not own any real property or personal property in Alabama; and (9) Covington Pike did not advertise its services in Alabama.  *Id.* at 231.  All these factors were submitted by affidavit testimony to defendant's motion to dismiss. *Id.*

Similarly, Don Jackson Import Cars is not located in the forum State of Alabama but is located in Union City, Georgia, where it conducts its business as an automobile dealership. (See Aff. Derek Jackson, General Manager of Don Jackson Import Cars, Inc., at ¶ 3, attached hereto as Ex. "1").  Don Jackson Import Cars does not now, nor has it ever had any offices, employees or agents located in, or doing business in the State of Alabama.  (See Aff. Derek Jackson at ¶ 5, attached hereto as Ex. "1").  Likewise, Don Jackson Import Cars does not now, nor has it ever sold a vehicle in Alabama or allowed an Alabama resident who purchased a vehicle from Don Jackson Import Cars to take delivery in Alabama.  (See Aff. Derek Jackson at ¶¶ 5, 7, 8, attached hereto as Ex. "1").  Don Jackson Import Cars does not now nor has it ever marketed or advertised in the State of Alabama.  (See Aff. Derek Jackson at ¶ 6, attached hereto as Ex. "1").  Thus, similar to the holding in *World-Wide Volkswagen* and *Ex parte Covington Pike Dodge*, a lack of personal jurisdiction exists for an Alabama court to exercise jurisdiction over Don Jackson Import Cars.

Along these same lines and as this Court is well aware, the United States Supreme Court has identified two types of *in personam* jurisdiction: specific and general

jurisdiction. *See Huey v. Am. Truetzschler Corp.*, 47 F. Supp. 2d 1342, 1346 (M.D. Ala. 1999) (holding that a German manufacturer of a textile processing machine had sufficient minimum contacts with Alabama for court to exercise personal jurisdiction, in products liability action related to machine only where manufacturer <u>knew</u> that its sales representative would likely <u>sell its product in Alabama, manufacturer shipped machine to Alabama purchaser, and manufacturer's representatives visited purchaser in Alabama</u> to discuss safety improvements to machine) (emphasis added) (citing *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 nn. 8, 9, 104 S. Ct. 1868, 1872 nn. 8, 9, 80 L. Ed. 2d 404 (1984)). In direct contrast, the sell/purchase of the subject vehicle occurred in Georgia between a Georgia resident citizen and a Georgia automobile dealership. Further, Don Jackson Import Cars did not ship the subject vehicle to Alabama, nor has it ever shipped automobiles to the State of Alabama or provide service to a vehicle in Alabama. Clearly stated, *in personam* jurisdiction in the State of Alabama does not exist over Don Jackson Import Cars under either specific or general jurisdiction.

> A.     Specific *in personam* jurisdiction does not exist between the State of Alabama and Don Jackson Import Cars.

The United States Supreme Court in *Helicopteros* explained that a forum state exercises specific jurisdiction in a suit "arising out or related to the defendant's contacts with a forum." 466 U.S. at 414, n. 8. More importantly, the Court did not state that specific jurisdiction is conferred in cases simply because an injury occurs in that forum state. *See Yates v. Motivation Ind. Eq. Ltd.*, 38 Fed. Appx. 174, 178 (4th Cir. 2002) (citing *Helicopteros, supra,* 466 U.S. at 414. n.8). Likewise, this Court has provided that to constitute "minimum contacts" for purposes of specific *in personam* jurisdiction, each non-resident defendant's contacts with the applicable forum must satisfy three criteria:

first, the specific contacts with the forum must be related to the plaintiff's cause of action or have given rise to it; second, the contacts must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum, thus invoking the benefits and protections of its laws; and third, the contacts must be such that the defendant should reasonably anticipate being haled into court in the forum. *See Huey v. Am. Truetzschler Corp.*, 47 F. Supp. 2d 1342, 1346 (M.D. Ala. 1999) (citing *Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1546 (11th Cir. 1992), *cert. denied*, 508 U.S. 907 (1993)).

It is undisputed that the subject vehicle was purchased at Don Jackson Import Cars in Union City, Georgia. It is also undisputed that Don Jackson Import Cars did not have any contact with the forum State of Alabama regarding the purchase, sell, or delivery of the subject vehicle to Ms. Bernard, who was a Georgia resident at the time of purchase and delivery. Thus, Don Jackson Import Cars does not meet any of the three due process requirements delineated in *Vermeulen v. Renault, U.S.A., Inc.* by the Eleventh Circuit or by this Court in *Huey v. Am. Truetzschler Corp.* Therefore, *in personam* jurisdiction in the State of Alabama does not exist for Don Jackson Import Cars based on this Court's well-established criteria for specific jurisdiction.

B.    "Systematic and continuous" contacts do not exist between the State of Alabama and Don Jackson Import Cars.

General jurisdiction may be exercised when a defendant's contacts with the forum are sufficiently numerous, purposeful, and continuous, as to render fair an assertion of power over the defendant by that state's courts no matter the nature or extent of the relationship to the forum entailed in the particular litigation. *See Butler v. Beer Across America*, 83 F. Supp 2d 1261, 1264 (N.D. Ala. 2000) (citing *Helicopteros, supra,* 466

U.S. at 414-15 n. 9). Plaintiff throughout her Brief in Support of Motion to Remand cites to and relies upon language from *Butler v. Beer Across America*; however, Plaintiff fails to inform the court that the Northern District held that a <u>lack</u> of *in personam* jurisdiction existed where a minor purchased beer over the Internet from an Illinois company. *Id.* at 1269. The Northern District of Alabama distinguished the facts of *Butler* from those of other cases that Plaintiff relies upon, such as *Ex parte Pope Chevrolet, Inc.*, 555 So. 2d 109 (Ala. 1989), because the non-resident defendant in *Butler* did not advertise in markets directed to Alabama residents. *Id.* at 1267. Similar to the defendant in the *Butler* case, Don Jackson Import Cars does not now, nor has it ever advertised in Alabama or directed any advertisements to Alabama residents. (See Aff. Derek Jackson at ¶ 6, attached hereto as Ex. "1").

Another factor considered under the general jurisdiction analysis is whether the non-resident defendant purposefully availed itself to the benefits of the forum state, and as a result, whether notions of fair play and substantial justice would be offended if the non-resident defendant was haled into court in the forum state. *See id.* at 1268 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985). As such, it should be noted that the Supreme Court of Alabama has provided that "<u>something more</u> than an isolated contact initiated by an in-state plaintiff is required to satisfy the 'purposeful-availment' prong of the due-process analysis." *Ex parte Troncalli Chrysler Plymouth Dodge, Inc.*, 876 So. 2d 459, 465 (Ala. 2003) (emphasis added). Furthermore, the Supreme Court of Alabama has stated that "a sale compromising no more that an 'isolated' or 'attenuated' single transaction ... has always been deemed inadequate to satisfy due process." *Id.* at 464

(citing *Chung v. NANA Dev. Corp.*, 783 F.2d 1124, 1126 (4th Cir. 1986)).

Similarly, Plaintiff has provided only an "isolated" negotiation between Don Jackson Import Cars and an Alabama resident. In fact, the so-called negotiation is nothing more than a fake negotiation made by counsel for Plaintiff in order to take a swing at creating a contact between Don Jackson Import Cars and the forum State of Alabama. Most importantly, no transaction occurred; thus, no true contact in regards to the sell or purchase of an automobile ever took place. The only so-called contact that Plaintiff provides is a self-serving, mock negotiation performed via email by counsel for Plaintiff after the subject accident but before the law suit was brought. Such an attempt to create *in personam* jurisdiction should not suffice as "sufficient minimum contacts" required under the due process protections that the United States Supreme Court established in the line of cases of *International Shoe, World-Wide Volkswagen, Burger King Corp.*, and their progeny.

Along those same lines, the Supreme Court of Alabama provided that "[o]f particular relevance is whether the plaintiff initiated the sale or contact." *Troncalli, supra,* 876 So. 2d at 465 (citing *Madison Consulting Group v. South Carolina*, 752 F.2d 1193) (7th Cir. 1985) and *Regent Lighting Corp. v. Am. Lighting Concept, Inc.*, 25 F. Supp. 2d 705 (M.D.N.C. 1997) ("the contacts to be considered for purposes of personal jurisdiction are those actually generated by [d]efendants, not those created by the unilateral acts of Plaintiff")) (emphasis added). It is well-established that in order for an Alabama court to exercise jurisdiction over a foreign defendant "the nexus between the defendant and the forum state must arise out of 'an action of the defendant [that was] purposefully directed toward the forum State.'" *Ex parte Covington Pike Dodge, Inc.*, 904

So. 2d 226, 230 (Ala. 2004) (quoting *Elliott v. Van Kleef*, 830 So. 2d 726, 731 (Ala. 2002) (quoting *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 112 (1987)). "'This purposeful-availment requirement assures that a defendant will not be haled into a jurisdiction as a result of "the unilateral activity of another person or a third person."' *Ex parte Covington Pike Dodge, Inc.*, 904 So. 2d 226, 230 (Ala. 2004) (quoting *Elliott*, 830 So. 2d at 731) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

It is undisputed that <u>counsel for Plaintiff initiated the contact via email with Don Jackson Import Cars</u>. As such, Plaintiff has failed to show <u>any</u> contact initiated by Don Jackson Import Cars to an Alabama resident regarding the sale or purchase of any automobile. Therefore, Plaintiff's only so-called contact by an Alabama resident with Don Jackson Import Cars is an email chain initiated by counsel for Plaintiff whereby a purchase of a vehicle never occurred. Likewise, it should be noted that emails sent by counsel for Plaintiff were made after the subject accident. *See Yates v. Motivation Ind. Eq. Ltd.*, 38 Fed. Appx. 174, 178 (4th Cir. 2002) (stating that sales occurring after plaintiff's death could not be considered as to arise from or relate to the contacts considered in the case in determining whether *in personam* jurisdiction was lacking). Any attempt by counsel for Plaintiff to <u>create</u> contacts after the subject accident should not be considered in determining that the State of Alabama lacks jurisdiction over Don Jackson Import Cars.

The present case is also analogous to that of *Legg v. Wyeth*, 428 F.3d 1317 (11th Cir. 2005). In *Legg*, plaintiffs sued after allegedly developing valvular heart disease from an anti-obesity drug. Plaintiffs named in-state sales representative alleging negligent

misrepresentation.   The removing defendants attached affidavits in which the sales

representative stated she "was not expected, as a field service representative, to conduct

independent research regarding the drugs [she] detailed...and was not aware of any

alleged association between [the drugs] and valvular heart disease." *Id.* at 1321.   The

court found for the defendants holding "[W]hen the [d]efendants' affidavits are

undisputed by the [p]laintiffs, the court cannot resolve the facts in the [p]laintiffs' favor

based solely on the unsupported allegations in the [p]laintiffs' complaint." *Id.* at 1323.

Additionally, the *Legg* court cited the Fifth Circuit in stating:

> While such a procedure requires that all disputed questions
> of fact be resolved in favor of the nonremoving party, as
> with a summary judgment motion, in determining diversity
> the mere assertion of <u>metaphysical doubt</u> as to the material
> facts [is] insufficient to create an issue if there is no basis
> for those facts.

*Id.* at 1323 quoting *Badon v. RJR Nabisco, Inc.,* 224 F.3d 382, 393-94 (5th Cir. 2000)
(emphasis added).

Such is the case here.   Plaintiff asks this Court to accept her unsupported

allegations of jurisdiction based on emails <u>initiated</u> by her attorney in the guise of a mock

negotiation with Don Jackson Import Cars.   The sworn testimony before this Court

establishes that Don Jackson has never conducted business in Alabama, never targeted

Alabama residents or even initiated contact with forum State of Alabama or its residents

thereof. (See Aff. of Derek Jackson, attached hereto as Ex. 1).   As the Eleventh Circuit

pointed out in *Legg*, Plaintiff's bald assertion in the face of this evidence does not create

a question of fact and therefore Plaintiff's Motion to Remand should be denied.

In contrast, Plaintiff attempts to analogize the current case with *Ex parte Pope

Chevrolet* by providing maps and directions from Don Jackson Import Cars to the Circuit

Court of Lowndes County, Alabama, to provide that the distance from Don Jackson Import Cars to the Circuit Court of Lowndes County, Alabama is approximately 170 miles. (See Exs. 1 and 2 attached to Pl. Br. in Support of Mot. to Remand). In doing so, Plaintiff relies on nothing more than an unsupported assumption that a court should exercise jurisdiction over a non-resident defendant 170 miles from the state courthouse where the action is pending simply based on the language of *Ex parte Pope Chevrolet* where an Alabama court held that *in personam* jurisdiction existed over a non-resident defendant located approximately 100 miles from the state courthouse where the action was filed. Such reliance is misguided.

First, assuming Plaintiff's approximation of 170 miles to be true, then the distance in the present case is 1.7 times the distance involved in *Ex parte Pope Chevrolet*. Next, as this Court is aware, the distance of 100 miles, not 170 miles, is the threshold of how far a witness subject to subpoena from an Alabama court must travel to attend trial. *See Ala. R. Civ. P.* 45(c)(3)(B). As such, a reasonable inference can be made that an Alabama court who considered *in personam* jurisdiction to exist over a non-resident defendant 100 miles away is likely not to apply such a broad standard to a non-resident defendant 170 miles away. Therefore, Plaintiff's reliance on *Ex parte Pope Chevrolet* ignores the fact that a threshold of 100 miles applies to the subpoena power of an Alabama state court and may also apply to a court's determination of *in personam* jurisdiction. In doing so, Plaintiff tries to cast a broad net over non-resident defendants based solely on distance although the distance in the current case is substantially greater than the 100 miles at issue in *Ex parte Pope Chevrolet*.

As such, clearly, Plaintiff has failed to show that Don Jackson Import Cars has

numerous, purposeful, and continuous contacts with the State of Alabama to suffice for a finding of general jurisdiction.   As a result, the State of Alabama lacks general jurisdiction over Don Jackson Import Cars and a cause of action cannot be enforced in an Alabama state court falling under the first category of fraudulent joinder.   Likewise, Plaintiff's reliance on emails initiated by counsel for Plaintiff to Don Jackson Import Cars also falls under fraudulent joinder as outright fraud in the plaintiff's pleadings of jurisdictional facts.   In addition, Plaintiff's assertion that Don Jackson Import Cars "was doing business by agent in the State of Alabama" at all material times is clearly untrue and unsupported and, therefore, also falls under the second category of fraudulent joinder regarding outright fraud in the plaintiff's pleadings of jurisdictional facts.   Therefore, the residency of Don Jackson Import Cars should not be considered for diversity purposes as it falls under fraudulent joinder.

## II.    DON JACKSON IMPORT CARS' WEBSITE DOES NOT CONSITUTE SUFFICIENT MINIMUM CONTACTS

To counsel's knowledge the Eleventh Circuit has not expressly adopted the three categories of Internet presence used in evaluating *in personam* jurisdiction as laid out in *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119 (W.D. Pa. 1997) and adopted by the Fifth Circuit in *Mink v. AAAA Development LLC*, 190 F.3d 333, 3336 (5th Cir. 1999).   Regardless of whether or not these three categories are applied to the present case, Don Jackson Import Cars' website does not result in a finding of *in personam* jurisdiction.

The Northern District of Alabama in *Butler v. Beer Across America*, in describing the categories set out in *Zippo*, as adopted in *Mink*, provided that (1) jurisdiction is proper when the "defendant clearly does business over the Internet by entering into contracts

with residents of other states which 'involve the knowing and repeated transmission of computer files over the Internet;" (2) that *in personam* jurisdiction is improper when the non-resident defendant has established a passive website, which acts as little more than an electronic billboard for posting information; and (3) a gray area in between "'where a defendant has a website that allows a user to exchange information with a host computer[2]'; there, the determination [of *in personam* jurisdiction] turns on the nature of the information submitted and on the degree of interaction." *Butler*, 83 F. Supp. 2d at 1268 (quoting *Zippo*, 952 F.Supp. at 1124 and *Mink*, 190 F.3d at 336).

Don Jackson Import Cars' website does allow for a prospective customer to do many things such as browse inventory and search for a particular vehicle where the price is shown. However, such activity does not suffice to show sufficient contacts and can be described as "Internet advertising over a web site [which] falls under the same rubric as advertising in a national publication." *Troncalli*, 876 So. 2d at 465. Don Jackson Import Cars' website also allows viewers to request information and leave contact information regarding inquiry into a certain vehicle and for inquiry of financing regarding the same. However, Plaintiff takes this availability of the website to send and receive information as sufficient evidence to conclude that the website is not a passive website and therefore must be considered as doing business in Alabama for purposes of *in personam* jurisdiction. Such a conclusion is incorrect.

Plaintiff completely skips the analysis of whether Don Jackson Import Cars' website falls within the "interactive" sites "constituting the majority of Internet sites"

---

[2]    It should be noted that Don Jackson Import Cars maintains an informational website that is hosted by an independent company; however, Don Jackson Import Cars' website is not now, nor has it ever been hosted by a company in the State of Alabama or hosted on a computer located in the State of Alabama. (See Aff. of Derek Jackson at ¶ 10, attached hereto as Ex. "1").

*See* Stephen J. Newman, *Proof of Jurisdiction in the Internet Age*, 59 Am. Jur. Proof of Facts 3d 1 (stating that any site whereby the product of service sold "such as a paper book or automobile cannot be directly transmitted via the Internet" falls within the grey area where the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the website). This third category falls within a "sliding scale" where it is critical to develop facts relating both to <u>traditional contacts between the defendant and the forum,</u> as well as relating to the nature and degree of the defendant's Internet presence within the forum state. *Id.* (Emphasis added). As such, the above-stated analysis discussed *supra* at II. is clear that Don Jackson Import Cars does not satisfy the traditional contacts required for *in personam* jurisdiction to exist.

Likewise, the limited interaction available on Don Jackson Import Cars' website does not warrant a finding of *in personam* jurisdiction especially where Don Jackson Import Cars' website does not specifically solicit business from Alabama residents and only provides interaction in regards to gathering information via email <u>initiated</u> by the viewer to Don Jackson Import Cars. *See Ragonese v. Rosenfeld*, 722 A.2d 991 (N.J. Super. Ct. Law. Div. 1998) (holding that a website maintained by the defendant was not a sufficient basis for an exercise of personal jurisdiction where the web page did not directly solicit forum-state customers, did not provide information aimed specifically at forum-state residents and customers were not allowed to actually book the airline services over the Internet) and *No Mayo—San Francisco v. Memminger*, 1998 WL 544974 (N.D. Cal. 1998) (holding that defendants' contacts with the plaintiff in the forum state were limited to the possibility of engaging in future business and there was no evidence that the defendants entered into any contracts or made any sales in the forum state based;

therefore, defendants did not purposefully avail themselves of the privilege of doing business in the forum state especially where the court concluded that no solicitation made on defendants' website was specifically directed at forum state residents). Don Jackson Import Cars website does not "conduct business" in the State of Alabama as Plaintiff alleges nor does it specifically seek business from Alabama residents. Therefore, *in personam* jurisdiction cannot be found simply because Don Jackson Import Cars' website allows minimal interaction among viewers and the host computer located in the State of Georgia.

### III.    PLAINTIFF IS NOT ENTITLED TO COSTS WHERE REMOVAL WAS SOUGHT IN GOOD FAITH AND WAS NOT "PATENTLY LACKING"

Even if this Court were to grant Plaintiff's Motion to Remand, which it should not based on the foregoing reasons, the Plaintiff is not entitled to an award of costs and fees. The removal by these Defendants was sought in good faith and was based on the Plaintiff's fraudulent joinder of Don Jackson Import Cars because the Circuit Court of Lowndes County, Alabama, lacks *in personam* jurisdiction over Don Jackson Import Cars. In *Whitlock v. Jackson National Life Insurance Co.*, 32 F.Supp.2d 1286 (M.D. Ala. 1998), this Court held that the award of costs and fees to the plaintiff after a successful motion to remand is "within the sole discretion of the trial court." *Id.* at 1293. This Court in *Whitlock* stated that the standard that has emerged is whether "from aught that appears, the defendants … have acted reasonably on the basis of the information available at the time of removal." *Id.* (quoting *Howard Griggs Trucking, Inc. v. American Central Ins. Co.*, 894 F.Supp. 1503, 1510 (M.D. Ala. 1995)); *see also Bedford v. Connecticut Mut. Life Ins. Co.*, 916 F.Supp 1211, 1217 (M.D. Ala. 1996) (stating that "removal jurisdiction was not 'patently lacking' because the issue of whether diversity jurisdiction exists … is

far from a simple determination."). In *Whitlock*, this Court ultimately denied plaintiffs'
request for attorney fees and costs where "removal jurisdiction was not 'patently lacking'
because Defendant [] acted reasonably on the basis of the information available at the
time of removal." *Whitlock*, 32 F.Supp.2d at 1293. Similarly, the removal in the present
case was filed in good faith and was not "patently lacking" because an Alabama state
court does not have *in personam* jurisdiction over Don Jackson Import Cars. As a result,
Defendants' Notice of Removal was properly filed based on the information available at
the time of removal regarding Don Jackson Import Cars being fraudulently joined.
Therefore, these Defendants respectfully request that this Honorable Court deny
Plaintiff's request for the award of costs and fees regarding these Defendants properly
removing the case pursuant to 28 U.S.C. §§ 1441 and 1446.

## CONCLUSION

Plaintiff's Motion to Remand is due to be denied where the underlying facts
clearly establish that an Alabama court lacks *in personam* jurisdiction over Don Jackson
Import Cars, Inc.; thus, resulting in complete diversity among the parties. In addition,
there has been an outright fraud in the Plaintiff's pleading of jurisdictional facts where
Plaintiff relies solely on emails initiated by counsel for Plaintiff in an attempt to show
sufficient contacts with Don Jackson Import Cars, Inc. and the State of Alabama. Such
an approach is misguided and should not be allowed for counsel to attempt to create
jurisdiction; thus, Don Jackson Import Cars, Inc. was fraudulently joined as it does not do
business in the State of Alabama, as Plaintiff alleged, nor does now, or has it ever,
initiated any contacts with the State of Alabama or residents thereof.

With respect to Plaintiff's attempt to recover costs and fees, federal courts

routinely require that such an award is to be made only when removal is sought in bad faith or is "patently lacking". Clearly the removal in this case was made in good faith and is both factually and legally based. Therefore, the award of fees and costs to the Plaintiff is not warranted.

WHEREFORE, PREMISES CONSIDERED, these Defendants respectfully request this Court deny Plaintiff's Motion to Remand.

Respectfully submitted:

Dated: May 30, 2006

/s/ J. Brannon Maner
D. Alan Thomas        (ASB-8351-T77D)
Gregory L. Schuck     (ASB-6885-C62G)
J. Brannon Maner      (ASB-4616-S71M)
Attorneys for Defendants,
MITSUBISHI MOTORS NORTH
        AMERICA, INC..
TAKATA CORPORATION

**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
Telephone: (205) 251-1193
Telecopier: (205) 251-1256

## CERTIFICATE OF SERVICE

On May 30, 2006, a copy of the foregoing was served by E-File notice on the following:

Michael G. Strickland, Esq.
mgs@jurytrial.us
Blaine C. Stevens, Esq.
bcelone@aol.com
Attorneys for Plaintiff
STRICKLAND & KENDALL, L.L.C.
420 South Lawrence Street
P.O. Box 99
Montgomery, Alabama 36101-0099

Michael L. Bell, Esq.
mbell@lfwlaw.com, lynnl@lfwlaw.com
J. Chandler Bailey, Esq.
cbailey@lfwlaw.com, dianca@lfwlaw.com
Derrick Mills, Esq.
dmills@lfwlaw.com
Attorneys for DaimlerChrysler Corporation
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 20th Street N.
Birmingham, AL 35203-3200

Roger S. Morrow, Esq.
rsmorrow@mrplaw.com, rogersec@mrplaw.com
Meredith Lee Tolar, Esq.
mltolar@mrplaw.com, wessec@mrplaw.com
Attorneys for Don Jackson Import Cars, Inc.
MORROW, ROMINE & PEARSON, P.C.
122 S. Hull Street
P.O. Box 4804
Montgomery, Alabama 36103-4804

/s/ **J. Brannon Maner**
Of Counsel