IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2006 MAY 30  P 4: 08

| | |
|---|---|
| TRENESA THOMAS, as the Administrator for the Estate of DORA PARKER BERNARD, now deceased, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) CIVIL ACTION NO.: 2:06-cv-308 ) |
| MITSUBISHI MOTORS NORTH AMERICA, INC.; MITSUBISHI CORPORATION; DAIMLER CHRYSLER CORPORATION; TAKATA CORPORATION; TAKATA NORTH AMERICAN, INC.; TAKATA, INC; TAKATA RESTRAINT SYSTEMS, INC.; TAKATA SEAT BELTS, INC.; DON JACKSON IMPORT CARS, INC.; et al., | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## BRIEF OF DEFENDANT DON JACKSON IMPORT CARS, INC., IN SUPPORT OF ITS MOTION TO DISMISS AND MOTION TO QUASH SERVICE OF PROCESS

**COMES NOW**, the Georgia corporation, Defendant Don Jackson Import Cars, Inc., (hereinafter sometimes referred to as "Don Jackson"), appearing specially and specifically as to the issue of lack of personal jurisdiction of the Circuit Court of Lowndes County, Alabama, without submitting to the jurisdiction of this Court. Don Jackson Import Cars, Inc., further reasserts and adopts by reference all grounds for dismissal contained in and set forth in its motion to dismiss and motion to quash service of process that was previously filed in this case. Defendant Don Jackson files its brief in support of its "Motion to Dismiss and Motion to Quash Service of Process", heretofore filed in this cause as

follows, to-wit:

I.

**FACTS**

Plaintiff's Complaint arises out of alleged defects in the subject vehicle, a 2003 Montero Sport. The subject vehicle was initially sold in the State of Georgia by Defendant Don Jackson Import Cars, Inc., a corporation organized under the laws of the State of Georgia, with its principle place of business located in Union City, Georgia, to Plaintiff's deceased, Dora Parker Bernard, an individual residing in the State of Georgia at the time of the sales transaction, on or about March 5, 2004. Plaintiff's Complaint at ¶ 1; A true, genuine and accurate copy of the subject vehicle's title history was attached as Exhibit "1" to the Affidavit of Derek Jackson, which was attached as Exhibit "A" to Defendant Don Jackson Import Cars, Inc.'s "Special Appearance for the Limited Purpose of Filing a Motion to Dismiss and Motion to Quash Service of Process to Challenge In Personam Jurisdiction". All exhibits referenced in this Brief were attached to Defendant Don Jackson Import Cars, Inc.'s Motion to Dismiss and Motion to Quash Service, previously filed with this Court. Don Jackson hereby adopts, realleges and incorporates by reference as if fully set out herein the entire contents of Derek Jackson's Affidavit and all supporting evidentiary submissions previously field with this Court.

Defendant Don Jackson Import Cars, Inc., is a Georgia corporation with its principal and sole place of business located in Union City, Georgia. Exhibit "A". Don Jackson is not incorporated in the State of Alabama. Exhibit "A". Don Jackson has never contracted in Alabama to supply services or goods in the State of Alabama. Exhibit "A". Don Jackson does not advertise its goods or services in the State of Alabama or engage in any other

2

activity of any nature whatsoever in the State of Alabama. Exhibit "A". Don Jackson Import Cars, Inc., does not own any real or personal property located in the State of Alabama. Exhibit "A". Don Jackson Import Cars, Inc., is not licensed in, or authorized to do business in the State of Alabama. Exhibit "A". Don Jackson Import Cars, Inc., does not solicit business or engage in any other persistent course of conduct or business in the State of Alabama. Exhibit "A". Don Jackson does not derive substantial revenue from goods used or consumed in the State of Alabama or from services rendered in the State of Alabama. Exhibit "A".

In Count I of her Complaint, Plaintiff asserts claims against Defendant Don Jackson under the Alabama Extended Manufacturers Liability Doctrine (AEMLD), alleging that Defendant Don Jackson placed a defective and unreasonably dangerous vehicle into the stream of commerce. Plaintiff's Complaint ¶ 27. Defendant Don Jackson was conveyed title to the subject vehicle from Peachtree Mitsubishi on February 28, 2004, approximately five days before it subsequently conveyed title of the subject vehicle to Georgia resident, Dora Parker Bernard. Exhibit "1" to "Exhibit "A".

All employees of Don Jackson reside in the State of Georgia. Exhibit "A". Don Jackson has no agents or employees located in the State of Alabama. Exhibit "1" to Exhibit "A". All witnesses Don Jackson expects to call at the trial of this action reside in the State of Georgia. Exhibit "A".

The vehicle that is the subject of the above-styled lawsuit was manufactured outside the State of Alabama and traveled in interstate commerce prior to the transaction between Don Jackson and Dora Parker Bernard. Exhibit "1" to Exhibit "A". The Mitsubishi Montero Sport, which is the vehicle made the basis of this case, was manufactured by Mitsubishi

3

Motor Sales of America, Inc. Exhibit "1" to Exhibit "A". Attached to the Affidavit of Derek Jackson as Exhibit "1" is the Certificate of Origin relating to the subject vehicle, which reflects that Mitsubishi Motor Sales of America, Inc., is the manufacturer of the subject vehicle. Mitsubishi Motor Sales of America, Inc., is corporation organized under the laws of the State of California, with its principal place of business located in Cypress, California. Plaintiff's Complaint ¶ 2.

This action is presently before the Court on Defendant Don Jackson's Motion to Dismiss and Motion to Quash Service. Plaintiff subsequently filed a Motion to Remand and a Response to Defendant's Motion to Dismiss. Defendant Don Jackson is appearing specially and specifically as to the limited issue of the Circuit Court of Lowndes County, Alabama's lack of personal jurisdiction over Don Jackson Import Cars, Inc., and Defendant Don Jackson appears specially and specifically without submitting to the jurisdiction of this Court.

II.

## PLAINTIFF'S COMPLAINT IS DUE TO BE DISMISSED

A court cannot exercise its jurisdiction over a foreign corporation when the court lacks personal jurisdiction over the foreign corporation. In order for a court to have personal jurisdiction over a foreign corporation, that foreign corporation must meet certain "minium contacts" with the forum state.

When it is determined that the Court lacks personal jurisdiction over the foreign corporation, the Court shall, in the interest of justice, dismiss the foreign corporation from the case. Such is the case at hand. Defendant Don Jackson Import Cars, Inc., is a foreign

4

corporation with no "minimum contacts" with the State of Alabama, and it has not "purposefully availed itself of the privilege of conducting activities in the forum state" (Alabama). Therefore, the "traditional notions of fair play and substantial justice will be offended" if foreign Defendant Don Jackson is not dismissed from this case as a party defendant.

**A.     The Circuit Court of Lowndes County, Alabama Does Not Have Personal Jurisdiction Over Defendant Don Jackson Import Cars, Inc.**

As previously detailed, Defendant Don Jackson Import Cars, Inc., is a Georgia Corporation with its principal and sole place of business in Union City, Georgia. Exhibit "A". It is undisputed that the sale of the subject vehicle by Defendant Don Jackson to Plaintiff's deceased, Dora Parker Bernard, took place in the State of Georgia, by and between a Georgia corporation and an individual Georgia resident. Exhibit "1" to Exhibit "A".

The guarantees of due process protect a non-resident defendant from binding judgments in forums with which it has established no meaningful contacts, ties or relations. International Shoe Co. v. Washington, 326 U.S. 310, 319 (1945); Ex parte Covington Pike Dodge, Inc., 904 So. 2d 226, 230 (Ala. 2004). Before being subjected to the jurisdiction of a forum's courts, a non-resident corporate defendant must undertake acts which establish certain "minimum contacts with the forum" such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." Quill Corp. v. North Dakota by and through Heitkamp, 504 U.S. 298, 306-07 (1992); Asahi Metal Indus. Co., Ltd. v. Superior Court, 480 U.S. 102, 113 (1987); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 294 (1980); Ex parte Covington Pike Dodge, Inc., 904 So. 2d 226, 230 (Ala. 2004). That as such, it is essential that there be some act by which the

5

defendant "purposely avails itself" of the privilege of conducting activities in the forum state, thus invoking the benefits and protections of its laws. Quill Corp, 504 U.S. at 306-07; Hanson v. Denckla, 357 U.S. 235, 253 (1958); Ex parte Covington Pike Dodge, Inc., 904 So. 2d 226, 230 (Ala. 2004).

In order to establish that the Circuit Court of Lowndes County, Alabama has personal jurisdiction over Defendant Don Jackson Import Cars, Inc., the Plaintiff must show that either the asserted causes of action arose out of Don Jackson's "purposeful contact" with the State of Alabama so as to confer "specific" jurisdiction, or that Don Jackson's contacts with the State of Alabama were "systematic and continuous" so as to allow for the exercise of "general" jurisdiction. See Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985); Keeton v. Hustler Magazine, Inc., 465 U.S. 770 (1984); Ex parte Covington Pike Dodge, Inc., 904 So. 2d 226, 230 (Ala. 2004). The Plaintiff's Complaint fails to make either of these showings. Defendant Don Jackson has had no contact with Alabama sufficient to confer personal jurisdiction over Don Jackson. See Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985); see also Keeton v. Hustler Magazine, Inc., 465 U.S. 770 (1984); Ex parte Covington Pike Dodge, Inc., 904 So. 2d 226, 230 (Ala. 2004).

The Alabama Supreme Court has consistently held that in order for an Alabama court to exercise jurisdiction over a foreign defendant "the nexus between the defendant and the forum state must arise out of 'an action of the defendant [that was] purposefully directed toward the forum State.'" Ex parte Covington Pike Dodge, Inc., 904 So. 2d 226, 230 (Ala. 2004) (quoting Elliott v. Van Kleef, 830 So. 2d 726, 731 (Ala. 2002) (quoting Asahi Metal Indus. Co. v. Superior Court of California, 480 U.S. 102, 112, 107 S.Ct. 1026,

6

94 L.Ed.2d 92 (1987)). "'This purposeful-availment requirement assures that a defendant will not be haled into a jurisdiction as a result of "the unilateral activity of another person or a third person."'" Ex parte Covington Pike Dodge, Inc., 904 So. 2d 226, 230 (Ala. 2004) (quoting Elliott, 830 So. 2d at 731) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). In the instant case, the Plaintiff is attempting to hale foreign Defendant Don Jackson into the jurisdiction of the Circuit Court of Lowndes County, Alabama, as a result of the "the unilateral activity of another person or a third person," namely the actions of Plaintiff Dora Parker Bernard. See Ex parte Covington Pike Dodge, Inc., 904 So. 2d 226, 230 (Ala. 2004).

The foreign defendant in Ex parte Covington Pike Dodge, Inc., 904 So. 2d 226, 230 (Ala. 2004), was a Tennessee automobile dealership that sold an automobile to a Mississippi resident. After the sales transaction, the buyer, a Mississippi resident, was involved in an automobile accident in Alabama. Defendant Covington Pike Dodge filed a motion to dismiss with the Marion County Circuit Court based on lack of personal jurisdiction, and the trial court denied the defendant's motion. Ex parte Covington, 904 So. 2d at 228. Defendant Covington Pike Dodge filed a petition for a writ of mandamus with the Alabama Supreme Court requesting it to direct the trial court to vacate its order and to enter an order of dismissal. Id. The Alabama Supreme Court granted defendant's petition and issued the writ directing the trial court to vacate its order and enter an order of dismissal based on the lack of personal jurisdiction over the foreign defendant. Id.

In reaching its decision, the Alabama Supreme Court relied heavily on the following factors: (1) defendant Covington Pike Dodge was a Delaware corporation with its principle

7

place of business located in Tennessee; (2) Covington Pike had no offices located outside of Memphis, Tennessee; (3) Covington Pike's primary corporate purpose was to sell and service vehicles in Tennessee; (4) Covington Pike did not conduct any business of any kind within the State of Alabama; (5) Covington Pike was not qualified to do business in Alabama and had not availed itself of the privilege of conducting business in Alabama; (6) Covington Pike did not have a dealership in Alabama; (7) Covington Pike did not have any employees in Alabama; (8) Covington Pike did not own any real property or personal property in Alabama; and (9) Covington Pike did not advertise its services in Alabama. Ex parte Covington, 904 So. 2d at 231. All these factors were submitted by affidavit testimony to defendant's motion to dismiss. Id.

Much like the defendant in Ex parte Covington, submitted the above facts by affidavit, so did foreign Defendant Don Jackson. Attached as Exhibit "A" to its previously filed motion to dismiss was the affidavit of Don Jackson's General Manager Derek Jackson. Jackson's affidavit sets forth factors that mirror the factors the Alabama Supreme Court relied upon in Ex parte Covington when it ordered the trial court to vacate its order and dismiss the defendant. See Ex parte Covington, 904 So. 2d at 231.

As set forth above, Defendant Don Jackson Import Cars, Inc., is a Georgia corporation with its principal and sole place of business located in Union City, Georgia. Exhibit "A". Don Jackson is not incorporated in the State of Alabama. Exhibit "A". Don Jackson has never contracted in Alabama to supply services or goods in the State of Alabama. Exhibit "A". Don Jackson does not advertise its goods or services in the State of Alabama or engage in any other activity of any nature whatsoever in the State of

8

Alabama. Exhibit "A". Don Jackson Import Cars, Inc., does not own any real or personal property located in the State of Alabama. Exhibit "A". Don Jackson Import Cars, Inc., is not licensed in, or authorized to do business in the State of Alabama. Exhibit "A". Don Jackson Import Cars, Inc., does not solicit business or engage in any other persistent course of conduct or business in the State of Alabama. Exhibit "A". Don Jackson does not derive substantial revenue from goods used or consumed in the State of Alabama or from services rendered in the State of Alabama. Exhibit "A". In Ex parte Covington, the Alabama Supreme Court found the facts supported neither "specific" or "general" jurisdiction over the defendants. Ex parte Covington, 904 So. 2d at 231. Such is the case presently before the Court.

The Alabama Supreme Court went further in its decision in Ex parte Covington, holding that "if the defendant makes a prima facie evidentiary showing that the Court has no personal jurisdiction, 'the plaintiff is then required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and he may not merely reiterate the factual allegations in the complaint.'" Ex parte Covington, 904 So. 2d at 230 (quoting Mercantile Capital, LP v. Federal Transtel, Inc., 193 F.Supp.2d 1243, 1247 (N.D. Ala. 2002) (citing Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000)); see also, Hansen v. Neumueller GmbH, 163 F.R.D. 471, 474-75 (D. Del. 1995) ("When a defendant files a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2), and supports that motion with affidavits, plaintiff is required to controvert those affidavits with his own affidavits or other competent evidence in order to survive the motion.") (citing Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 63 (3d Cir.1984)). The Alabama

9

Supreme Court noted in a footnote to its Ex parte Covington decision that "[t]he Alabama Rules of Civil Procedure are based upon, and are virtually identical to, the Federal Rules of Civil Procedure. A presumption therefore arises that cases construing the federal rules are authority for construing the Alabama rules. Alabama Federal Sav. & Loan Ass'n v. Howard, 534 So. 2d 609, 614 (Ala.1988)." Ex parte Covington, 904 So. 2d at 230 n.1.

Moreover, it is well established law in Alabama that "'[t]he plaintiff bears the burden of proving the court's personal jurisdiction over the defendant.'" Ex parte Covington, 904 So. 2d at 229 (quoting Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002)); See Leithead v. Banyan Corp., 2005 WL 2327051 *4 (Ala. Sept. 23, 2005); see also, Ex parte Dill, Dill, Carr, Stonbraker & Hutchings, P.C., 866 So. 2d 519, 525 (Ala. 2003). Plaintiff has failed to meet her burden in an attempt to prove jurisdiction. Therefore, based on Alabama law and in line with the recent Alabama Supreme Court holding in Ex parte Covington, the foreign Defendant Don Jackson is due to be dismissed for lack of personal jurisdiction.

It is undisputed in this case that Defendant Don Jackson sold the subject vehicle in the State of Georgia to an individual Georgia resident, Dora Parker Bernard. Exhibit "1" to Exhibit "A". It is also undisputed that Don Jackson is a Georgia corporation. Exhibit "1" to Exhibit "A". In view of the foregoing facts and circumstances, it is clear that Don Jackson has not committed any acts or conducted any activity in the State of Alabama, purposeful or otherwise, sufficient for the Circuit Court of Lowndes County, Alabama to exercise personal jurisdiction over Don Jackson. Therefore, Defendant Don Jackson Import Cars, Inc., respectfully requests this Court to grant its Motion to Dismiss and Motion

to Quash Service of Process, and enter an order dismissing Plaintiff's Complaint and all counts and causes thereof, separately and severally, as to Defendant Don Jackson Import Cars, Inc.

Federal courts are courts of limited jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375; Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (1994). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. See Kokkonen, 511 U.S. at 377. Although the federal courts favor remand of removed cases where federal jurisdiction is not absolutely clear, this Court has provided that "[i]f the defendant presents evidence on a point, a court cannot 'resolve the facts in the plaintiffs' favor based solely on the unsupported allegations in the Plaintiffs' complaint." See Moses v. Allstate Indemnity Co., et al., 2006 WL 1361131, slip op. at *4 (M.D. Ala. May 17, 2006) (quoting Legg v. Wyeth, 428 F.3d 1317, 1323 (11th Cir. 2005)).

The test or standard used in Alabama courts pursuant to Ala. R. Civ. P. Rule 4.2 for determining whether *in personam* jurisdiction exists for a non-Alabama defendant is the same due process analysis adopted by the federal courts following International Shoe Co. v. Washington, 326 U.S. 310 (1945), World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980), and their progeny based on the due process protections under the Fourteenth Amendment. See Ex parte Troncalli Chrysler Plymouth Dodge, Inc., 876 So. 2d 459 (Ala. 2003), Sudduth v. Howard, 646 So. 2d 664, 667 (Ala. 1994). Simply stated, the present case is extremely analogous to World-Wide Volkswagen, a landmark case where the United States Supreme Court held that a lack of minimum contacts was found for the State

11

of Oklahoma to exercise jurisdiction over a New York automobile retailer and distributor.

Specifically, the Court stated:

> Petitioners [New York dealer and distributor] carry on no
> activity whatsoever in Oklahoma. They close no sales and
> perform no services there. They avail themselves of none
> of the privileges and benefits of Oklahoma law. They solicit
> no business there either through salespersons or through
> advertising reasonably calculated to reach the [forum]
> State. Nor does the record show that they regularly sell
> cars at wholesale or retail to Oklahoma customers or
> residents or that they indirectly, through others, serve or
> seek to serve the Oklahoma market.

World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 295 (1980); see also Ex parte

Pope Chevrolet, Inc., 555 So. 2d 109, 110 (Ala. 1989) (quoting the same). Similarly, Don

Jackson is not located in the forum State of Alabama but is located in Union City, Georgia,

where it conducts its business as an automobile dealership. Exhibit "1" to Exhibit "A"

(Affidavit of Derek Jackson at ¶ 3). Don Jackson does not now, nor has it ever had any

offices, employees or agents located in, or doing business in the State of Alabama Exhibit

"1" to Exhibit "A" (Affidavit of Derek Jackson at ¶ 5). Likewise, Don Jackson does not now,

nor has it ever sold a vehicle in Alabama or allowed an Alabama resident who purchased

a vehicle from Don Jackson to take delivery in Alabama. Exhibit "1" to Exhibit "A" (Affidavit

of Derek Jackson at ¶¶ 5, 7, 8). Don Jackson does not now nor has it ever marketed or

advertised in the State of Alabama. Exhibit "1" to Exhibit "A" (Affidavit of Derek Jackson

at ¶ 6). Thus, similar to the holding in World-Wide Volkswagen, a lack of personal

jurisdiction exists for an Alabama court to exercise jurisdiction over Don Jackson.

   Furthermore, as this Court is well aware, the United States Supreme Court has

identified two types of *in personam* jurisdiction: specific and general jurisdiction. See Huey v. Am. Truetzschler Corp., 47 F. Supp. 2d 1342, 1346 (M.D. Ala. 1999) (holding that a German manufacturer of a textile processing machine had sufficient minimum contacts with Alabama for court to exercise personal jurisdiction, in products liability action related to machine only where manufacturer knew that its sales representative would likely sell its product in Alabama, manufacturer shipped machine to Alabama purchaser, and manufacturer's representatives visited purchaser in Alabama to discuss safety improvements to machine) (emphasis added) (citing Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 nn. 8, 9, 104 S. Ct. 1868, 1872 nn. 8, 9, 80 L. Ed. 2d 404 (1984)). In direct contrast, the sell/purchase of the subject vehicle occurred in Georgia between a Georgia resident citizen and a Georgia automobile dealership. Further, Don Jackson did not ship the subject vehicle to Alabama, nor has it ever shipped automobiles to the State of Alabama or provide service to a vehicle in Alabama. To clarify, *in personam* jurisdiction in the State of Alabama does not exist over Don Jackson under either specific or general jurisdiction.

## 1.    Specific *in personam* jurisdiction does not exist between the State of Alabama and Don Jackson

The United States Supreme Court in Helicopteros explained that a forum state exercises specific jurisdiction in a suit "arising out or related to the defendant's contacts with a forum." 466 U.S. at 414, n. 8. More importantly, the Court did not state that specific jurisdiction is conferred in cases simply because an injury occurs in that forum state. See Yates v. Motivation Ind. Eq. Ltd., 38 Fed. Appx. 174, 178 (4th Cir. 2002) (citing

13

Helicopteros, supra, 466 U.S. at 414. n.8). Likewise, this Court has provided that to constitute "minimum contacts" for purposes of specific in personam jurisdiction, each non-resident defendant's contacts with the applicable forum must satisfy three criteria: first, the specific contacts with the forum must be related to the plaintiff's cause of action or have given rise to it; second, the contacts must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum, thus invoking the benefits and protections of its laws; and third, the contacts must be such that the defendant should reasonably anticipate being haled into court in the forum. See Huey v. Am. Truetzschler Corp., 47 F. Supp. 2d 1342, 1346 (M.D. Ala. 1999) (citing Vermeulen v. Renault, U.S.A., Inc., 985 F.2d 1534, 1546 (11th Cir. 1992), cert. denied, 508 U.S. 907, 113 S. Ct. 2334, 124 L. Ed. 2d 246 (1993)).

It is undisputed that the subject vehicle was purchased Don Jackson in Union City, Georgia. In fact, it is also undisputed that Don Jackson did not have any contact with the forum State of Alabama regarding the purchase, sell, or delivery of the subject vehicle to Ms. Bernard, who was a Georgia resident at the time of purchase and delivery. Thus, Don Jackson does not meet any of the three due process requirements delineated in Vermeulen v. Renault, U.S.A., Inc., by the Eleventh Circuit or by this Court in Huey v. Am. Truetzschler Corp. Therefore, in personam jurisdiction in the State of Alabama does not exist for Don Jackson based on this Court's well-established criteria for specific jurisdiction.

## 2.    "Systematic and continuous" contacts do not exist between the State of Alabama and Don Jackson

General jurisdiction may be exercised when a defendant's contacts with the forum

14

are sufficiently numerous, purposeful, and continuous, as to render fair an assertion of power over the defendant by that state's courts no matter the nature or extent of the relationship to the forum entailed in the particular litigation. See Butler v. Beer Across America, 83 F. Supp 2d 1261, 1264 (N.D. Ala. 2000) (citing Helicopteros, supra, 466 U.S. at 414-15 n. 9). Plaintiff throughout her Brief in Support of Motion to Remand cites to and relies upon language from Butler v. Beer Across America; however, Plaintiff fails to inform the court that the Northern District held that a lack of *in personam* jurisdiction existed where a minor purchased beer over the Internet from an Illinois company. Id. at 1269. The Northern District of Alabama distinguished the facts of Butler from those of other cases that Plaintiff relies upon, such as Ex parte Pope Chevrolet, Inc., 555 So. 2d 109 (Ala. 1989), because the non-resident defendant in Butler did not advertise in markets directed to Alabama residents. Id. at 1267. Similar to the defendant in the Butler case, Don Jackson does not now, nor has it ever advertised in Alabama or directed any advertisements to Alabama residents. Exhibit "1" to Exhibit "A" (Affidavit of Derek Jackson at ¶ 6).

Another factor considered under the general jurisdiction analysis is whether the non-resident defendant purposefully availed itself to the benefits of the forum state, and as a result, whether notions of fair play and substantial justice would be offended if the non-resident defendant was haled into court in the forum state. See id. at 1268 (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)); see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476-77 (1985). As such, it should be noted that the Supreme Court of Alabama has provided that "something more than an isolated contact initiated by an in-state plaintiff is required to satisfy the 'purposeful-availment' prong of the due-

15

process analysis." Ex parte Troncalli Chrysler Plymouth Dodge, Inc., 876 So. 2d 459, 465 (Ala. 2003) (emphasis added). Furthermore, the Supreme Court of Alabama has stated that "a sale compromising no more that an 'isolated' or 'attenuated' single transaction ... has always been deemed inadequate to satisfy due process." Id. at 464 (citing Chung v. NANA Dev. Corp., 783 F.2d 1124, 1126 (4th Cir. 1986)).

Similarly, Plaintiff has provided only an "isolated" negotiation between Don Jackson and an Alabama resident. In fact, the so-called negotiation is nothing more than a manipulated and misrepresented negotiation made by counsel for Plaintiff in an attempt to fraudulently create a contact between Don Jackson and the forum State of Alabama. Most importantly, no transaction occurred; thus, no true contact in regards to the sell or purchase of an automobile ever took place. The only so-called contact that Plaintiff provides is a self-serving, mock negotiation performed via email by counsel for Plaintiff after the subject accident but before the law suit was brought. Such an attempt to create in personam jurisdiction should not suffice as "sufficient minimum contacts" required under the due process protections that the United States Supreme Court established in the line of cases on International Shoe, World-Wide Volkswagen, Burger King Corp., and their progeny.

Along those same lines, the Supreme Court of Alabama provided that "[o]f particular relevance is whether the plaintiff initiated the sale or contact." Troncalli, supra, 876 So. 2d at 465 (citing Madison Consulting Group v. South Carolina, 752 F.2d 1193) (7th Cir. 1985) and Regent Lighting Corp. v. Am. Lighting Concept, Inc., 25 F. Supp. 2d 705 (M.D. N.C. 1997) ("the contacts to be considered for purposes of personal jurisdiction are those

actually generated by [d]efendants, not those created by the unilateral acts of Plaintiff")
(emphasis added). It is undisputed that counsel for Plaintiff initiated the contact via email
with Don Jackson. As such, Plaintiff has failed to show any contact initiated by Don
Jackson to an Alabama resident regarding the sale or purchase of an automobile.
Therefore, Plaintiff's only so-called contact by an Alabama resident with Don Jackson is
an email chain initiated by counsel for Plaintiff whereby a purchase of a vehicle never
occurred. Likewise, it should be noted that emails sent by counsel for Plaintiff were made
after the subject accident. See Yates v. Motivation Ind. Eq. Ltd., 38 Fed. Appx. 174, 178
(4th Cir. 2002) (stating that sales occurring after plaintiff's death could not be considered
as to arise from or relate to the contacts considered in the case in determining whether *in
personam* jurisdiction was lacking). Any attempt by counsel for Plaintiff to create contacts
after the subject accident should not be considered in determining that the State of
Alabama lacks jurisdiction over Don Jackson.

The present case is also analogous to that of Legg v. Wyeth, 428 F.3d 1317 (11th
Cir. 2005). In Legg, plaintiffs sued after allegedly developing valvular heart disease from
an anti-obesity drug. Additionally, plaintiffs named in-state sales representative alleging
negligent misrepresentation. The removing defendants attached affidavits in which the
sales representative stated she "was not expected, as a field service representative, to
conduct independent research regarding the drugs [she] detailed...and was not aware of
any alleged association between [the drugs] and valvular heart disease." Id. at 1321. The
court found for the defendants holding "[W]hen the [d]efendants' affidavits are undisputed
by the [p]laintiffs, the court cannot resolve the facts in the [p]laintiffs' favor based solely on

17

the unsupported allegations in the [p]laintiffs' complaint." Id. at 1323. Additionally, the Legg court cited the Fifth Circuit:

> While such a procedure requires that all disputed questions
> of fact be resolved in favor of the nonremoving party, as
> with a summary judgment motion, in determining diversity
> the mere assertion of metaphysical doubt as to the material
> facts [is] insufficient to create an issue if there is no basis
> for those facts.

Id. at 1323 (quoting Badon v. RJR Nabisco, Inc., 224 F.3d 382, 393-94 (5th Cir. 2000)
(emphasis added).

Such is the case here. Plaintiff asks this Court to accept her unsupported allegations of jurisdiction based on emails initiated by her attorney in the guise of a manipulated and misrepresented negotiation with Don Jackson. The sworn testimony before this Court establishes that Don Jackson has never conducted business in Alabama, targeted Alabama residents or even initiated contact with forum State of Alabama or it residents thereof. Exhibit "1" to Exhibit "A" (Affidavit of Derek Jackson). As the Eleventh Circuit pointed out in Legg, Plaintiff's bald assertion in the face of this evidence does not create a question of fact; therefore, Plaintiff's Motion to Remand is due to be denied.

In contrast, Plaintiff attempts to analogize the current case with Ex parte Pope Chevrolet, by providing maps and directions from Don Jackson to the Circuit Court of Lowndes County, Alabama, to provide that the distance from Don Jackson to the Circuit Court of Lowndes County, Alabama is approximately 170 miles. (See Exs. 1 and 2 attached to Pl. Br. In Support of Mot. to Remand). In doing so, Plaintiff relies on nothing more than an unsupported assumption that a court should exercise jurisdiction over a non-

18

resident defendant 170 miles from the state courthouse where the action is pending simply based on the language of Ex parte Pope Chevrolet where an Alabama court held that *in personam* jurisdiction existed over a non-resident defendant located approximately 100 miles from the state courthouse where the action was filed. Such reliance is misguided. First, assuming Plaintiff's approximation of 170 miles to be true, then the distance in the present case is 1.7 times the distance involved in Ex parte Pope Chevrolet. As this Court is aware, the distance of 100 miles, not 170 miles, is the threshold of how far a witness subject to subpoena from an Alabama court must travel to attend trial. See Ala. R. Civ. P. 45(c)(3)(B). As such, a reasonable inference can be made that an Alabama court who considered *in personam* jurisdiction to exist over a non-resident defendant 100 miles away is likely not to apply such a broad standard to a non-resident defendant 170 miles away. Therefore, Plaintiff's reliance on Ex parte Pope Chevrolet ignores the fact that a threshold of 100 miles applies to the subpoena power of an Alabama state court and may also apply to a court's determination of *in personam* jurisdiction. In doing so, Plaintiff tries to cast a broad net over non-resident defendants based solely on distance although the distance in the current case is substantially greater than the 100 miles at issue in Ex parte Pope Chevrolet.

As such, clearly, Plaintiff has failed to show that Don Jackson has numerous, purposeful, and continuous contacts with the State of Alabama to suffice for a finding of general jurisdiction. As a result, the State of Alabama lacks general jurisdiction over Don Jackson and a cause of action cannot be enforced in an Alabama state court falling under the first category of fraudulent joinder. Therefore, the residency of Don Jackson should

not be considered for diversity purposes.

**B.    Don Jackson's Website Does Not Meet the Minimum Contacts Test**

To counsel's knowledge the Eleventh Circuit has not adopted the three categories of Internet presence used in evaluating *in personam* jurisdiction as laid out in Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119 (W.D. Pa. 1997) and adopted by the Fifth Circuit in Mink v. AAAA Development LLC, 190 F.3d 333, 336 (5th Cir. 1999). Regardless of whether these three categories are applied to the present cast, Don Jackson's website does not result in a finding of *in personam* jurisdiction.

The Northern District of Alabama in Butler v. Beer Across America, in describing the categories set out in Zippo, as adopted in Mink, provided that (1) jurisdiction is proper when the "defendant clearly does business over the Internet by entering into contracts with residents of other states which 'involve the knowing and repeated transmission of computer files over the Internet;" (2) that *in personam* jurisdiction is improper when the non-resident defendant has established a passive website, which acts as little more than an electronic billboard for posting information; and (3) a gray area in between "'where a defendant has a website that allows a user to exchange information with a host computer[1]'"; there, the determination [of *in personam* jurisdiction] turns on the nature of the information submitted and on the degree of interaction. Butler, 83 F. Supp. 2d at 1268 (quoting Zippo, 952 F. Supp. at 1124 and Mink, 190 F.3d at 336).  Don Jackson's website does allow for a

---

[1]    It should be noted that Don Jackson maintains an informational website that is hosted by an independent company; however, Don Jackson's website is not now and has never been hosted by a company in the State of Alabama or on a computer located in the State of Alabama.  Exhibit "1" to Exhibit "A" (Affidavit of Derek Jackson at ¶ 10).

20

prospective customer to do many things, such as browse inventory and search for a particular vehicle where the price is shown. However, "Internet advertising over a web site falls under the same rubric as advertising in a national publication." Troncalli, 876 So. 2d at 465.

Don Jackson's website also allows viewers to request information and leave contact information regarding inquiry into a certain vehicle and for inquiry of financing regarding the same. However, Plaintiff takes this availability of the website to send and receive information as sufficient evidence to conclude that the website is not a passive website and therefore must be considered as doing business in Alabama for purposes of *in personam* jurisdiction. Such a conclusion is incorrect.

In Plaintiff's response to Don Jackson's motion to dismiss, Plaintiff fails to address whether Don Jackson's website falls within the "interactive" sites "constituting the majority of Internet sites." See Stephen J. Newman, Proof of Jurisdiction in the Internet Age, 59 Am. Jur. Proof of Facts 3d 1 (stating that any site whereby the product of service sold "such as a paper book or automobile cannot be directly transmitted via the Internet" falls within the grey area where the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the website). This third category falls within a "sliding scale" where it is critical to develop facts relating both to traditional contacts between the defendant and the forum, as well as relating to the nature and degree of the defendant's Internet presence within the forum state. Id. As such, the above-stated analysis is clear that Don Jackson does not satisfy the traditional contacts required for *in personam* jurisdiction to exist. Likewise, the limited interaction available on Don Jackson's

website does not warrant for a finding of *in personam* jurisdiction.[2]

**C.    Service of Process as to Defendant Don Jackson Import Cars, Inc., is Due to be Quashed**

Plaintiff filed this action in the Circuit Court of Lowndes County, Alabama, seeking

service and/or service of process on the foreign corporation, Don Jackson Import Cars, Inc.

Based on the facts and circumstances set forth above, and the lack of personal jurisdiction

of this Court over Defendant Don Jackson, the purported service and/or service of process

as to Defendant Don Jackson is improper and is due to be quashed.

Defendant Mitsubishi Motors of North America, Inc., filed a Notice of Removal in the

United States District Court for the Middle District of Alabama, Northern Division, and

Defendant Don Jackson contemporaneously filed a Consent to the Notice of Removal.

Plaintiff subsequently filed a Motion to Remand.

Defendant Don Jackson has demonstrated that it is incorporated under the laws of

the State of Georgia, and its principal and sole place of business is located in Union City,

Georgia.  Exhibit "A".  Defendant Don Jackson is not subject to personal jurisdiction in the

State of Alabama.  See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 298,

100 S. Ct. 559 (1980) (holding that customers may move automobiles from state of sale

without evidence of manufacturer's efforts to directly or indirectly serve the forum is not

sufficient to establish minimum contacts); see also, Ex parte Covington, 904 So. 2d 226

(Ala. 2004) (holding that a Tennessee automobile dealership that sold an automobile to a

---

[2]    See Ragonese v. Rosenfeld, 318 N.J. Super. 63, 722 A.2d 991 (Law. Div. 1998) (holding  that a website maintained by the defendant was not sufficient basis for an exercise of personal jurisdiction where the web page did not directly solicit forum-state customers, did not provide information aimed specifically at forum-state residents and customers were not allowed to actually book the airline services over the Internet) and over an airline based in Argentina.

Mississippi resident who was later involved in an accident in Alabama was not subject to the jurisdiction of Alabama courts because the Tennessee dealership did not meet the minimum contacts test). Don Jackson is subject to personal jurisdiction in Union City, Georgia, which is also the location that the sale of the subject vehicle by Don Jackson to Dora Parker Bernard occurred. Exhibit "1" to Exhibit "A". The Affidavit of Derek Jackson establishes that all witnesses to be called by Defendant Don Jackson reside in the State of Georgia. Exhibit "A". It is clear that all relevant factors demonstrate that the Plaintiff's Complaint, and each count and cause thereof, separately and severally, should, under these facts and in the interests of justice, be dismissed as to Defendant Don Jackson, as the Circuit Court of Lowndes County, Alabama lacks personal jurisdiction over Defendant Don Jackson. Furthermore, Georgia has a significant interest in having this dispute litigated in its courts and a Georgia court might choose not to enforce an Alabama judgment if it found that an Alabama court improperly asserted personal jurisdiction. See e.g., J&J Marine, Inc., v. Ha Van Le, 982 S.W.2d 918, 925 (Tex. App. 1998). Under the facts of this case, the Circuit Court of Lowndes County, Alabama does not have jurisdiction to litigate the claims of Plaintiff as to Defendant Don Jackson. As such, the issuance of service of the Summons and Complaint to the foreign corporation Don Jackson was improper; therefore, the purported service of process of the Summons and Complaint on Defendant Don Jackson is improper and is due to be quashed.

For the reasons set out above, the purported service and/or service of process on Defendant Don Jackson is improper and is due to be quashed. In turn, the Plaintiff's Complaint, and each count and cause thereof, separately and severally, are due to be dismissed as to Defendant Don Jackson.

23

III.

## PLAINTIFF FAILED TO MEET HER BURDEN IN OPPOSING DEFENDANT DON JACKSON IMPORT CARS, INC.'S MOTION TO DISMISS

On May 4, 2006, Plaintiff, by and through counsel, filed a Motion to Remand and a contemporaneous response to Don Jackson's motion to dismiss for lack of personal jurisdiction. The response did not contain any affidavits or amended pleadings that in any way alleged or set forth facts that supported a colorable claim of jurisdiction against Defendant Don Jackson. Concerning personal jurisdiction, Plaintiff has only made allegations based upon her attenuated or unsupported assertions of personal jurisdiction and that were based on conjecture and surmise. In very recent cases, the Alabama Supreme Court has been clear in its holdings that such bare allegations of jurisdiction will not defeat a motion to dismiss on the basis of personal jurisdiction where the defendant has filed an affidavit that sets forth a *prima facie* showing that personal jurisdiction does not exist over the defendant, and the Alabama Supreme Court has further held that such allegations by a plaintiff in his/her complaint and/or brief will not be sufficient to allow the Court to order limited discovery on the basis of personal jurisdiction. See Ex parte John Bufkin, _____ So.2d _____, 2006 WL 307831 (Ala. 2006); Ex parte United Insurance Companies, Inc., _____ So.2d _____, 2006 WL 307830 (Ala. 2006); Ex parte Unitrin, Inc., 920 So. 2d 557 (Ala. 2005); Ex parte Covington Pike Dodge, Inc., 904 So. 2d 226 (Ala. 2004); Ex parte Troncalli Chrysler Plymouth Dodge, Inc., 876 So. 2d 459 (Ala. 2003).

In this case, Plaintiffs have not made any allegations of facts that tend to prove that Defendant Don Jackson had any contacts with the State of Alabama that would be sufficient to confer personal jurisdiction over this Defendant. The record that is before this

24

Court, makes more than a *prima facie* showing that this Court does not have special jurisdiction or general jurisdiction over Defendant Don Jackson. It must be noted that it is undisputed that Don Jackson sold the vehicle in the State of Georgia to a Georgia resident.

Ex parte John Bufkin, ____ So.2d ____, 2006 WL 307831 (Ala. 2006); Ex parte United Insurance Companies, Inc., ____ So.2d ____, 2006 WL 307830 (Ala. 2006); Ex parte Unitrin, Inc.,920 So. 2d 557 (Ala. 2005); and Ex parte Covington Pike Dodge, Inc., 904 So.2 d 226 (Ala. 2004), all cite to the decision of the Alabama Supreme Court issued in Ex parte Troncalli Chrysler Plymouth Dodge, Inc., 876 So. 2d 459 (Ala. 2003). It should be noted that both the Ex parte Covington Pike Dodge, Inc., and the Ex parte Troncalli Chrysler Plymouth Dodge, Inc., cases involve the sale of motor vehicles.

In Ex parte Troncalli Chrysler Plymouth Dodge, Inc., which is the leading case on this subject, the Alabama Supreme Court held that the trial court did not have jurisdiction over an out of state automobile dealer, even though the car was purchased from an Alabama automobile dealer through the use of a computer database locator. In that particular case, the plaintiff actually purchased a truck from an Alabama dealership who obtained the vehicle from a Georgia dealership through the use of the manufacturer's computer database locator. In Troncalli plaintiff's complaint even alleged a conspiracy to commit fraud, bad faith, misrepresentation and breach of contract. Troncalli, 876 So. 2d 459 (Ala. 2003). Despite these allegations, the Alabama Supreme Court held that the courts of Alabama did not have personal jurisdiction over the defendant automobile dealer and that the allegations of plaintiff's complaint did not set forth sufficient facts to permit jurisdictional discovery. Troncalli, 876 So. 2d 459 (Ala. 2003). The Alabama Supreme Court specifically noted that it was well established that a plaintiff does not enjoy automatic

25

rights to discovery pertaining to personal jurisdiction in every case. The Alabama Supreme Court reached similar holdings in Ex parte Unitrin, Inc., supra, and Ex parte Covington Pike Dodge, Inc., supra. All of these cases were cited with approval in the Bufkin and United Insurance Companies cases. The Alabama Supreme Court specifically ordered in Troncalli that the trial court was to vacate its order denying Troncalli's motion to dismiss and further ordered the dismissal of the complaint against Troncalli. Troncalli, 876 So. 2d 459 (Ala. 2003).

Finally, it should be noted that all decisions by the Alabama Supreme Court require the plaintiff to go forward to produce evidence after a *prima facie* showing of lack of personal jurisdiction is made. Defendant Don Jackson has made this showing through the submission of the affidavit of Derek Jackson. In order to sue Don Jackson in the State of Alabama, even *assuming arguendo* there was a possibility of a viable claim against Don Jackson, Plaintiff must show that Don Jackson engaged in activities or practices that were directed at the State of Alabama that were sufficient to meet the minimum contacts requirements of personal jurisdiction. Plaintiff has not set forth even a possibility, much less allegations based on fact, that would meet the test of establishing a claim of personal jurisdiction as to Don Jackson. Thus, all of the cases that are cited in Plaintiff's brief and in Don Jackson's briefs mandate that the Court enter an order of dismissal of Defendant Don Jackson for lack of personal jurisdiction.

IV.

**CONCLUSION**

Based on the grounds set forth in Defendant Don Jackson Import Cars, Inc.'s Motion to Dismiss and Motion to Quash Service of Process, and the facts, circumstances and law set forth in this brief, Defendant Don Jackson Import Cars, Inc., respectfully requests this Honorable Court to dismiss Plaintiff's Complaint and each count and cause thereof, separately and severally, as to Defendant Don Jackson, as the Circuit Court of Lowndes County, Alabama lacks personal jurisdiction over Defendant Don Jackson. Furthermore, in light of the facts of this case, the Circuit Court of Lowndes County, Alabama does not have jurisdiction to litigate the claims of Plaintiff as to Defendant Don Jackson, and as such, the purported issuance of service of the Summons and Complaint and the subsequent purported service of process of the Summons and Complaint on Defendant Don Jackson is improper and is due to be quashed.

For the above reasons, the purported service and/or purported service of process on Defendant Don Jackson is improper and is due to be quashed. Additionally, Plaintiff's Complaint, and each count and cause thereof, separately and severally, is due to be dismissed as to Defendant Don Jackson Import Cars, Inc.

Defendant Don Jackson again asserts that it is appearing specially and specifically as to the issue of lack of personal jurisdiction of the Circuit Court of Lowndes County, Alabama, and Defendant Don Jackson appears specially and specifically without submitting to the jurisdiction of this Court.

Dated this the 30th day of May, 2006.

27

_____
ROGER S. MORROW (MOR032)


_____
MEREDITH L. TOLAR (TOL006)
ATTORNEYS FOR DEFENDANT
DON JACKSON IMPORT CARS, INC.


OF COUNSEL:
MORROW, ROMINE & PEARSON, P.C.
122 South Hull Street
P.O. Box 4804
Montgomery, AL 36103-4804
Telephone:  334-262-7707
Facsimile:    334-262-7742


28

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date mailed a true and correct copy of the foregoing to the following parties of record at their proper mailing addresses, by depositing a copy of the same in the United States Mail, First Class, postage prepaid and affixed thereto; this the _30th_ day of _May_ _____,2006:

Hon. Michael G. Strickland
Hon. Blaine C. Stevens
STRICKLAND & KENDALL, LLC
420 S. Lawrence Street
P.O. Box 99
Montgomery, AL 36101-0099
**Attorneys for Plaintiff**

Hon. D. Alan Thomas
Hon. Gregory L. Shuck
Hon. J. Brannon Maner
HUIE, FERNAMBUCQ & STEWART, LLP
2801 Highway 280 S.
Three Protective Center, Suite 200
Birmingham, AL 35223-2484
**Attorney for Defendants Mitsubishi**
**Motors North America, Inc., and**
**Mitsubishi Corporation**

Hon. J. Chandler Bailey
Hon. Derrick Mills
LIGHTFOOT, FRANKLIN & WHITE, LLC
400 20th Street North
Birmingham, AL 35203
**Attorneys for Defendant Daimler**
**Chrysler Corporation**

**OF COUNSEL**

29