IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **TRENESA THOMAS** as the Administrator for the estate of **DORA PARKER BERNARD**, now deceased, | ) ) ) |
| *Plaintiff*, | ) ) ) |
| v. | )  CASE NO.: 2:06CV308-DRB |
| **MITSUBISHI MOTOR NORTH AMERICA, INC.;**   et al., | ) ) ) ) |
| *Defendants.* | ) |

### PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REMAND

**COMES NOW** the Plaintiff and file this her Reply in Support of Motion for Remand previously filed before this Court. Plaintiff would show unto the Court as follows:

1.    The Defendants in support of their position rely mainly on their claim that Don Jackson Import Cars is a fraudulently joined defendant. There appear to be no new issues or arguments raised by the Defendants in their opposition to the Plaintiff's Motion to Remand and thus, Plaintiff is in a dilemma, not wanting to rehash what Plaintiff has already brought before this court.

This case arises out of an automobile wreck that occurred on March 7, 2004 in Lowndes County, Alabama while Dora Bernard was operating a 2003 Montero Sport which she had just purchased on March 5, 2004 from Don Jackson Import Cars, Inc., one of the named defendants. According to the traditional analysis of fraudulent joinder questions, joinder is fraudulent if: (1) there is "no possibility that the Plaintiff can establish any cause of action against the resident defendant" or(2) if the Plaintiff has "fraudulently plead jurisdictional facts in order to bring the resident defendant into State Court." Atchison v. Woodmen of the World Insurance Society, C.F. 982 F. supp. 835 (S.D. Ala. 1997) quoting Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989)

2. The Defendants rely upon claims that Don Jackson Import Cars was fraudulently joined in that there was no possibility that the Plaintiff can establish a cause of action against a non-diverse defendant in court, and that there has been outright fraud in the Plaintiff's pleadings of jurisdictional facts as stated in the Defendants' first paragraph on page 6 of the Defendant Mitsubishi Motors North American, Inc. and Takata Corporation's Opposition to Plaintiff's Motion to Remand. The Defendants attempt to argue that the Plaintiff cannot show that there is a viable cause of action against Don Jackson, and secondly that there is no viable cause of action against Don Jackson Import Cars because of lack of *in personam jurisdiction*.

First and foremost, the Plaintiff has alleged common law claims of negligence and wantonness and violations under the AEMLD pursuant to Alabama state law against Don Jackson Import Cars and other Defendants. The Plaintiff's complaint far exceeds the minimum standards necessary for stating a cause of action against a defendant. When considering a Motion to Remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an "arguable" one under state law. B, Inc. v. Miller Brewing Company, 663 F. 2d 548-549 (5th Cir. Unit A 1981). The court's jurisdictional inquiry "must not subsume substantive determination." *Id.* at 550. Additionally, Coker v. Amoco Oil Company, 709 F. 2d 1433, 1440-1441, (11th Cir. 1983) also held that "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court."

3. It is also clear that Don Jackson Import Cars' activities far exceed the minimum contacts with the state of Alabama necessary to submit itself to being haled into court in this state. Both Dora Bernard and Don Jackson Import Cars are residents of the state of Georgia as has been plead. Don Jackson Import Cars has sufficient contacts with the state of Alabama to be haled into court. The

jurisdictional threshold is met by showing of "minimum contacts" with a forum so that the maintenance of a lawsuit does not offend "traditional notions of fair play and substantial justice." International Shoe Company v. Washington, 362 U.S. 310 (1945).  To survive a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff must demonstrate a *prima facie* case of personal jurisdiction, which requires the presentation of evidence sufficient to withstand a motion for a directed verdict.  Butler v. Beer Across America, 83 F. Supp. 2d 1261 (11th Cir. 2000) citing Cable/Home Communication v. Network Productions, Inc., 902 F. 2d 829, 855 (11th Cir. 1990).  In considering whether such a showing has been made, the court must accept as true all uncontroverted facts alleged in the complaint and must also draw all reasonable inferences arising from controverted assertions of fact in the light most favorable to the plaintiff.  Butler v. Beer Across America, 83 F. Supp. 2d 1261 (11th Cir. 2000) citing Robinson v. Giarmarco and Bill, P.C., 74 F. 3d 253, 255 (11th Cir. 1996).

    4.    Due to Don Jackson's failure to contradict Plaintiff's allegations that Don Jackson does not sell and has not sold automobiles to Alabama residents, it cannot now deny its contacts similar to those in *ex parte* Pope Chevrolet Inc., 555 So. 2d 109 (Ala. 1989).  In the four (4) page affidavit of Derek Jackson, which was attached to the Defendants' motions, it never once stated that it did not sell automobiles to residents of the state of Alabama.  **Clearly the inference** can be drawn that Jackson has sold automobiles to residents of the state of Alabama knowing that those vehicles would enter into the stream of commerce within the state of Alabama.  Where individuals "purposely derive benefit" from their interstate activities, it may well be unfair to allow them to escape having to account in other states for consequences that arise proximately from such activities; the due process clause may not readily be wielded as a territorial shield to avoid interstate obligations that have been voluntarily assumed.  Lawry v. Owens, 621 So. 2d 1262 (Ala. 1993) (quoting Pope Chevrolet, supra.).

## CONCLUSION

There are clearly arguable and colorable causes of action alleged against all of the Defendants and specifically, Don Jackson Import Cars. Additionally, there is overwhelming evidence that there is more than just minimum contacts against Don Jackson Import Cars to cause it to be haled into court in the state of Alabama subjecting itself to jurisdiction in this state. The court is required to draw all reasonable inferences from the testimony in favor of the Plaintiffs in this matter. The court must view all allegations in the light "most favorable" to the Plaintiff and, thus, in favor of remanding this cause to state court and deny the Defendants' Motion to Dismiss and Motion to Quash Service of Process.

**RESPECTFULLY** submitted this 6th day of June, 2006.

/s/ Michael G. Strickland
**MICHAEL G. STRICKLAND (STR032)**

/s/ Blaine C. Stevens
**BLAINE C. STEVENS (STE091)**
*Attorneys for Plaintiff*

**OF COUNSEL:**
STRICKLAND & KENDALL, LLC
Post Office Box 99
420 S. Lawrence Street
Montgomery, AL 36101-0099
(334) 269-3230
(334) 269-3239 fax

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent electronically to the following on the 6th day of June, 2006.

D. Alan Thomas
Gregory L. Schuck
J. Brannon Maner
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484

Roger S. Morrow
Meredith Lee Tolar
Morrow, Romine & Pearson, P.C.
122 S. Hull Street
P.O. Box 4804
Montgomery, AL 36103-4804

Michael L. Bell
J. Chandler Bailey
Derrick Mills
Lightfoot, Franklin & White, LLC
The Clark Building
400 20th Street N.
Birmingham, AL 35203-3200

                                        /s/ Michael G. Strickland
                                        OF COUNSEL