IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TRENESA THOMAS as the Administrator for the estate of DORA PARKER BERNARD, now deceased, | ) ) ) ) |
| *Plaintiff*, | ) ) |
| v. | )   CASE NO.: 2:06CV308-DRB ) |
| MITSUBISHI MOTOR NORTH AMERICA, INC.;   et al., | ) ) ) |
| *Defendants*. | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF HER OPPOSITION TO THE DEFENDANTS' MOTION TO DISMISS AND MOTION TO QUASH SERVICE OF PROCESS TO CHALLENGE *IN PERSONAM JURISDICTION***

**COMES NOW** the Plaintiff and files this her Reply in Support of her Opposition to the Defendants' Motion to Dismiss and Motion to Quash Service of Process to Challenge *In Personam Jurisdiction* previously filed before this Court. Plaintiff would show unto the Court as follows:

The Defendants have raised no new issues or additional arguments in their brief which were first raised in its original motions except those involving its website in that the Defendants wish for this court to believe that its website is not interactive to submit the Defendant to the jurisdiction of the courts of Alabama. Thus Plaintiff is in a dilemma and does not wish to burden the Court with the same arguments as expressed in her original Brief in Support of Motion to Remand and Plaintiff's Response to Defendants' Motion to Dismiss and Motion to Quash Service of Process to Challenge *In Personam Jurisdiction*. However, Plaintiff does rely on said original brief filed and case law contained therein.

Don Jackson has an internet site which it was using for the purpose of conducting business with Alabama residents. The issue of exercising personal jurisdiction over a defendant who operates on an internet website without other contacts with the forum state has been addressed in earlier cases. Courts

addressing the issue of whether personal jurisdiction can be continually exercised over a defendant look to the "nature and quality of commercial activity that an entity conducts over the internet." Zippo Mfg. Co. v. Zippodotcom, Inc. 952 F. Supp. 1119, 1124 (W. D. Pa.1997) as quoted in Mink v. AAAA Development LLC, 190 F. 3d 333 (1999). *Mink* further stated "the *Zippo* decision categorized internet use into a spectrum of three (3) areas. At the one end of the spectrum, there are situations where a defendant clearly does business over the internet by entering into contracts with residents of other states which "involved knowing and repeated transmission of computer files over the internet...". Zippo, 952 F. Supp. at 1124. In this situation, personal jurisdiction is proper. See *Id.* (citing Compuserve, Inc. v. Patterson 89 F. 3d 1257 (6th Cir. 1996)). At the other end of the spectrum, there are situations where a defendant merely establishes a <u>passive</u> website that does nothing more than advertise on the internet. With passive websites, personal jurisdiction is not appropriate. See *Id.* (citing Bensusan Restaurant Corp. v. King, 937 F. Supp. 295 (SDNY 1996), *Aff'd*, 126 F. 3d 25 (2d Cir. 1997)). In the middle of the spectrum, there are situations where a defendant has a website that allows exchanges of information with a host computer. In this middle ground, "the exercise of jurisdiction is determined by the level of interactivity and commercial nature of the exchange of information that occurs on the website. *Id.* citing Maritz, Inc. v. Cybergold, Inc., 947 F. Supp. 1328 (E. D. Mo. 1996)). The court's reasoning in *Zippo* is persuasive and was adopted in the 5th Circuit. From Don Jackson's own actions, it has presented itself to this state not only under minimum contacts, specific personal jurisdiction, but as a matter of general personal jurisdiction.

  The "minimum contacts" aspect of the analysis can be established through "contacts that give rise to 'specific' personal jurisdiction or those that give rise to 'general' person jurisdiction." Wilson v. Belin, 20 F. 3d 644, 648 (5th Cir. 1994). Specific jurisdiction exists when the non-resident defendants' contacts with the forum state arise from, or are directly related to, the cause of action. See *Id.* (citing

Helicopteros Nacionales de Columbia, SA v. Hall, 466 U.S. 408, 414 n. 8, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984)).  General jurisdiction exists when a defendant's contacts with a forum state are unrelated to the cause of action but are "continuous and systematic."  See *Id.* (citing Helicopteros 466 U.S. 414 n. 9, 104 S. Ct. 1868).  Don Jackson's own website allows users to interact with the company for purposes of looking at pre-owned vehicles, inventory, new vehicles, specials list, finance desk, protection plans, events, service center, parts, accessories, body shop, and career center as well as allowing customers to build their own deal as evidenced by the front page at internet website http://www.donjacksonmitsubishi.com.  Don Jackson's website allows for the exchange of information for the purpose of conducting its business of selling and purchasing automobiles.  Don Jackson's internet website even lists "Internet Prices" for people wishing to transact business with them over the internet.  (Attached hereto as "Exhibit 7", Don Jackson website example page.)  Don Jackson's internet website is used for generating income and is not a passive website.

Due to Don Jackson's failure to contradict Plaintiff's allegations that Don Jackson does not sell and has not sold automobiles to Alabama residents, it cannot now deny its contacts similar to those in *ex parte* Pope Chevrolet Inc., 555 So. 2d 109 (Ala. 1989).  In the four (4) page affidavit of Derek Jackson, which was attached to the Defendants' motions, it never once stated that it did not sell automobiles to residents of the state of Alabama.  **Clearly the inference** can be drawn that Jackson has sold automobiles to residents of the state of Alabama knowing that those vehicles would enter into the stream of commerce within the state of Alabama. Where individuals "purposely derive benefit" from their interstate activities, it may well be unfair to allow them to escape having to account in other states for consequences that arise proximately from such activities; the due process clause may not readily be wielded as a territorial shield to avoid interstate obligations that have been voluntarily assumed.  Lawry v. Owens, 621 So. 2d 1262 (Ala. 1993) (quoting Pope Chevrolet, supra.).

## CONCLUSION

The existence of a claim against Don Jackson Import Cars is undeniable and furthermore, Don Jackson Import Cars far exceeds the minimum contacts required to be haled into court and defend itself in the state of Alabama. Thus, this case should be remanded to Lowndes County Circuit Court for trial and the Defendants' Motion to Dismiss and Motion to Quash Service of Process to Challenge *In Personam Jurisdiction* should be denied as the court must view all allegations in the light "most favorable" to the Plaintiff.

**RESPECTFULLY** submitted this 6th day of June, 2006.

/s/ Michael G. Strickland
**MICHAEL G. STRICKLAND (STR032)**

/s/ Blaine C. Stevens
**BLAINE C. STEVENS (STE091)**
*Attorneys for Plaintiff*

**OF COUNSEL:**
STRICKLAND & KENDALL, LLC
Post Office Box 99
420 S. Lawrence Street
Montgomery, AL 36101-0099
(334) 269-3230
(334) 269-3239 fax

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent electronically to the following on the 6th day of June, 2006.

D. Alan Thomas
Gregory L. Schuck
J. Brannon Maner
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484

4

Roger S. Morrow
Meredith Lee Tolar
Morrow, Romine & Pearson, P.C.
122 S. Hull Street
P.O. Box 4804
Montgomery, AL 36103-4804

Michael L. Bell
J. Chandler Bailey
Derrick Mills
Lightfoot, Franklin & White, LLC
The Clark Building
400 20th Street N.
Birmingham, AL 35203-3200

                                              /s/ Michael G. Strickland
                                              OF COUNSEL