IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TRENESA THOMAS , as the Administrator   )
for the estate of DORA PARKER BERNARD, )
               Plaintiffs,       )
                                 )
vs.                                    )      CIVIL ACTION NO.   2:06cv308-WHA
                                 )
MITSUBISHI MOTOR NORTH AMERICA, )      (WO)
INC., *et al.* ,                            )
                                 )
             Defendants.      )

## **MEMORANDUM OPINION**

### **I. INTRODUCTION**

This cause is before the court on Defendant Don Jackson Import Cars, Inc.'s Motion to Dismiss and to Quash Service of Process (Doc. #11) and a Motion to Remand, filed by the Plaintiff, Trensa Thomas, as Administrator for the estate of Dora Parker Bernard (Doc. #15).

The Plaintiff originally brought claims in this case in the Circuit Court of Lowndes County, Alabama. The Defendants removed the case to federal court on the basis of diversity jurisdiction, contending that Don Jackson Import Cars, Inc. ("Don Jackson"), the Defendant with state citizenship that is not diverse from the Plaintiff, is a fraudulently joined Defendant in this case. The fraudulent joinder argument made by the Defendants is premised on the contention that Don Jackson is not subject to personal jurisdiction in Alabama, so that there is no possibility that the Plaintiff could establish a claim against the non-diverse Defendant in state court. Defendant Don Jackson's motion to dismiss is also premised on lack of in personam jurisdiction over Don Jackson in Alabama.

When a district court is presented with motions to dismiss for lack of personal jurisdiction and to remand for lack of subject matter jurisdiction, a court may in its discretion decide that it is more appropriate to turn to the personal jurisdiction question.  Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 588 (1999).  In this case, because the subject matter jurisdiction issue involves issues of in personam jurisdiction, the court finds it appropriate to consider the issue of personal jurisdiction first.

## II. STANDARD FOR MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

In the context of a motion to dismiss for lack of personal jurisdiction in which no evidentiary hearing is held, the plaintiff bears the burden of establishing a prima facie case of jurisdiction over the movant, non-resident defendant. Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988) (citations omitted). A prima facie case is established if the plaintiff presents sufficient evidence to defeat a motion for a directed verdict. Morris, 843 F.2d at 492. The court must construe the allegations in the complaint as true, to the extent they are uncontroverted by defendant's affidavits or deposition testimony. Id. (citations omitted).  Moreover, where the evidence presented by the parties' affidavits and deposition testimony conflicts, the court must construe all reasonable inferences in favor of the non-movant plaintiff. Delong Equip. Co. v. Washington Mills Abrasive Co., 840 F.2d 843, 845 (11th Cir.1988).

## III.  FACTS

The Plaintiff, Trenesa Thomas, is the Administrator of the Estate of Dora Parker Bernard. Ms. Bernard, a citizen of the State of Georgia, purchased a vehicle from Don Jackson, a Georgia corporation,  in Union City, Georgia.  Little about the circumstances of this purchase has been

presented to the court, but it is apparently undisputed that the transaction commenced in and was completed in Union City, Georgia. Two days later Ms. Bernard was involved in a fatal automobile accident in Lowndes County, Alabama. Defendant, Don Jackson, has presented evidence that it does not conduct business in Alabama, has no agent or office in Alabama, and has never had a purchaser of a vehicle take delivery in Alabama. The evidence presented by Don Jackson also states that it does not advertise or solicit business in Alabama.

## IV. **DISCUSSION**

Determining personal jurisdiction requires two inquiries. The first step involves determining whether the forum state's long-arm statute provides a basis for jurisdiction. See Cable/Home Communication Corp. v. Network Productions, Inc., 902 F.2d 829, 855 (11th Cir. 1990). If it does, then the court must determine whether the exercise of personal jurisdiction over the defendants would offend "traditional notions of fair play and substantial justice." Internat'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

Alabama's long-arm statute provides for the exercise of personal jurisdiction as follows:

> An appropriate basis exists for service of process outside of this state upon a person or entity in any action in this state when the person or entity has such contacts with this state that the prosecution of the action against the person or entity in this state is not inconsistent with the constitution of this state or the Constitution of the United States. . . .

Ala. R. Civ. P. 4.2(b). This court will, therefore, turn to whether the exercise of in personam jurisdiction in this case satisfies due process.

In personam jurisdiction complies with due process when (1) the nonresident defendant has purposefully established minimum contacts with the forum state, and (2) the exercise of

3

jurisdiction will not offend traditional notions of fair play and substantial justice. Olivier v. Merritt Dredging Co., Inc., 979 F.2d 827, 830-31 (11th Cir. 1992), cert denied sub. nom, South Carolina Property and Cas. Ins. Guar. Ass'n v. Olivier, 507 U.S. 983 (1993).

There are two types of personal jurisdiction: specific and general. Specific personal jurisdiction is founded on a party's contacts with the forum state that are related to the cause of action. Helicopteros Nacionales de Colombia, N.A. v. Hall, 466 U.S. 408, 414 & n. 8 (1984). General personal jurisdiction arises from a party's contacts with the forum state that are unrelated to the litigation. Id. at n.9. "The due process requirements for general personal jurisdiction are more stringent than for specific personal jurisdiction, and require a showing of continuous and systematic general business contacts between the defendant and the forum state." Consolidated Development Corp. v. Sherritt, Inc., 216 F.3d 1286, 1292 (11th Cir. 2000), cert. denied, 534 U.S. 827 (2001).

The Plaintiff argues that it is clear that in personam jurisdiction exists over Don Jackson in Alabama in this case, based in part on evidence of electronic mail correspondence between Plaintiff's counsel and Don Jackson, which Plaintiff's counsel initiated pursuant to Don Jackson's website. Several weeks after the fatal accident, the Plaintiff's attorney corresponded by e-mail with Don Jackson and inquired about purchasing a specific vehicle. The purported e-mail from Don Jackson responds that the dealership regularly ships cars out to other states. The Plaintiff asserts that the negotiations to purchase a car demonstrate that in personam jurisdiction exists because the representative from Don Jackson said that it ships cars to many different states. The Plaintiff also argues that it can be inferred from the Defendants' evidence that Don Jackson has sold vehicles to Alabama citizens in the past.

To constitute minimum contacts for purposes of specific jurisdiction, the contacts must be related to the plaintiff's cause of action or have given rise to it; the contacts must involve an act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum; and third, the contacts must be such that the defendant should reasonably anticipate being haled into court in the forum state. Vermeulen v. Renault, U.S.A., Inc., 985 F.2d 1534, 1546 (11th Cir. 1993), cert. denied, 508 U.S. 907 (1993).

In this case, the e-mail and purported previous sales contacts identified by the Plaintiff do not involve the transaction between Ms. Bernard and Don Jackson. No evidence has been presented to the court that any aspect of the transaction between those two parties occurred in Alabama. The e-mail and website evidence presented did not concern the transaction between Ms. Bernard and Don Jackson, but instead involved Plaintiff's counsel and transpired after the accident occurred.

In an effort to establish that Plaintiff's counsel's e-mail contact should be considered a contact with the forum state, the Plaintiff cites to cases which have considered the sufficiency of contacts through a website which is accessible to persons in the forum state. This is a developing area of the law. This court is not aware of any Eleventh Circuit cases which have specifically addressed the creation of sufficient minimum contacts by use of a website.

In Butler v. Beer Across America, 83 F. Supp. 2d 1261 (N.D. Ala. 2000), the court adopted a model for analyzing websites as minimum contacts which was described in Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119 (W.D. Pa. 1997). Essentially, Zippo advises that courts should evaluate whether the requisite degree of contact with the forum state

5

exists based on the degree of interactivity of the website.[1]  In Butler, however, the website contacts were analyzed pursuant to specific jurisdiction analysis and involved a plaintiff who conducted business with the Defendant through the internet.  Butler, 83 F. Supp. 2d at 1266-68.  In other words, the plaintiff's claims arose from internet activity, so that the question was whether the website or internet connection gave rise to specific personal jurisdiction.

In this case, the Plaintiff attempts to argue that the allegedly interactive nature of Don Jackson's website means that personal jurisdiction can be exercised over Don Jackson in Alabama in this case.  What distinguishes other cases analyzing website activity as a contact with the forum state from this one is that the transaction between Ms. Bernard and Don Jackson occurred solely in person in Georgia, and there is no evidence that Don Jackon's website played any role in that transaction.  There is no evidence that Ms. Bernard ever used, or was even aware of, the website.  In other words, the website is not a contact with the forum state related to the cause of action.  Helicopteros Nacionales de Colombia , 466 U.S. at 414 & n. 8.[2]  The court

---

[1] The Zippo model is based on a sliding scale analysis.  At one end, jurisdiction is created when there are knowing and repeated transmissions of computer files over the internet.  See Butler, 83 F. Supp. 2d 1266.  At the other end, personal jurisdiction is improper where the defendant's internet site is passive, and consists of little more than an electronic billboard. Id. In between these extremes are websites which allow for exchange of information. Id.

[2]  The parties in this case also have disputed whether Ex parte Pope Chevrolet, Inc., 555 So. 2d 109 (Ala. 1989) or Ex parte Troncalli Chrysler Plymouth Dodge, Inc., 876 So.2d 459 (Ala. 2003) more closely applies in this case.  In both of those cases, however, the issue before the Alabama Supreme Court was whether there were sufficient contacts with the State of Alabama in addition to the out-of-state car dealership's contact with the plaintiff who was a citizen of Alabama. In other words, there was contact between a foreign defendant and an Alabama citizen, and the additional contact with the forum, including use of a computer, was analyzed to see if it was sufficient additional contact to give rise to personal jurisdiction.  In this case, Ms. Bernard and Don Jackson are both Georgia citizens.  The Alabama cases, therefore, are not persuasive authority for the analysis under the facts of the instant case.

concludes, therefore, that in the absence of any evidence of contacts with Alabama which are related to the Plaintiff's claims, there is no specific personal jurisdiction over Don Jackson in this case.

The court now turns to the issue of general jurisdiction. As stated above, the question of whether a website can establish personal jurisdiction is a developing area of law. The Plaintiff points out that the Fifth Circuit adopted the Zippo model in one of its decisions. See Mink v. AAAA Development LLC, 190 F.3d 333 (1999). The Fifth Circuit later clarified, however, that the Zippo sliding scale is "not well adapted to the general jurisdiction inquiry." Revell v. Lidov, 317 F.3d 467, 471 (5th Cir. 2002). The Fifth Circuit explained that even repeated contacts with citizens of the forum state may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction. Id.

As the Eighth Circuit has explained, the Zippo sliding scale makes sense in the specific jurisdiction inquiry where the two questions are the nature and quality of the contacts and their connection to the cause of action, but does not make as much sense in the general jurisdiction inquiry where the questions are the nature and quality of the contacts and the quantity of contacts. Lakin v. Prudential Securities, Inc., 348 F.3d 704, 712 (8th Cir. 2003). Therefore, the court reasoned, rather than merely base a determination of whether general personal jurisdiction exists based on the degree of interactivity of the website, as an application of Zippo in the general jurisdiction context might suggest, a court should consider interactivity of the website only one factor in the general personal jurisdiction analysis. Id. at 711.

This court is persuaded by the Fifth and Eighth Circuits' reasoning that the Zippo analysis, while helpful in some circumstances, is not determinative of the general personal

jurisdictional inquiry.  Therefore, the mere fact that the Don Jackson website arguably does not fall at the "passive" website end of the Zippo interactivity scale[3] does not mean that general jurisdiction has been established over Don Jackson in Alabama.  Instead, this court must determine whether there is evidence that Don Jackson has systematic and continuous conduct with the forum state.

      The Defendants have presented an affidavit in which Derek Jackson, General Manager of Don Jackson, states that Don Jackson does not now and never has had any offices, employees or agents located in Alabama; owns no property in the state; and has never sold a vehicle in Alabama or allowed a purchaser of a vehicle to take delivery in Alabama.  He further states that Don Jackson does not advertise in Alabama and has never solicited business in Alabama.  He also states that Don Jackson does not receive substantial revenue from goods used or consumed in Alabama.

      The Plaintiff states that the affidavit provided by the Defendants does not state that Don Jackson never sold cars to Alabama residents, but instead says that it did not sell vehicles in Alabama or deliver vehicles to Alabama, so that previous sales can be inferred.  The Plaintiff further points out that in the e-mail exchange initiated by the Plaintiff's attorney, there was an indication that Don Jackson would ship cars to Alabama.  Although the Plaintiff has presented

---

    [3] From the evidence provided, it appears that the Don Jackson website provides for some degree of interactivity, but it does not appear that automobiles can actually be bought through the website.  Cf. Barton Southern Co., Inc. v. Manhole Barrier Systems, Inc., 318 F. Supp. 2d 1174, 1177 (N.D. Ga. 2004) (finding significant in conducting Zippo analysis that although the website allowed customers to fill out an order form, it did not allow them to make payments or complete orders on the website).

evidence about the website maintained by Don Jackson, the Plaintiff does not provide any evidence as to the quantity of any contacts made through Don Jackson's website by Alabama citizens.  See Revell, 317 F.3d at 471 (considering evidence of number subscriptions by Texas residents where subscriptions were available by internet website).

In Butler, the court was not persuaded that general personal jurisdiction existed based on evidence of internet beer sales to the plaintiff's minor son and to other Alabama residents. Butler, 83 F. Supp. 2d at 1266.  The court considered evidence that the Illinois company was not registered to do business in Alabama, owned no property in the state, had no agents in Alabama, maintained no offices in the state, key personnel had never visited the state, the defendant did not advertise in Alabama or engage in significant promotions targeting the state in finding that the evidence the plaintiff relied on was not sufficient to support a finding of general jurisdiction.  Id. The court did not factor the interactivity of the website into its general jurisdiction analysis, but did determine in the context of the specific jurisdiction analysis that the website provided a "limited degree of interactivity." Id. at 1268.

The court is persuaded that the reasoning of Butler applies in this case.  At most, there is evidence in this case that some sales of automobiles to Alabama residents could have occurred in the past.  This is certainly less compelling evidence than that in Butler where there was actual evidence of sales to Alabama citizens via the internet.  Even assuming without deciding that the website in this case lies somewhere in the middle of the Zippo interactivity spectrum, given the lack of evidence regarding the quantity of internet contact by Alabama citizens, and in view of the Defendants' uncontroverted evidence, including but not limited to, that Don Jackson has no agent in Alabama, owns no property in the state, sells no cars in Alabama, has not delivered cars

to Alabama, and does not advertise in Alabama, the court concludes that the contacts identified by the Plaintiff are not sufficient to establish general personal jurisdiction over Don Jackson in Alabama.

## V. CONCLUSION

For the reasons discussed, the court concludes that it may not constitutionally exercise in personam jurisdiction over the Defendant Don Jackson Import Cars, Inc., and that the Motion to Dismiss is due to be GRANTED. In the absence of a non-diverse Defendant, this court has subject matter jurisdiction in the case, and the Motion to Remand is due to be DENIED. A separate Order will be entered in accordance with this Memorandum Opinion.

DONE this 19th day of June, 2006.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE