## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **TRENESA THOMAS as the Administrator** | ) | |
| **for the estate of DORA PARKER** | ) | |
| **BERNARD, now deceased,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | **CASE NO.: 2:06CV308-B** |
| | ) | |
| **MITSUBISHI MOTOR NORTH** | ) | |
| **AMERICA, INC.;**    et al., | ) | |
| | ) | |
| *Defendants.* | ) | |

### MOTION FOR LEAVE OF COURT TO FILE ADDITIONAL
### PLAINTIFF'S EXPERT DISCLOSURES RELATING TO DOORS, DOOR LATCHES
### AND DOOR RELEASE MECHANISMS

**COMES NOW** the Plaintiff, by and through attorney of record, and hereby files a Motion for Leave of Court to File Additional Plaintiff's Expert Disclosures Relating to Doors, Door Latches and Door Release Mechanisms and as grounds states as follows:

1.      There are only three expert witnesses known to Plaintiffs counsel  which meet this court's standards for providing testimony relating to doors, door latches and door release mechanisms for automobiles in the United States on behalf of the plaintiffs.

2.      Of those three, only Ronald E. Elwell of Scottsdale, Arizona and Andrew N. Gilberg of Kennesaw, Georgia are available to Plaintiff for testimony.

3.      Neither expert is available for inspections, including the removal of the door latch, with this court's and the defendants' approval until the week of February 12th for Mr. Ron Elwell and March for Mr. Andrew Gilberg.

4.      The experts, due to their prior deposition, trial and case commitments, have been unavailable to do a full inspection and provide reports.

5.     The Plaintiff cannot provide the necessary evidence to adequately prosecute this case with a door/door latch expert.

6.     The Plaintiff would be greatly prejudiced if not allowed to produce the door latch expert testimony.

7.     Due to the complexity of an automobile, each part of an automobile relies heavily upon each other part, such as the restraint system "seat belt" relies upon a door staying closed during a rollover event as one which occurred in this case.

8.     It is believed the door come open as a result of a door latch release design.

**WHEREFORE**, premises considered, Plaintiff respectfully requests this Honorable Court to grant her Motion for Leave of Court to File Additional Plaintiff's Expert Disclosures Relating to Doors, Door Latches and Door Release Mechanisms.

**RESPECTFULLY** submitted this 16th day of January, 2007.

/s/ Blaine C. Stevens
**BLAINE C. STEVENS (STE091)**
*Attorneys for Plaintiff*

**OF COUNSEL:**
STRICKLAND & KENDALL, LLC
Post Office Box 99
420 S. Lawrence Street
Montgomery, AL 36101-0099
(334) 269-3230
(334) 269-3239 fax

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was mailed, postage prepaid to the following on the 16th day of January, 2007.

D. Alan Thomas
Gregory L. Schuck
J. Brannon Maner
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484


/s/ Blaine C. Stevens
OF COUNSEL