IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **TRENESA THOMAS** as the Administrator for the estate of **DORA PARKER BERNARD**, now deceased, | ) ) ) ) |
| *Plaintiff*, | ) ) |
| v. | )  CASE NO.: 2:06CV308-B ) |
| **MITSUBISHI MOTOR NORTH AMERICA, INC.;** et al., | ) ) ) ) |
| *Defendants*. | ) |

### PLAINTIFF'S MOTION TO AMEND COMPLAINT

**COMES NOW** the Plaintiff and requests leave of the Court to amend her complaint. As cause therefore, Plaintiff would show unto the Court the following:

1. That Plaintiff has been diligently pursuing this case since its removal to this Court. However, the matters raised in the proposed amendment to the complaint were only recently discovered.

2. That new evidence has been recently discovered of an additional defect existing in the subject vehicle which proximately caused or contributed to the accident giving rise to the death of Dora Bernard.

3. In a recent inspection of the subject vehicle, plaintiff's proposed expert witness, Dr. Rudy Limpert, discovered that the subject vechicle was equipped with front disc brakes only. The rear wheels of the vehicle were equipped with conventional drum actuated brakes. This design defect created an imbalance of braking power under certain circumstances which could cause the driver to lose control.

4. The vehicle should have been equipped in this instance with a system to mediate

braking imbalances or a delayed-yaw response feature. This technology is well known in the automotive industry and was available in the marketplace at the time the subject vehicle was designed and manufactured. (See report of Dr. Rudy Limpert attached hereto as Exhibit "A".)

5. It appears that the driver of the subject vehicle attempted to brake the vehicle at the time it was leaving the roadway as alleged in the complaint. It appears that braking force was applied at a point where the vehicle's driver side wheels were off the paved surface of I-65 but while the passenger side wheels were still on the pavement. This created an imbalance of braking power which threw the vehicle into a counterclockwise yaw maneuver, thus causing the driver to lose control.

6. The rollover of the subject vehicle was proximately caused or contributed to by the newly alleged defect.

**WHEREFORE,** Plaintiff requests that the Court allow the following relief:

A. That the requested amendment be allowed.

B. That the Uniform Scheduling Order be modified to allow the completion of the additional needed discovery and investigation.

**RESPECTFULLY** submitted this 16th day of January, 2007.

/s/ Blaine C. Stevens
**BLAINE C. STEVENS (STE091)**
*Attorneys for Plaintiff*

**OF COUNSEL:**
STRICKLAND & KENDALL, LLC
Post Office Box 99
420 S. Lawrence Street
Montgomery, AL 36101-0099
(334) 269-3230
(334) 269-3239 fax

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing document was mailed, postage prepaid to the following on the 16th day of January, 2007.

D. Alan Thomas
Gregory L. Schuck
J. Brannon Maner
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484

               /s/ Blaine C. Stevens
               OF COUNSEL