IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TRENESA THOMAS as the Administrator for the estate of DORA PARKER BERNARD, now deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 2:06-CV-00308-(WHA-TFM) |
| MITSUBISHI MOTOR NORTH AMERICA, INC.; et al., | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT MITSUBISHI MOTORS NORTH AMERICA, INC. AND
TAKATA CORPORATION'S CONSOLIDATED OPPOSITION
TO PLAINTIFF'S MOTION TO AMEND COMPLAINT AND OPPOSITION TO
PLAINTIFF'S MOTION TO CONTINUE**

Come now the Defendants, MITSUBISHI MOTORS NORTH AMERICA, INC. and

TAKATA CORPORATION (hereinafter "Defendants") and file this Opposition to Plaintiff's

Motion to Amend Complaint and Opposition to Plaintiff's Motion to Continue. In support of

their opposition, Defendants state and show unto the Court as follows:

**INTRODUCTION AND FACTUAL SUMMARY**

This case involves a wrongful death action arising out of a single-vehicle accident which

occurred on March 7, 2004. (See Pl. Compl. at ¶ 13, attached as Ex. A). On March 7, 2004,

Plaintiff's decedent, Dora Parker Bernard, was operating a 2003 Mitsubishi Montero Sport on

U.S. Interstate Highway 65 in Lowndes County when allegedly a "phantom vehicle" passed Ms.

Bernard in the emergency lane causing her to lose control of the vehicle. As a result, the

Plaintiff's decedent's vehicle went out of control, left the roadway and overturned resulting in the death of Ms. Bernard. (Id. at ¶¶ 17-18, Ex. A).

Approximately two years after the accident, Plaintiff, Trenesa Thomas, as the Administrator for the estate of Dora Parker Bernard, filed a Complaint on or about March 2, 2006, in the Circuit Court of Lowndes County, Alabama. Plaintiff asserted allegations against Defendants under the Alabama Extended Manufacturers Liability Doctrine (AEMLD), negligence and/or wantonness, and allegations under the Wrongful Death Act. (See Pl. Compl., Ex. A). Specifically, Plaintiff pled that the subject vehicle was defective and unreasonably dangerous regarding "seatbelt malfunction, door latch malfunction, roof structure failure, instability and general uncrashworthiness and other failure modes ... ." (Id. at ¶¶ 31-36, 47, Ex. A).

On April 5, 2006, Defendants timely filed its Notice of Removal removing the case to the United States District Court for the Middle District of Alabama. Pursuant to Fed.R.Civ.P. 26(f), counsel for the Plaintiff and counsel for Defendants held a meeting on June 30, 2006 and prepared and filed a Report of Parties' Planning Meeting stating that "Plaintiff should be allowed until December 1, 2006 to join additional parties and until December 1, 2006 to amend the pleadings." (See Report of Parties' Planning Meeting at ¶ 4C, attached as Ex. B). Likewise, on July 5, 2006, the Court entered a Uniform Scheduling Order stating "**[a]ny motions to amend the pleadings and to add parties shall be filed on or before December 1, 2006 by the Plaintiff,** January 2, 2007 by the Defendants." (See Uniform Sch. Order at § 4, attached as Ex. C) (emphasis added).

On January 16, 2007, Plaintiff filed a Motion to Amend Complaint to add a design defect

allegation relating to the braking system of the subject vehicle and a Motion to Continue based on the same. (See Ex. D - Pl. Motion to Am. Comp. at ¶ 3 and Pl. Motion to Continue). In support of Plaintiff's so-called "newly discovered" design defect, Plaintiff relied upon the report of Rudy Limpert, Ph.D. dated January 15, 2007, as attached to Plaintiff's Motion. Dr. Limpert's report provides that Dr. Limpert inspected the subject vehicle on January 12, 2007, approximately a month and a half after this Court's deadline allowing Plaintiff to amend the pleadings. (See Limpert Report at p.1, attached as Ex. E). Originally, Plaintiff's Rule 26 Expert Disclosures were due on or before January 5, 2007. (See Uniform Sch. Order § 8, Ex. C). However, on or about December 19, 2006, counsel for Plaintiff contacted Alan Thomas, one of the attorneys for the Defendants, and requested an extension of time regarding Rule 26 Expert Disclosures. Mr. Thomas agreed to a ten (10) day extension allowing Plaintiff until January 15, 2007 to file Plaintiff's Rule 26 Expert Disclosures and adjusting Defendants' deadlines regarding expert disclosures for the ten (10) day extension as well. On January 16, 2007, counsel for Defendants received via email Plaintiff's Rule 26(2)(a)(b) Expert Disclosures which included a summary that Dr. Limpert would likely testify in the areas of "mechanical engineering/braking system/reconstruction". (See Pl's R.26 Expert Disc., attached as Ex. F). Based on Plaintiff's recent filings, Plaintiff is now trying to add defect allegations that were supposedly not discovered until well over a month after the December 1, 2006 deadline to amend pleadings and within the ten (10) day extension regarding expert disclosures as agreed upon by Mr. Thomas out of goodwill.

Simply put, Plaintiff's Motion to Amend Complaint to add additional defect allegations well over a month after the deadline set by this Court's Uniform Scheduling Order should be

3

denied. Likewise, Plaintiff's request that the Uniform Scheduling Order be modified either via Plaintiff's Motion to Amend Complaint or via Plaintiff's Motion to Continue regarding additional investigation of an alleged braking system defect should also be denied for the reasons discussed below. (See Ex. D.)

## LEGAL CITATION AND ARGUMENT

Rule 16(b), Fed.R.Civ.P., states, in pertinent part that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." Fed.R.Civ.P. 16(b). The controlling case in the Eleventh Circuit regarding the proper analysis of whether a Plaintiff is allowed to amend her complaint after a deadline set by the court in a Rule 16 scheduling order is Sosa v. Airprint Systems, Inc., 133 F.3d 1417 (11th Cir. 1998). The Eleventh Circuit in Sosa provided the following:

> Noting that Sosa's motion to amend was filed well after the time prescribed by the court's scheduling order, the district court denied the motion as untimely. [footnote omitted]
>
> District courts are required to "enter a scheduling order that limits the time to ... join other parties and to amend the pleadings ...." Fed.R.Civ.P. 16(b). Such orders "control the subsequent course of the action unless modified by a subsequent order," Fed.R.Civ.P. 16(e), and may be modified only "upon a showing of good cause." Fed.R.Civ.P.16(b).    This good cause standard precludes modification unless the schedule cannot "be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's note; see also Johnson v. Mammoth Recreations, Inc. 975 F.2d 604, 609 (9th Cir. 1992) ("If a party was not diligent, the good cause inquiry should end." [footnote omitted].
>
> A district court's decision to enforce its pre-trial order will not be disturbed on appeal absent an abuse of discretion. Santiago v. Lykes Bros. Steamship Co., 986 F.2d 423, 427 (11th Cir. 1993). Because our review of the record reveals that Sosa failed to demonstrate good cause for belatedly amending her complaint, we find that the district court did not abuse its discretion and thus affirm the decision below.

4

> The record makes clear that Sosa's failure to comply with the court's scheduling order resulted from a lack of diligence in pursuing her claim.
>
> ...
>
> Second, the information supporting the proposed amendment to the complaint was available to Sosa even before she filed suit.

Sosa, 133 F.3d at 1418-19.

Furthermore, multiple cases including opinions issued by this Court and other federal courts falling within the Eleventh Circuit rely on the language from Sosa that "[i]f we considered only Rule 15(a) [regarding amending a pleading] without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." Id. at 1419; see e.g. Alexander v. AOL Time Warner, Inc., 132 Fed. Appx. 267, 269, 2005 WL 1182950 (11th Cir. 2005) (affirming the district court's denial of motion for leave to amend complaint where plaintiff filed her motion seven weeks after the deadline set in the Fed.R.Civ.P. 16 scheduling order); Laurie v. Alabama Court of Criminal Appeals, 256 F.3d 1266 (11th Cir. 2001) (affirming the district court's denial of motion to amend complaint based on undue delay, prejudice to defendants and futility of the proposed amendment); White v. Volvo Trucks of North America, Inc., 211 F.R.D. 668, 669-670 (M.D. Ala. 2002) (granting defendant's motion to strike expert where plaintiff failed to show proof of due diligence); Nobles v. Rural Community Ins. Services, 303 F.Supp.2d 1279, 1284 (M.D. Ala. 2004) ("The court's focus in evaluating a motion to amend under Rule 16 is on [the movant's] diligence; that is, the court may grant the late-filed motion if the pretrial schedule could not reasonably have been met despite [the movant's] diligence."); Lord v. Fairway Elec.

Corp., 223 F.Supp.2d 1270, 1277 (M.D. Fla. 2002) ("A finding of lack of diligence on the part of the party seeking modification ends the good cause inquiry...."); Homebingo Network, Inc. v. Cadillac Jack, Inc., (slip copy) 2006 WL 3469515 (S.D. Ala. Nov. 29, 2006) ("If the movant was not diligent, then 'the court's inquiry should end.'").

Similar to the Eleventh Circuit's language in Sosa and the above-stated caselaw following the same that "[i]f a party was not diligent, the good cause inquiry should end," the same should apply in the present case. Plaintiff cannot satisfy the "good cause" analysis required under Fed.R.Civ.P. 16(b), especially under the analysis as applied by the Eleventh Circuit in Sosa. First and foremost, Plaintiff failed to state any reason whatsoever that her so-called "recently discovered" defect allegation relating to the subject vehicle's braking system could not have been fully investigated, reviewed and prepared during the almost three (3) years since the subject accident. Instead, Plaintiff's Motion to Amend Complaint states that "**[i]n a recent inspection of the subject vehicle**, Dr. Rudy Limpert, discovered that the subject vehicle was equipped with front disc brakes only." (See Pl. Motion to Am. Compl. at ¶ 3, Ex. D) (emphasis added). Interestingly, Dr. Limpert's inspection took place on January 12, 2007, approximately a month and half after Plaintiff's deadline to amend her pleadings of December 1, 2006. (See Limpert Report dated Jan. 15, 2007, Ex. E).

Furthermore, it appears that counsel for Plaintiff had knowledge of the Plaintiff's decedent's accident as early as March 23, 2004, when he submitted emails to the selling dealership, Don Jackson Import Cars, Inc.[1], in an attempt to show whether personal jurisdiction over the dealership existed in Alabama. (See Ex. "1" of Pl's Compl., attached hereto as Ex. G). Assuming this to be true, counsel for Plaintiff had approximately thirty-three (33) months from

---

[1]    Don Jackson Import Cars, Inc. was dismissed by this Court on June 19, 2006 for a lack of personal jurisdiction.

the date of the accident (March 7, 2004) until this Court's deadline (December 1, 2006) to amend pleadings by the Plaintiff. Likewise, counsel for Plaintiff had the same amount of time to retain Dr. Limpert or any other proposed experts in the field of automotive braking systems and have such individual inspect the vehicle and opine whether in their opinion any other defect allegations were to be added to Plaintiff's Complaint. Even viewed in a light most favorable to Plaintiff, approximately nine (9) months passed from March 2, 2006, the date of filing the Complaint, until December 1, 2006, the deadline as agreed upon in the Report of Parties' Planning Meeting and as entered by this Court in the Uniform Scheduling Order, for Plaintiff to inspect the subject vehicle regarding its braking system. In fact, Plaintiff could have identified the type braking system in the subject vehicle via multiple other approaches as well including propounding discovery requests regarding the same but Plaintiff failed to do so. In other words, Plaintiff has asked the Court to allow an amendment to the Complaint outside the Court's scheduling order simply based on a late inspection of the vehicle that could have taken place at any time prior to the Court's deadline for amendments to pleadings by Plaintiff, that being December 1, 2006.

Clearly, Plaintiff has failed to show and cannot show "good cause" under Fed.R.Civ.P. 16(b) to support her request to amend the Complaint well over a month after the deadline set by this Court. As stated by the Eleventh Circuit in <u>Sosa</u> and as provided in the advisory committee's notes to Fed.R.Civ.P. 16, the "good cause" standard of Fed.R.Civ.P. 16 precludes modification unless the schedule cannot "be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's note; <u>Sosa</u> 133 F.3d at 1419. Plaintiff has failed to show that the schedule set by this Court could not have been met despite all attempts of

7

diligence on her behalf. Therefore, this Court should deny Plaintiff's Motion to Amend Complaint.

Likewise, Plaintiff's Motion to Continue seeking additional time to conduct discovery regarding the braking system allegation should also fail. Similar to the "good cause" analysis provided *supra*, Plaintiff has failed to show why or how discovery regarding the subject vehicle could not have taken place before the December 1, 2006 deadline to amend pleadings. To date, Defendants have not received any discovery requests from Plaintiff, yet another example illustrating that Plaintiff cannot show diligence and "good cause" to amend her Complaint past the deadline set in the Uniform Scheduling Order. Likewise, Plaintiff's Motion to Continue to further pursue her braking claims should be denied.

### CONCLUSION

WHEREFORE, PREMSISES CONSIDERED, these Defendants respectfully move this Court to enter an Order denying Plaintiff's Motion to Amend Complaint based on the above-stated reasons as Plaintiff has failed to show "good cause" under Fed.R.Civ.P. 16(b) for such amendment to be allowed.

Respectfully submitted this 23rd day of January, 2007.


/s/ J. Brannon Maner
D. Alan Thomas (ASB-8351-T77D)
Gregory L. Schuck (ASB-6885-C62G)
J. Brannon Maner (ASB-4616-S71M)
Attorneys for Defendants,
Mitsubishi Motors North America, Inc. and
Takata Corporation

**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
Telephone: (205) 251-1193
Telecopier: (205) 251-1256

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of January, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of to all attorneys of record.

**All Attorneys of Record:**

Michael G. Strickland, Esq.
mgs@jurytrial.us
Blaine C. Stevens, Esq.
bcelone@aol.com
Attorneys for Plaintiff
STRICKLAND & KENDALL, L.L.C.
420 South Lawrence Street
P.O. Box 99
Montgomery, Alabama 36101-0099

/s/ **J. Brannon Maner**
Of Counsel