IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TRENESA THOMAS as the )
Administrator for the estate of )
DORA PARKER BERNARD, )
now deceased, )
)
     Plaintiff, )
)
v. )     Civil Action No. 2:06-CV-00308-
)         (WHA-TFM)
)
MITSUBISHI MOTOR NORTH )
AMERICA, INC.; et al., )
)
     Defendants. )

DEFENDANT MITSUBISHI MOTORS NORTH AMERICA, INC. AND
TAKATA CORPORATION'S OPPOSITION
TO PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE ADDITIONAL
PLAINTIFF'S EXPERT DISCLOSURES RELATING TO DOORS, DOOR LATCHES
AND DOOR RELEASE MECHANISMS

Come now the Defendants, MITSUBISHI MOTORS NORTH AMERICA, INC. and

TAKATA CORPORATION (hereinafter "Defendants") and file this Opposition to Plaintiff's

Motion for Leave of Court to File Additional Plaintiff's Expert Disclosures Relating to Doors,

Door Latches and Door Release Mechanisms ("Motion"). In support of Defendants' opposition,

Defendants state and show unto the Court as follows:

**INTRODUCTION AND FACTUAL SUMMARY**

This case involves a wrongful death action arising out of a single-vehicle accident which

occurred on March 7, 2004. (See Pl. Compl. at ¶ 13, attached as Ex. A). On March 7, 2004,

Plaintiff's decedent, Dora Parker Bernard, was operating a 2003 Mitsubishi Montero Sport on

1

U.S. Interstate Highway 65 in Lowndes County when allegedly a "phantom vehicle" passed Ms. Bernard in the emergency lane causing her to lose control of the vehicle. As a result, the Plaintiff's decedent's vehicle went out of control, left the roadway and overturned resulting in the death of Ms. Bernard. (Id. at ¶¶ 17-18, Ex. A).

Approximately two years after the accident, Plaintiff, Trenesa Thomas, as the Administrator for the estate of Dora Parker Bernard, filed a Complaint on or about March 2, 2006, in the Circuit Court of Lowndes County, Alabama. Plaintiff asserted allegations against Defendants under the Alabama Extended Manufacturers Liability Doctrine (AEMLD), negligence and/or wantonness, and allegations under the Wrongful Death Act. (See Pl. Compl., Ex. A). Specifically, Plaintiff pled that the subject vehicle was defective and unreasonably dangerous regarding "seatbelt malfunction, door latch malfunction, roof structure failure, instability and general uncrashworthiness and other failure modes ... ." (Id. at ¶¶ 31-36, 47, Ex. A).

On April 5, 2006, Defendants timely filed its Notice of Removal removing the case to the United States District Court for the Middle District of Alabama. Pursuant to Fed.R.Civ.P. 26(f), counsel for the Plaintiff and counsel for Defendants held a meeting on June 30, 2006 and prepared and filed a Report of Parties' Planning Meeting stating that "[r]eports from retained experts under Rule 26(a)(2) due from Plaintiff by January 5, 2007, and Plaintiff shall submit those named experts for deposition on or before February 16, 2007." (See Report of Parties' Planning Meeting at ¶ 3G, attached as Ex. B). Likewise, on July 5, 2006, the Court entered a Uniform Scheduling Order stating setting the same deadlines. (See Uniform Sch. Order at § 8, attached as Ex. C).

On January 16, 2007, Plaintiff filed its Motion seeking additional time to provide Plaintiff's Expert Disclosures relating to doors, door latches and door release mechanisms. (See Pl. Motion, attached as Ex. D). In support of Plaintiff's Motion, counsel for Plaintiff states that he was unable to retain an expert in this area and have such expert available for inspection, including the removal of the door latch, with this Court's and Defendants' approval until the week of February 12, 2007 for Mr. Ron Elwell and March 2007 for Mr. Andrew Gilberg. Defendants object to Plaintiff's Motion based on the Report of Parties' Planning Meeting as agreed upon on June 30, 2006 by the parties and based on the Uniform Scheduling Order entered by this Court setting June 5, 2007 as Plaintiff's deadline to provide Rule 26 Expert Disclosures on or before this date. It should be noted that although January 5, 2007 was the originally set deadline, on or about December 19, 2006, counsel for Plaintiff contacted Alan Thomas, one of the attorneys for the Defendants, and requested an extension of time regarding Rule 26 Expert Disclosures. Mr. Thomas agreed to a ten (10) day extension allowing Plaintiff until January 15, 2007 to file Plaintiff's Rule 26 Expert Disclosures and adjusting Defendants' deadlines regarding expert disclosures for the ten (10) day extension as well. On January 16, 2007, Defendants received via email Plaintiff's Rule 26(2)(a)(b) Expert Disclosures which do not list any expert regarding Plaintiff's design defect allegations regarding the doors, door latches or door release mechanisms of the subject vehicle. (See Pl's R.26 Expert Disc., Ex. E). Simply put, Plaintiff's Motion should be denied.

## LEGAL CITATION AND ARGUMENT

Rule 16(b), Fed.R.Civ.P., states, in pertinent part that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by

3

local rule, by a magistrate judge." Fed.R.Civ.P. 16(b).  This good cause standard precludes modification unless the schedule cannot "be met despite the diligence of the party seeking the extension." See Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1418-19 (11th Cir. 1998) (quoting Fed.R.Civ.P. 16 advisory committee's note); see also Johnson v. Mammoth Recreations, Inc. 975 F.2d 604, 609 (9th Cir. 1992) ("If a party was not diligent, the good cause inquiry should end."); see also White v. Volvo Trucks of North America, Inc., 211 F.R.D. 668, 669-670 (M.D. Ala. 2002) (granting defendant's motion to strike expert where plaintiff failed to show proof of due diligence); Nobles v. Rural Community Ins. Services, 303 F.Supp.2d 1279, 1284 (M.D. Ala. 2004) ("The court's focus in evaluating a motion to amend under Rule 16 is on [the movant's] diligence; that is, the court may grant the late-filed motion if the pretrial schedule could not reasonably have been met despite [the movant's] diligence."); Lord v. Fairway Elec. Corp., 223 F.Supp.2d 1270, 1277 (M.D. Fla. 2002) ("A finding of lack of diligence on the part of the party seeking modification ends the good cause inquiry...."); Homebingo Network, Inc. v. Cadillac Jack, Inc., (slip copy) 2006 WL 3469515 (S.D. Ala. Nov. 29, 2006) ("If the movant was not diligent, then 'the court's inquiry should end.'").  Furthermore, a district court's decision to enforce its pre-trial order will not be disturbed on appeal absent an abuse of discretion. See Sosa, 133. F.3d 1418 (citing Santiago v. Lykes Bros. Steamship Co., 986 F.2d 423, 427 (11th Cir. 1993)).

Similarly, this Court has granted a defendant's motion to strike plaintiff's expert where plaintiff failed to comply with the Court's scheduling order and failed to show proof of due diligence in attempting to comply with the deadlines. See, e.g., White v. Volvo Trucks of North America, Inc., 211 F.R.D. 668, 669-670 (M.D. Ala. 2002) (granting defendant's motion to strike

4

expert where plaintiff failed to show that she "could not have located, disclosed, and furnished a report from an economic expert by exercising due diligence during the period of six months between the entry of the scheduling order and expiration of the deadline...."). Likewise, in the present case, Plaintiff has failed to show why an expert in the subject areas of automobile doors, door latches or door release mechanisms could not be retained to inspect the subject vehicle from the time the Complaint was filed in March 2006.

Similar to the Eleventh Circuit's language in <u>Sosa</u> stating that "[i]f a party was not diligent, the good cause inquiry should end," the same should apply in the present case. Plaintiff cannot satisfy the "good cause" analysis required under Fed.R.Civ.P. 16(b), especially under the analysis as applied by the Eleventh Circuit in <u>Sosa</u>. Plaintiff cannot reasonably provide that there was not any expert available to inspect the subject vehicle regarding its doors and/or door latches during the almost three (3) years that has passed since the subject accident. Instead, Plaintiff's Motion solely relies on a representation to the Court that neither Mr. Elwell nor Mr. Gilberg could inspect the vehicle, including removal of the door latch, prior to Plaintiff's Rule 26 expert disclosure deadline. It appears that counsel for Plaintiff had knowledge of the Plaintiff's decedent's accident as early as March 23, 2004, when he submitted emails to the selling dealership, Don Jackson Import Cars, Inc.[1], in an attempt to show whether jurisdiction of the dealership in Alabama existed. (Ex. "1" of Pl's Compl. is attached hereto as Ex. F). Assuming this to be true, counsel for Plaintiff had approximately thirty-four (34) months from the date of the accident (March 7, 2004) until Plaintiff's deadline to provide Rule 26 expert disclosures (January 15, 2007). Even viewed in a light most favorable to Plaintiff, approximately ten (10) months passed from March 2, 2006, the date of filing the Complaint, until January 15, 2006, the

---

[1]    Don Jackson Import Cars, Inc. was dismissed by this Court on June 19, 2006 for a lack of personal jurisdiction.

deadline as agreed upon by Mr. Thomas and counsel for Plaintiffs.

Clearly, Plaintiff has failed to show and cannot show "good cause" under Fed.R.Civ.P. 16(b) to support her request to file additional expert disclosures after the deadline set by the Court or the deadline later agreed upon to be temporarily extended between counsel of the parties. As stated by the Eleventh Circuit in <u>Sosa</u> and as provided in the advisory committee's notes to Fed.R.Civ.P. 16, the "good cause" standard of Fed.R.Civ.P. 16 precludes modification unless the schedule cannot "be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's note; <u>Sosa</u> 133 F.3d at 1419. Counsel for Plaintiff has failed to show that the schedule set by this Court could not have been met despite all attempts of diligence on his behalf. Therefore, this Court should deny Plaintiff's Motion for Leave to File Additional Plaintiff's Expert Disclosures Relating to Doors, Door Latches and Door Release Mechanisms.

## CONCLUSION

WHEREFORE, PREMSISES CONSIDERED, these Defendants respectfully move this Court to enter an Order denying Plaintiff's Motion for Leave to File Additional Plaintiff's Expert Disclosures Relating to Doors, Door Latches and Door Release Mechanisms.

Respectfully submitted this 23rd day of January, 2007.

/s/ **J. Brannon Maner**
D. Alan Thomas (ASB-8351-T77D)
Gregory L. Schuck (ASB-6885-C62G)
J. Brannon Maner (ASB-4616-S71M)
Attorneys for Defendants,
Mitsubishi Motors North America, Inc. and
Takata Corporation

**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
Telephone: (205) 251-1193
Telecopier: (205) 251-1256

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of January, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of to all attorneys of record.

**All Attorneys of Record:**

Michael G. Strickland, Esq.
mgs@jurytrial.us
Blaine C. Stevens, Esq.
bcelone@aol.com
Attorneys for Plaintiff
STRICKLAND & KENDALL, L.L.C.
420 South Lawrence Street
P.O. Box 99
Montgomery, Alabama 36101-0099

/s/ **J. Brannon Maner**
Of Counsel