IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **TRENESA THOMAS** as the Administrator for the estate of **DORA PARKER BERNARD**, now deceased, | ) ) ) ) |
| *Plaintiff*, | ) ) |
| v. | ) CASE NO.: 2:06CV308-B ) |
| **MITSUBISHI MOTOR NORTH AMERICA, INC.;**   et al., | ) ) ) ) |
| *Defendants*. | ) |

## MOTION FOR STATUS CONFERENCE

**COMES NOW** the Plaintiff and files this her Motion for a Status Conference in this case. As cause therefore, Plaintiff would show unto the Court the following:

1. That the recent Supreme Court of Alabama opinion in <u>City of Mobile v. Hunter</u>, __So.2d__2006 WL 2089914 (Ala.) has created a controversy among plaintiffs and defendants state wide. The above-cited opinion of the Alabama Supreme Court held that in order for an engineer to testify in the State of Alabama on "engineering issues" said engineer must be licensed by the State of Alabama. This ruling would apparently bar experts from testifying in Alabama courts if not licensed in this state even though such proffered experts may well surpass <u>Daubert</u> thresholds.

2. None of Plaintiff's experts are licensed in Alabama at the present time. To Plaintiff's information and belief, none of Defendant's expected experts are licensed in Alabama. As such, neither side of this party may offer any expert testimony consistent with Alabama substantive law.

3. Further, criminal penalties may apply if any expert currently retained by

either Defendant or Plaintiff actually testifies and such testimony is proffered as proof before this court.  See, Ala. Code Sec. 34-11-1(l975) et seq.

4. This is a products liability case and the issues presented are highly complex and technically sophisticated.  There is a limited pool of available witnesses on either side of the issues who may withstand <u>Daubert</u> scrutiny.  To Plaintiff's counsel's knowledge, there are only a handful of available witnesses who are qualified to testify on door latch issues for instance.  None of those experts are licensed to practice engineering in the State of Alabama to the best of Plaintiff's counsel's knowledge.  Similar issues exist with other technical aspects of this case that may require expert testimony before this Court.  Both Plaintiff and Defendant may be prejudiced if they are required to go forward with the current restrictions on engineering testimony being enforced by Alabama courts.

**WHEREFORE,** Plaintiff requests that the Court set this matter for a status conference at which this issue may be considered.

**RESPECTFULLY** submitted this 24th day of January, 2007.

/s/ Blaine C. Stevens
**BLAINE C. STEVENS (STE091)**
*Attorney for Plaintiff*

<u>**OF COUNSEL:**</u>
STRICKLAND & KENDALL, LLC
Post Office Box 99
420 S. Lawrence Street
Montgomery, AL 36101-0099
(334) 269-3230
(334) 269-3239 fax

## **CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing document was mailed, postage prepaid to the following on the 24th day of January, 2007.

D. Alan Thomas
Gregory L. Schuck
J. Brannon Maner
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484

                /s/ Blaine C. Stevens
                OF COUNSEL