IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TRENESA THOMAS as the Administrator for the estate of DORA PARKER BERNARD, now deceased, | ) ) ) ) |
| *Plaintiff*, | ) ) |
| v. | ) CASE NO.: 2:06CV308-B ) |
| MITSUBISHI MOTOR NORTH AMERICA, INC.;  et al., | ) ) ) ) |
| *Defendants*. | ) |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM BRIEF
REGARDING HUNTER AND RELATED DISCOVERY ISSUES**

The Court has directed the parties to file supplemental memoranda on the issues regarding expert "testimony" presented by the now-infamous decision of the Alabama Supreme Court in the case of <u>City of Mobile v. Hunter</u>, 2006 WL 2089914 (Ala.).  Further, the Court has requested that the parties also present any further arguments deemed necessary on the question of what further investigation or discovery may be pursued at this point without implicating the restrictions set out in <u>Hunter</u>.  Also, the Court has allowed the parties to further argue the issues presented by the Plaintiff's Motion To Amend Complaint, Motion To Extend Scheduling Deadlines, and address those motions further in the context of the <u>Hunter</u> decision.

<u>**Hunter's**</u> **Effect On Expert Testimony**

The Court has indicated to the parties that it may be of the opinion that <u>Hunter</u> does not necessarily preclude an expert witness from giving testimony in a trial (or by deposition) in the state of Alabama.  The Court has requested that the parties address the issue of whether "testimony" as used in the Alabama Administrative Code may have some effect on the analysis under <u>Hunter</u>.

Plaintiff and Defendant are in substantial agreement that the Administrative Code definition of "testimony" does not substantially alter the current situation. The Administrative Code provides as follows:

> The term "testimony" as used in Sections 34-ll-l(7) and 34-ll-1(8), Code of Ala. 1975, shall mean <u>a declaration made by a witness under oath or affirmation related to engineering and surveying activities in the State of Alabama.</u>

Ala. Admin. Code Reg. 330-X-2-.01.

This language is somewhat vague and subject to the interpretation that the "testimony" covered by this section only refers to testimony concerning engineering activity which occurs within the State of Alabama. Therefore, so long as the engineering activity which is the subject of the testimony occurs outside the state of Alabama the strictures of Sec. 34-11-1 Code of Ala. (1975) do not apply. However, this is a strained interpretation of the statute at issue. The intent of the legislature was clearly to regulate the practice of engineering in such fashion that any person wishing to practice engineering in the state of Alabama must be licensed by the proper state authority. See, <u>Hunter</u>, supra. It is Plaintiff's position that the legislature intended to prohibit even the practice of testifying in court in Alabama on issues "related to engineering." This stricture would apply regardless of whether engineering activity at issue took place in Alabama or elsewhere. The import of Sec. 34-11-1(7) Ala. Code (1975) is clearly to regulate the practice of engineering as such relates to "machines" or "consumer products" and its relationship to "safeguarding life, health, or property . . . ." See, Sec. 34-11-1(1975).

Obviously, an automobile is a "machine" or "consumer product" contemplated by this statute. Further, the issues presented in this case clearly implicate the safeguarding of life and property. Plaintiff submits, and Defendants would agree, that the <u>Hunter</u> case is controlling at this point in time. As the Supreme Court of Alabama stated in the <u>Hunter</u> opinion, this regulation must be modified by the state legislature and is not subject to judicial modification. Frankly, Plaintiff

submits that the present case should be stayed until the state legislature acts on the issue. Plaintiff would further represent that this would also appear to be the position of the defendant at this point. While plaintiff does not agree with the position taken by the Alabama Supreme Court in <u>Hunter</u>, plaintiff feels bound by that opinion as it is the controlling law on this issue.

### Further Discovery

Counsel for Plaintiff has consulted with defense counsel on the question of whether further discovery could be pursued at this point. Plaintiff and defendant appear to be in agreement that all further discovery could continue with the exception of "expert" discovery. Thus, if fact witnesses are identified, medical providers are identified, or law enforcement personnel are identified, all of those fact issue witnesses could be deposed, and discovery on other factual issued could still be pursued. Also, there is no reason to stay the taking of corporate depositions by the plaintiff because such testimony would generally not be considered expert engineering testimony, but would more appropriately be considered factual discovery of defendant's manufacturing practices. However, both plaintiff and defendant agree that "expert" discovery should be held in abeyance until such time as the legislature has considered the issue and revised the statutes that are at the heart of this problem.

### Plaintiff's Motions to Amend Complaint and Extend Scheduling Deadlines

The Court has requested that the parties also take up the issues presented by the Plaintiff's Motion To Amend the Complaint and Motion To Extend Scheduling Deadlines. Plaintiff is of the opinion, and would submit to the Court, that the requested relief should be granted, that the Court should continue the trial from its present setting and enter a new Scheduling Order. The <u>Hunter</u> issue may or may not be resolved in the next few months. However, there is no way to know for certain if the issue will be resolved in the next session of the Alabama legislature. While there is proposed legislation for the legislature to consider in the March 2007 session, there is simply no

certainty that such legislation will pass at that time and the issue be resolved. Plaintiff would submit that no prejudice will be visited on the defendant by such an order of the Court given the unique situation the parties find themselves in at this juncture.

  Defendants argue that the Plaintiff's motions are untimely and that the Court should deny both the Motion To Amend the Complaint, and the Motion to Extend Scheduling Deadlines. However, Defendant also urges the Court to stay any "expert" discovery given the uncertainty engendered by the impact of <u>Hunter</u>. In actual practice, such an order would allow the defendant to "have its cake and eat it too" In effect the defendant would have the benefit of staying expert discovery but also have the benefit of having the issues "frozen" until the <u>Hunter</u> issue is resolved, however long that may be. Defendant would, thus, potentially have months of time to examine in detail any expert reports the plaintiff has already produced in this case. Clearly this is an unfair and prejudicial burden to place on the plaintiff, given the current state of disarray in applicable Alabama law. Defendant cannot seriously argue that it would be prejudiced by the allowance of either motion urged by the plaintiff at this juncture in the proceedings. A period of months of is likely to pass before the expert engineer issue is finally resolved, therefore, defendant will have ample opportunity to prepare a defense to the issues raised in the motions to amend and to extend deadlines. Defendant would not be in a position to claim surprise by the new allegations contemplated by plaintiff's motions, and thus any claim by defendant that it would suffer prejudice is subject to considerable skepticism by the Court.

  The issues raised in plaintiff's motion to amend the complaint were only discovered by one of plaintiff's experts recently. The brake defect alleged in the amended complaint was found during an inspection of the vehicle by an expert in accident reconstruction who also happens to be an expert in braking systems. Braking issues were not initially thought to play a role in the accident giving rise to this case. However during the recent inspection, and an attendant examination of

photos of the accident scene it was determined that the braking system actually employed on the accident vehicle did contribute to cause the rollover of the vehicle. In any case, there is ample time for defendant to answer and defend these allegations, especially given the fact that all "expert" discovery is to be stayed by agreement until the Hunter issue is finally resolved.

The Court has reiterated to the parties its adherence to the doctrine it set out in White v. Volvo Trucks, 211 F.R.D. 668 (M.D. Ala. 2002). However, the instant case is clearly distinguishable from the White case. In White, the parties had agreed to exchange expert witnesses information July 2002. Thereafter, the parties jointly proposed a modification to the court's scheduling order allowing the plaintiff to disclose expert witnesses in September 2002. White, 211 F.R.D. at 669. Despite being allowed an extension of two months from its original deadline date, the plaintiff in White failed to identify certain experts in accordance with the new deadline. Id. This court further noted that the Advisory Committee notes to Rule 16 indicated that modification to scheduling orders should not be allowed unless it can be shown that the party request relief cannot meet the obligation to disclose "despite the diligence of the party." Id. At 670.

The Court will recall that the Hunter decision came down several months prior to the expiration of the deadline for the disclosure of plaintiff's experts under the scheduling order entered in this case. After the Hunter decision's rendition, it became illegal to tender any expert for deposition in this state if the proposed expert was not a licensed engineer licensed by the State of Alabama. Further, it became a crime to offer such a witness for testimony in this state after the enactment of the statutes at issue. See, Ala. Code Sec. 34-11-15 (1975). After the rendition of the Hunter decision, plaintiff in this case decided the better course was to simply stand pat and wait for a resolution of the issues. As the law now stands, plaintiff cannot comply with the scheduling order as it is currently written. In the clear import of Rule l6 and the notes of the Advisory Committee it is clearly impossible at this point for the plaintiff to comply with the obligation to first disclose and

then offer up for testimony qualified expert witnesses.  It is illegal for plaintiff to offer any of its experts up for deposition until the <u>Hunter</u> issue is finally resolved.  The Court will recall that the <u>Hunter</u> decision was published in late July 2006 some 5 months prior to the expiration of the schedule for disclosure of plaintiff's experts.  Plaintiff has been precluded from offering any experts up for testimony since late July 2006 in this case.  In fact, plaintiff is probably already in violation of Sec. 34-11-15 at this point for disclosing the experts already identified.  In any case, plaintiff cannot comply with the current scheduling order in accordance with existing Alabama law.

The best approach to the current situation would be to allow the proposed amendment to the complaint and enter a new scheduling order.  No party will be prejudiced by this allowance as neither party is capable of complying with Alabama law at the present time.

**RESPECTFULLY** submitted this 14th of February, 2007

/s/ Blaine C. Stevens
**BLAINE C. STEVENS (STE091)**
*Attorneys for Plaintiff*

**OF COUNSEL:**
STRICKLAND & KENDALL, LLC
Post Office Box 99
420 S. Lawrence Street
Montgomery, AL 36101-0099
(334) 269-3230
(334) 269-3239 fax

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was mailed, postage prepaid to the following on the 14th day of February, 2007.

D. Alan Thomas
Gregory L. Schuck
J. Brannon Maner
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484


                                        /s/ Blaine C. Stevens
                                        OF COUNSEL