**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **TRENESA THOMAS as the** | ) | |
| **Administrator for the estate of** | ) | |
| **DORA PARKER BERNARD,** | ) | |
| **now deceased,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 2:06-CV-00308-WHA** |
| | ) | |
| **MITSUBISHI MOTORS NORTH** | ) | |
| **AMERICA, INC.; et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MITSUBISHI MOTORS NORTH AMERICA, INC. AND TAKATA
CORPORATION'S MEMORANDUM OF LAW REGARDING
APPLICABILITY OF ALABAMA CODE (1975) § 34-11-1
("THE LICENSURE ACT")**

COME NOW, the Defendants, Mitsubishi Motors North America, Inc. (MMNA) and Takata Corporation (collectively as "Defendants"), and provide to the Court a Memorandum of Law Regarding Applicability of Alabama § 34-11-1 ("the Licensure Act") as interpreted by the Alabama Supreme Court in Board of Water and Sewer Commissioners of City of Mobile v. James Hunter ("Hunter"), __ So.2d __, 2006 WL 2089914 (Ala. July 28, 2006) , and states as follows:

I.    **INTRODUCTION AND FACTUAL SUMMARY**

This case involves a wrongful death action arising out of a single-vehicle accident which occurred on March 7, 2004.  (See Pl. Compl. at ¶ 13).  On March 7, 2004, Plaintiff's decedent, Dora Parker Bernard, was operating a 2003 Mitsubishi Montero Sport on U.S. Interstate Highway 65 in Lowndes County when allegedly a "phantom vehicle" passed Ms. Bernard in the emergency lane causing her to lose control of the

vehicle. As a result, the Plaintiff's decedent's vehicle went out of control, left the roadway and overturned resulting in the death of Ms. Bernard. (Id. at ¶¶ 17-18).

Approximately two years after the accident, Plaintiff, Trenesa Thomas, as the Administrator for the estate of Dora Parker Bernard, filed a Complaint on or about March 2, 2006, in the Circuit Court of Lowndes County, Alabama. Plaintiff asserted allegations against Defendants under the Alabama Extended Manufacturers Liability Doctrine (AEMLD), negligence and/or wantonness, and allegations under the Wrongful Death Act. (See Pl. Compl.). Specifically, Plaintiff pled that the subject vehicle was defective and unreasonably dangerous regarding "seatbelt malfunction, door latch malfunction, roof structure failure, instability and general uncrashworthiness and other failure modes … ." (Id. at ¶¶ 31-36, 47). On April 5, 2006, Defendants timely filed its Notice of Removal removing the case to the United States District Court for the Middle District of Alabama.

On January 24, 2007, Plaintiff filed a Motion for Status Conference regarding the applicability of Board of Water and Sewer Commissioners of City of Mobile v. James Hunter ("Hunter"), __ So.2d __, 2006 WL 2089914 (Ala. July 28, 2006), to the present case. (Attached as Exhibit "A"). In said Motion, Plaintiff provided to the Court that "[n]one of Plaintiff's experts are licensed in Alabama at the present time." Likewise, the same is true for the individuals that Defendants reasonably expect to retain in this case. Therefore, both sides have concerns with moving forward with expert discovery and presenting these individuals, who are not licensed engineers in the State of Alabama, to provide testimony. During the January 31, 2007 hearing before the Court, the parties presented to the Court their immediate concerns with Hunter in relation to the expected expert testimony in this case. As such, the parties sought relief from the Court to stay the

case regarding expert discovery until the Alabama Legislature or Alabama Supreme Court addresses the concerns that the <u>Hunter</u> opinion has caused in automotive product liability cases pending in courts across the State of Alabama.  Per the Court's request and at suggestion of the parties, Defendants offer this Memorandum of Law regarding the current status of the <u>Hunter</u> issue.

## II.    <u>ARGUMENT AND LEGAL CITATION</u>

### A.    <u>The Hunter Decision</u>

On July 28, 2006, the Supreme Court of Alabama issued its opinion in <u>Board of Water and Sewer Commissioners of City of Mobile v. James Hunter</u> ("<u>Hunter</u>"), __ So.2d __, 2006 WL 2089914 (Ala. July 28, 2006).  (Attached as Exhibit "A").  In that case, the Alabama Supreme Court for the first time provided its interpretation of Title 34, Chapter 11, Alabama Code (1975)("the Licensure Act").   Specifically, Title 34, Chapter 11, Section 1, Definition 7, Ala. Code (1975) defines the "practice of engineering" as:

> Any professional service or creative work, the adequate performance of which requires engineering education, training and experience in the application of special knowledge of the mathematical, physical, engineering sciences to such services or creative work as <u>consultation</u>, <u>testimony</u>, <u>investigation</u>, <u>evaluation</u>, <u>planning</u>, <u>design</u> and <u>design coordination</u> of engineering works and systems … insofar as they involve safeguarding life, health, or property; and including other professional services necessary to the planning, progress, and completion of any engineering services.

Ala. Code § 34-11-1(7) (1975) (as amended 1997) (emphasis added).

Finding that the Licensure Act sets forth those acts constituting "the practice of engineering" and pointing out that pursuant to the Act, the "practice of engineering" includes the term "<u>testimony</u>," the Alabama Supreme Court held that the Alabama's Legislature's 1997 amendment to § 34-11-1(7) required any person testifying on matters

covered by the Act to be a <u>licensed professional engineer</u> in the State of Alabama. Further, the Court found that after the adoption of Act 97-683, a trial court "<u>no longer had the discretion to allow testimony on engineering matters unless the witness was a licensed engineer in this state</u>." <u>Id</u>. at *8 (emphasis added). Therefore, according to the Licensure Act, one who is not licensed or certified by the State of Alabama as a professional engineer may <u>not</u> testify as to matters contained within the definition of engineering under the Act. Further, per the Alabama Supreme Court's interpretation of Licensure Act, <u>a trial court has no discretion</u> to allow testimony on engineering matters unless the purported expert was a licensed engineer in the State of Alabama. <u>Id</u>.

Not only did the Alabama Supreme Court in <u>Hunter</u> discuss the applicability and constitutionality of the Licensure Act, the Court also reiterated that violation of the Licensure Act pursuant to Ala. Code § 34-11-15(a) is a Class A misdemeanor for anyone to practice, offer to practice or hold himself or herself out as qualified to practice engineering within this state without being licensed by the Licensure Board. <u>See</u> <u>id</u>. (citing Ala. Code § 34-11-15(a) (1997)). Specifically, Ala. Code § 34-11-15, provides, in pertinent part, that: "(a) … any person who shall violate this chapter, shall be guilty of a Class A misdemeanor and punished as provided by law. … (c) It shall be the duty of the all duly constituted officers of law of this state, or any political subdivision thereof, to enforce this chapter, and to prosecute any persons, firms, partnerships, or corporations for violating this chapter." Ala. Code § 34-11-15(a), (c). In addition, pursuant to Ala. Code § 34-11-16, "the board may enter an order assessing a civil penalty against any non-licensed person, corporation, or other entity found guilty by the board of … (1) [e]ngaging in the practice or offer to practice engineering or land surveying in this

jurisdiction without being licensed in accordance with this chapter." Ala. Code. § 34-11-16(a)(1)(2004).

### B.    Application of Alabama Substantive Law to the Present Case

Regarding the application of the Licensure Act to the present case, it appears rather clear that the United States Supreme Court's holding in <u>Eerie Railroad Co. v. Tompkins</u>, 304 U.S. 64 (1938), would consider the substantive law of the Licensure Act to apply in United States district courts when applying substantive Alabama law.

> There is no federal general common law. Congress has no power to declare substantive rules of common law applicable in a State whether they be local in their nature or "general," whether they be commercial law or a part of the law of torts.  And no clause in the Constitution purports to confer such a power upon the federal courts. Except in matters governed by the Federal Constitution or by Acts of Congress, <u>the law to be applied in any case is the law of the State</u>. And whether the law of the State <u>shall be declared by its legislature in a statute</u> or by its highest court in a decision is not a matter of federal concern.

<u>Id.</u> at 78 (emphasis added).

It is undisputed that during the trial of this case, the Court will apply the substantive law of the State of Alabama when adjudicating the Plaintiff's claims and the Defendants' defenses.  Applying that same principle to Title 34, Chapter 11, Ala. Code (1975), it is clear that this is a substantive criminal statute enacted by the Alabama Legislature to govern the testimony of engineering witnesses relative to the substantive law of the State of Alabama.  A strict construction of the definition of the "practice of engineering" as provided in Ala. Code § 34-11-1(7) provides that the provisions of this statute are meant to apply to testimony related to the substantive law of the State when that testimony is meant to safeguard "life, health, or property."  Further, Regulation 330-X-2-.01(19), Ala. Admin. Code, provides, "[t]he term 'testimony' as used in Sections 34-11-1[7] and 34-11-1[8], Code of Ala. 1975, shall mean a declaration made by a witness

<u>under oath</u> or affirmation related to engineering or surveying activities <u>in the State of Alabama</u>. (Emphasis Added).

If required to testify at trial, the Plaintiff's and Defendants' experts will offer engineering testimony related to the substantive law of Alabama that must be applied by this Court sitting in diversity.  In so doing, this testimony will fall squarely within the confines of Chapter 34, Title 11, Ala. Code (1975), and appears to be in direct violation of the substantive criminal law of Alabama based on the interpretation of the laid out by the Alabama Supreme Court in <u>Hunter</u>.  Clearly, forcing these witnesses to testify would ask them to violate the criminal statute outlined in Title 34, Chapter 11, Ala. Code (1975).  Furthermore, under the Ala. Code, the undersigned attorneys as well as counsel for Plaintiff would be in violation of this or a similar offense for assisting these individuals in the violation of "the Licensure Act."

C.    <u>**Non-binding Effect of Advisory Opinion**</u>

In order to clarify the board's position regarding the <u>Hunter</u> issue, on <u>August 28, 2006</u>, the State of Alabama Board of Licensure and Professional Engineers and Land Surveyor's Board offered an "Advisory Opinion" (attached as Exhibit "B") in which it affirmed the definition of "practicing of engineering" as defined by Alabama Legislature in § 34-11-1(7).  While the Advisory Opinion is informative, unfortunately it has no legal or binding effect in light of the <u>Hunter</u> decision and the Licensure Act.  <u>See</u> <u>e.g.</u> <u>Ex parte Monsanto</u>, 862 So.2d 595 at n.9 (Ala. 1995) (recognizing that opinions from administrative agencies, such as the Judicial Inquiry Commission, are not binding and do not affect a party's rights or remedies); and <u>City of Bessemer v. McClain</u>, __ So.2d__, 2006 WL 2089923 (July 28, 2006) ("Consequently, the Alabama Supreme Court has held that JIC advisory opinions, just like this Court's own advisory opinions, are not binding

… and do not affect a party's rights or remedies."). Likewise, "an administrative regulation must be consistent with the statute pursuant to which it was promulgated; it cannot usurp legislative power, and may neither subvert nor enlarge upon statutory policy." See Ex parte Southeast Ala. Med. Ctr., 835 So.2d 1042, 1051 at n.10 (Ala. 2002) (holding that nothing in the Alabama Workmen's Compensation Act indicates that the Legislature intended to delegate to ombudsmen the authority to make binding decisions and to require employees to await the outcome of both utilization review and the ombudsmen-review process before employees may exercise their statutory right to judicial relief) (emphasis added); Ex parte Jones Mfg. Co., 589 So.2d 208 (Ala. 1991) (providing that an administrative regulation cannot usurp legislative power); Ex parte State Dep't of Human Res., 548 So.2d 176 (Ala. 1988) (stating that regulation must be consistent with the statute under which it was promulgated); Ex parte City of Florence, 417 So.2d 191 (Ala. 1982) (providing that an administrative agency cannot usurp legislative powers or contravene statutes); Alabama State Milk Control Bd. v. Graham, 250 Ala. 49, 33 So.2d 11 (1947) (stating that a regulation cannot subvert or enlarge upon statutory policy); Water Works and Sewer Bd. of the City of Talladega v. Consolidated Publishing, Inc., 892 So.2d 859, 867 at n.5 (Ala. 2004) (recognizing that an opinion of the attorney general is not binding but can only constitute persuasive authority) (citing Alabama-Tennessee Natural Gas Co. v. Southern Natural Gas Co., 694 So.2d 1344, 1346 (Ala. 1997)).

### D.    Informal Opinion of the Alabama State Bar Office of General Counsel Regarding Ethical Obligation Not to Present Testimony Violative of Hunter Decision

On August 25, 2006, undersigned counsel for Defendants wrote the Alabama State Bar Office of General Counsel seeking an advisory opinion regarding applicability

of the <u>Hunter</u> decision as well as the risk of incurring ethical, civil and criminal violations

for presenting expert testimony violative of the Alabama Supreme Court's interpretation

of the Licensure Act in <u>Hunter</u>.  (See  Aug. 25, 2006 Correspondence regarding <u>Loza v.</u>

<u>Ford Motor Co.</u>, Civil Action No.:05-345-KD-M, (S.D. Ala.), attached as Exhibit C).  On

<u>August 29, 2006</u>, the Alabama State Bar Office of General Counsel issued an informal

opinion (attached as Exhibit "D") stating that attorneys, both plaintiff and defendant,

have an <u>ethical obligation</u> to follow the dictates of the <u>Hunter</u> decision and the Alabama

State Legislature and that "[t]he situation seems to be one wherein, as pointed out by U.S.

District Judge DuBose, your potential witnesses, <u>if presented for testimony, would place</u>

<u>both them and you in violation of the statute as interpreted, construed and validated by</u>

<u>the Alabama Supreme Court in Hunter</u>." (Ex. D at p.1) (emphasis added).  Furthermore,

"[f]rom an ethical standpoint, the opinion of this office would be that you have to

obviously comply with <u>Hunter</u> until such time as that determination of the Alabama

Supreme Court, and relevant opinion, is either overturned or set aside." (Ex. D at 2).

     **E.**    **<u>Recent Developments Regarding the Hunter Decision</u>**

     In addition to the above-stated concerns and as a courtesy to this Honorable

Court, Defendants also offer a summary of how certain state courts have addressed this

same issue.  There have been over twenty (20) hearings on this issue throughout the State

regarding whether or not the trial court judge even has the discretion to enter an Order

finding that the statute in question does not apply.  Of those, a very small minority have

entered Orders finding that <u>Hunter</u> is <u>not</u> applicable.  <u>See</u> <u>Powell v. Toyota</u>, Circuit Court

of DeKalb County, Alabama, CV-2004-172, Order entered by Judge Randall Cole

(Attached as Exhibit "E"); <u>Williams v. Ford</u>, Circuit Court of Clarke County, Alabama,

CV-2004-35, Order entered by Judge Baxter (Attached as Exhibit "F"); <u>Natali v. Ford, et</u>

al., Circuit Court of Talladega County, Alabama, CV-2004-815, Order entered by Judge Hollingsworth (Attached as Exhibit "G"); and Kininessi v. Bridgestone/Firestone Inc., et al., Circuit Court of Mobile County, CV-2004-46300, Order entered by Judge Graddick. (Attached as Exhibit "H").  In contrast, many courts have simply orally refused to enter such an Order while others have actually entered written Orders refusing to attempt to circumvent the Hunter decision.  For example, in Blackstock v. KIA Motors, CV-05-27, Judge Sam Monk of the Circuit Court of Cleburne County, Alabama issued the attached Order of September 11, 2006 where he states, in pertinent part, as follows:

> As much as the Court would like to accommodate the requests, it is axiomatic that a court cannot, absent a proper controversy before it, opine, advise or declare as to the nature and extent of a statute, especially one that carries criminal sanctions.  Additionally, this Court has serious reservations as to whether the State Licensure Board has like authority.  It, the Court assumes, cannot immunize anyone from prosecution even though the possibility of such would be remote at best.

(See Exhibit "I").

As a result of the above, it seems clear that, until the Alabama Supreme Court or the Alabama Legislature provides otherwise, Hunter and its interpretation of § 34-11-1(7) are the law of this State.  Consequently, counsel for Defendants believe they are duty bound to obey that law, which requires them to oppose any interpretation of § 34-11-1(7) which is contrary to Hunter.  As such, undersigned counsel working alongside members of the defense bar and plaintiffs' bar has attempted to make every good-faith effort to resolve the current state of the Hunter issue.  Likewise, attached is a possible draft bill which does nothing more than remove from the definition of the "practice of engineering" the words "consultation", "testimony", "investigation", and "evaluation". (See Draft Bill at p.4, attached as Ex. J).  Even though this draft could possibly be revised

before being offered during the March 2007 session of the Alabama Legislature, this is the simplest method to attempt to alleviate the problem. At this time, we have had wide support from both plaintiff and defense bars as well as the industrial base in our State. This is specifically true for the various automotive manufacturers in the state. The only other viable suggestion undersigned counsel has received regarding a quick resolution to the Hunter issue came from the manufacturing sector, recommending that the exemption already granted by the Board for engineers regarding engineers working in manufacturing operations here in the State also be codified. This approach was outlined in the Engineering Board's Advisory Opinion. While some judges in the state have held that the Advisory Opinion took care of the problems, others have questioned whether an Advisory Opinion of an Administrative Agency can aggregate a Legislative Act which has now been upheld by the Alabama Supreme Court. The bill to be introduced will seek to eliminate that confusion.

Also, on February 12, 2007, counsel for Plaintiff and counsel for Defendants conducted a telephonic conference regarding each party's position of what discovery could go forward and what discovery should be stayed. The parties agree that all factual discovery including but not limited to written discovery; depositions of fact witnesses; and depositions of Fed.R.Civ.P. 30(b)(6) representatives (if applicable) could go forward. The parties also agree that the only discovery that would need to be stayed is expert discovery. Although Defendants agree that expert discovery should be stayed at this time, Defendants' opposition to Plaintiff's Motion to Amend Complaint (Doc. No. 55) and Plaintiff's Motion for Leave to File Additional Expert Disclosures Relating to Doors, Door Latches and Door Release Mechanisms (Doc. No. 54/56) remains that the Court can rule upon these motions separately because these motions address deadlines that have

more than already passed. In addition, and as cited in Defendants previously filed briefs, as well as argued at the January 31, 2007 hearing, counsel for Plaintiff had possession of the subject vehicle from March 2004 yet they attempt to argue that a single expert regarding door latches was available to inspect the vehicle from March 2004 until after the January 16, 2007 deadline for Plaintiff's to file Fed.R.Civ.P. 26 expert disclosures, approximately 33-34 months. Furthermore, Plaintiff now relies on the <u>Hunter</u> issue as a reason why additional time is needed to retain a door latch expert yet Plaintiff's Motion for Leave to File Additional Expert Disclosures (Doc. No. 54) fails to make any mention whatsoever of the <u>Hunter</u> issue. Simply stated, in this case, Plaintiff clearly failed to satisfy the "good cause" and "due diligence" inquiry pursuant to Fed.R.Civ. P. 16(b) and as laid out in <u>Sosa v. Airprint Systems, Inc.</u>, 133 F.3d 1417 (11th Cir. 1998) and <u>White v. Volvo Trucks of North America, Inc.</u>, 211 F.R.D. 668, 669-70 (M.D. Ala. 2002). Therefore, Defendants request that Plaintiff's Motion to Amend the Complaint and Plaintiff's Motion for Leave to File Additional Expert Disclosures Related to Door Latches be denied and the Court only stay expert discovery regarding deadlines that have not already passed.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Defendants, Mitsubishi Motors North America, Inc. and Takata Corporation, respectfully request the Court stay the case regarding expert discovery until such time that all <u>Hunter</u> issues are resolved.

Respectfully submitted this 14th day of February, 2007.

                                      **/s/ J. Brannon Maner**
                                        D. Alan Thomas (ASB-8351-T77D)
                                        Gregory L. Schuck (ASB-6885-C62G)
                                        J. Brannon Maner (ASB-4616-S71M)
                                        Attorneys for Defendants,
                                        Mitsubishi Motors North America, Inc. and
                                        Takata Corporation

**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
Telephone: (205) 251-1193
Telecopier: (205) 251-1256

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of February, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of to all attorneys of record.

**All Attorneys of Record:**

Michael G. Strickland, Esq.
mgs@jurytrial.us
Blaine C. Stevens, Esq.
bcelone@aol.com
Attorneys for Plaintiff
STRICKLAND & KENDALL, L.L.C.
420 South Lawrence Street
P.O. Box 99
Montgomery, Alabama 36101-0099

                                      **/s/ J. Brannon Maner**
                                           Of Counsel