EUGENE D. MARTENSON
STANLEY A. CASH
JAMES R. SHAW
ROBERT M. GIRARDEAU
JOHN S. CIVILS, JR.
FRANK E. LANKFORD, JR.
M. KEITH GANN
CHARLES H. CLARK, JR.
JOHN D. HERNDON
J. ALLEN SYDNOR, JR.
D. ALAN THOMAS
WILLIAM G. GANTT
T. KELLY MAY
CHRISTOPHER S. RODGERS
WALTER J. PRICE, III
H. LANIER BROWN, II
GREGORY L. SCHUCK
PHILIP R. COLLINS
THOMAS E. BAZEMORE, III
R. GORDON SPROULE, JR*
MARTHA LEACH THOMPSON
PAUL F. MALEK**
H. CANNON LAWLEY
ANNA-KATHERINE G. BOWMAN

# HUIE, FERNAMBUCQ & STEWART, LLP

ATTORNEYS AT LAW

THREE PROTECTIVE CENTER
2801 HIGHWAY 280 SOUTH
SUITE 200
BIRMINGHAM, ALABAMA 35223-2484
TELEPHONE (205) 251-1193 · FACSIMILE (205) 251-1256
WWW.HFSLLP.COM

C. JEFFERY ASH
JENNIFER D. SEGERS
MICHELLE K. PIERONI
BRADLEY J. MCGIBONEY
DAVID L. BROWN, JR.
J. PATRICK STRUBEL
GERALD C. BROOKS, JR.***
CHARLES J. FLEMING, JR.
S.A. BRADLEY BAKER, III
JASON M. KIRSCHBERG
M. JEREMY DOTSON
JOSEPH R. DUNCAN, JR.
DAVID M. FLEMING
JEFFREY N. WINDHAM
JAMES R. LAWRENCE, III
JOHN I. SOUTHERLAND
DOUGLAS R. KENDRICK
JACOB W. CRAWFORD
JEREMY S. HAZELTON
J. BRANNON MANER
GORDON J. BRADY, III

ALSO MEMBER
*GEORGIA BAR
**KENTUCKY BAR
***MISSISSIPPI BAR

THOMAS B. HUIE
1916-1990
WILLIAM B. FERNAMBUCQ
1922-1997
CHARLES A. STEWART, JR.
1926-1988

Direct Dial No. 205/297-8839
E-Mail Address: DAT@HFSLLP.COM

August 25, 2006

*VIA ELECTRONIC MAIL AND FACSIMILE TRANSMISSION*

J. Anthony McLain, Esq.
General Counsel
Alabama State Bar
The Disciplinary Commission
P. O. Box 671
Montgomery, AL 36101

Re:   Request for Advisory Opinion

Dear Mr. McLain:

    I write to request an opinion from the Alabama State Bar Office of General Counsel with respect to ethical obligations resulting from the *Board of Water & Sewer Commissioners of the City of Mobile vs. Hunter* decision, 2006 WL 2089914 (Ala. July 28, 2006). As I am sure you are keenly aware, the ramifications of the *Hunter* decision on pending civil litigation in our state has been the subject of considerable discussion among both the Bench and Bar of the State. Public hearings have been held before the State of Alabama Board of Licensure for Professional Engineers and Land Surveyors and proposed drafts of Advisory Opinions have been submitted which may or may not alleviate the question of whether expert witnesses would be allowed to testify in civil cases within the state of Alabama without being licensed by the Licensure Board. Additionally, it is my understanding that the *Hunter* decision is currently being briefed on an Application for Re-Hearing. However, at the present time, until there is some resolution by the Supreme Court, the State Legislature, or the Licensure Board, things are somewhat in limbo.

    As I am sure you are also aware, the *Hunter* decision has resulted in numerous judges throughout Alabama staying cases and/or continuing trials. Presumably, this has been done in order to prevent expert witnesses and the attorneys who submit them for deposition or tender their testimony at trial to not be found guilty of violating Ala. Code § 34-11-15(a) (1975).



J. Anthony McLain, Esq.
Page 2
August 25, 2006

      The specific question for which I would request an advisory opinion from the State Bar relates to the applicability of the *Hunter* decision for cases pending in the United States District Court in Alabama. Specifically, following the *Hunter* decision and the resulting turmoil, we filed a motion in one of our United States District Courts to stay expert proceedings and to continue an upcoming automotive products liability trial based upon *Hunter*. Only one of numerous experts in that case is eligible for licensure by the Board as we understand the requirements. That Court has denied the motion and held that the authority of the State to bind the federal court in evidentiary matters is questionable. Further, the Court has held that with respect to the potential for prosecution of a violation of the statute, the statute has been in effect for nine years and, presumably, counsel for both parties were aware of the statute for that period of time. Finally, the Court found that there is only a theoretical possibility that such a prosecution might be brought for violation of the statute with respect to those experts called at trial. Obviously, the possibility of violating any law of this state causes grave concern.

      Additionally, counsel for the other parties in this particular case are not licensed in the state of Alabama, but rather, have been admitted *pro hac vice* by the Federal Court. Given this situation, I would appreciate an advisory opinion to assist us and allow us to advise opposing counsel of the opinion.

      I appreciate your prompt attention to this important issue to both the Bench and Bar of our state.

                              Sincerely yours,

                              HUIE, FERNAMBUCQ & STEWART, LLP

                          By:                                  
                                D. Alan Thomas

DAT/jct