

# ALABAMA STATE BAR
### OFFICE OF GENERAL COUNSEL
415 Dexter Avenue • Post Office Box 671 • Montgomery, Alabama 36101
Telephone: 334 / 269-1515 • Fax: 334 / 261-6311
www.alabar.org

August 29, 2006

Mr. D. Alan Thomas
Huie, Fernambucq & Stewart, LLP
Attorneys at Law
Three Protective Center
2801 Highway 280 S, Suite 200
Birmingham, AL 35223-2484

Re: Request for Advisory Opinion

Dear Mr. Thomas:

I am writing in response to your letter dated August 25, 2006, requesting an ethics opinion from this office. A copy of your letter is attached hereto for reference purposes. In response to your request, I am providing you the following which is an informal opinion of the Office of General Counsel and is not binding on the Disciplinary Commission of the Alabama State Bar.

You state in your letter that the specific question for which you request your advisory opinion "relates to the applicability of the *Hunter* decision for cases pending in the United States District Court in Alabama." Based upon *Hunter*, you requested that the Court continue your upcoming automotive products liability case before that Court, in view of the fact that only one of your numerous experts in that case is eligible for licensure by the Board as you understand the requirements of the Board.

Since your inquiry states no specific question, but merely seeks some discussion about concerns which have been caused by the federal judge's refusal to grant your request for a continuance, the following observations are made.

The situation seems to be one wherein, as pointed out by U.S. District Judge DuBose, your potential witnesses, if presented for testimony, would place both them and you in violation of the statute as interpreted, construed and validated by the Alabama Supreme Court in *Hunter*. Judge DuBose has pointed out that the statute in question has been on the books for almost nine years, and that the lawyers in the case before her are charged with the knowledge of that statute, and adherence thereto.





DEFENDANT'S EXHIBIT
D

Mr. D Alan Thomas
Page Two
August 29, 2006


Thus, the problem does not seem to be Judge DuBose's application of *Hunter*, and whether it applies in the federal domain, or forcing you to violate the law by presenting witnesses whose testimony would be violative of the statute. Rather, it appears that Judge DuBose has ordered the cases to go forward with whatever valid and legal testimony and evidence you may have to present on behalf of your respective clients.

The fact that only one of your witnesses fits within the statutory requirements as determined by *Hunter* is not an issue which has been created by Judge DuBose, nor the federal court system. Judge DuBose's requirement that you proceed to trial with what you have at this point with regard to expert testimony is obviously within the trial court's discretion, and should be adhered to.

The lack of any further expert witnesses on the engineering issue does not present an ethical issue, but, rather, an issue of admissibility as to the Federal Rules of Evidence, while at the same time a compliance issue under the Alabama Supreme Court's recent decision in *Hunter*.

From an ethical standpoint, the opinion of this office would be that you have to obviously comply with *Hunter* until such time as that determination of the Alabama Supreme Court, and relevant opinion, is either overturned or set aside. The fact that compliance with the *Hunter* decision in some way compromises the strength of your products liability case in federal court, is irrelevant, as a matter of ethics.

While your defense of your client may be somewhat hindered by the *Hunter* opinion, such would not justify your presenting witnesses or testimony which would be violative of a state's statute or applicable case law.

The second prong of your ethical obligations would be to comply with the directives of Judge DuBose as the judge presiding over your litigation. This opinion does not reach, and has no jurisdiction over, Judge DuBose's observations that question the authority of the *Hunter* decision in federal court, nor the issue of potential prosecution for violators of the statute as referenced in *Hunter*.

While this opinion obviously does not give you any legal support for your case, nor your efforts to seek a continuance until this area of the law is further clarified or modified, the primary concerns of this office would be that you not engage in any type of conduct which would violate the statute or the holding of *Hunter*, as it presently stands, and to proceed consistent with the directives of the federal court judge presiding over your case.

Mr. D. Alan Thomas
Page Three
August 29, 2006


If you have any further questions concerning this matter, please do not hesitate to contact this office.

Sincerely,

*Anthony McLain*

J. Anthony McLain
General Counsel

enclosure

JAM/vf