| | |
|---|---|
| SHERRY POWELL, as the Custodial Parent of KENYA SHAREE BAIN, a minor child, who is now deceased,<br><br>Plaintiff,<br><br>vs.<br><br>TOYOTA MOTOR CORPORATION; TOYOTA MOTOR SALES, U.S.A., INC.; SOUTHEAST TOYOTA DISTRIBUTORS, LLC; and TAKATA CORPORATION, et al,<br><br>Defendants. | IN THE CIRCUIT COURT OF<br><br>DEKALB COUNTY, ALABAMA<br><br>Civil Action No: CV-2004-172<br><br>FILED<br>OCT 2 7 2006<br>CIRCUIT CLERK<br>DeKALB COUNTY |

## ORDER

The court conducted a pre-trial conference with counsel on October 25, 2006. One of the issues discussed at the conference was whether certain engineers whom the parties expect to call at trial, who are not licensed in this State, will be permitted to testify. The issue arises from the recent decision of the Alabama Supreme Court in the case of *Board of Water and Sewer Commissioners of the City of Mobile v. Hunter*, 2006 WL 2089914 (Ala.), wherein the Court upheld the statute defining "practice of engineering" to include giving testimony.

Counsel for the parties have requested a determination from this court as to the applicability of that statute, Section 34-11-1, et seq, Code of Alabama (1975), on the testimony of the engineer witnesses whom they expect to call, giving consideration to an advisory opinion issued by the State Board of Licensure for Professional Engineers and Land Surveyors on August 28, 2006, subsequent to the Supreme Court's *Hunter*



DEFENDANT'S EXHIBIT E

decision. The Licensure Board's advisory opinion states that it is being issued as a means of giving guidance to the bench and bar in light of the *Hunter* decision.

The advisory opinion references the following definition of the term "testimony" as defined under Regulation 330-X-2.01(19):

> (19) The term "testimony" as used in Section 34-11-1(7) and 34-11-1(8), Code of Alabama, 1975, shall mean a declaration made by a witness under oath or affirmation related to engineering and surveying activities in the State of Alabama.

Relying upon the above definition of "testimony," the Board concluded that the practice of engineering is limited to testimony related to engineering activities in the State of Alabama, and that a person who is not licensed in engineering would not be prevented from testifying in Alabama about engineering work or design performed outside of Alabama, such as the design of an automobile part or other product designed outside of the State of Alabama, nor would one be prevented from offering opposing testimony should the court declare the opposing expert otherwise qualified.

In *Hunter*, supra, the Supreme Court stated:

> [I]f a person has any uncertainty as to whether his or her proposed testimony falls within the meaning of the "practice of engineering," the Licensure Act allows him or her to obtain an advisory opinion from the Licensure Board as to whether the statute had or will be triggered. See Regulation 330-X-1-.12, Ala. Admin. Code (Alabama State Board of Registration for Professional Engineers and Land Surveyors). Thus, a person wanting to testify to engineering matters within this State need not wait until after the testimony to determine whether it runs afoul of the Licensure Act.

Although the prospective witnesses in this case have not sought an advisory opinion relative to the specific testimony that they expect to offer, it appears to this court

FILED
OCT 27 2006
CIRCUIT CLERK
DeKALB COUNTY

that the advisory opinion of the Licensure Board hereinabove referenced can be relied upon to permit their testimony within the parameters set by that opinion.

Accordingly, the court finds and IT IS ADJDUGED that the prohibition against engineering testimony found in Section 34-11-1(7) shall not be applicable to the testimony of prospective witnesses in this case so long as the testimony is consistent with that permitted in the Licensure Board's advisory opinion of August 28, 2006.

In view of this determination, it is further ORDERED that this case is set for trial on February 12, 2007, at 9 a.m.

DATED October 27, 2006.



Randall L. Cole
CIRCUIT JUDGE

COPIES TO:

J. Greg Allen
Robert K. Jordan

Eugene D. Martenson
H. Lanier Brown, II
S.A. Bradley Baker, III
Christopher C. Spencer
A. Joe Peddy
Joel H. Smith
E. Allen Dodd, Jr.

ATTORNEY FOR:

Plaintiff(s) Sherry Powell, et al

Defendant(s) Toyota Motor Corp., Toyota Motor Sales, U.S.A., Inc., Southeast Toyota Distributors, LLC and Takata Seat Belts, Inc.

FILED
OCT 27 2006
DeKALB COUNTY