

DEFENDANT'S EXHIBIT F

IN THE CIRCUIT COURT
FOR CLARKE COUNTY, ALABAMA

MINNIE LEE WILLIAMS, as Personal )
Representative of Terry K. Williams, )
deceased; TALISA COX, Individually and as )
the next friend of Montiara Dominique Cox )
and Deoente Travon Jackson, minor children )
and dependents of Terry K. Williams, )
deceased; ROBERT WILLIAMS, )
Individually, )
                                                )
      Plaintiffs,              )
                                                )
vs.                                                   )
                                                )   CIVIL ACTION NO. CV-2004-35
FORD MOTOR COMPANY; HAMILTON )
TIMBER COMPANY, LTD.; CHARLES )
HAMILTON, D/B/A NANAFALIA )
LOGGING; et al. )
                                                )
     Defendants.            )

## ORDER ON DEFENDANT FORD MOTOR COMPANY'S EMERGENCY MOTION TO CONTINUE AND PLAINTIFF'S MOTION FOR DETERMINATION OF APPLICABILITY OF ALABAMA CODE (1975) §34-11-1

This matter comes before the Court on Defendant Ford Motor Company's Emergency Motion to Continue and Plaintiff's Motion for Determination of Applicability of Alabama Code (1975) §34-11-1 for expected expert testimony to be offered by the parties at the trial of this case. Upon consideration of said motions, and the arguments made therein, it is the opinion of this Court that Alabama Code (1975) §34-11-1 does not apply to the expert testimony anticipated to be offered by the parties at the trial of this case. IT IS, THEREFORE,

**ORDERED, ADJUDGED and DECREED** by this Court as follows:

1. Engineering testimony expected to be offered by the parties in this case regarding the design, manufacture and testing of the 2002 Ford F-450 which is the basis of this suit, does not trigger Ala. Code (1975) §34-11-1. Expert testimony regarding the design, manufacturing, and testing of the subject vehicle, which occurred outside the State of Alabama, does not constitute engineering activities in the State of Alabama. According to Ala. Code (1975) §34-11-1(7), the "practice of engineering" includes

"testimony." The Alabama Administrative Code Regulation 330-x-2-.01(19) defines "testimony" as "a declaration made by a witness under oath or affirmation related to engineering and surveying activities in the State of Alabama." The vehicle made the basis of this suit was engineered and designed outside the State of Alabama. The vehicle was manufactured and tested outside the State of Alabama. As such, testimony related to such activities does not relate to "engineering and surveying activities in the State of Alabama." Thus, any witness testifying regarding the design, manufacturing or testing of the vehicle (all of which was conducted outside the State of Alabama) would not be providing "testimony" as that term is defined in Ala. Code (1975) §34-11-1(7) and Alabama Administrative Code Regulation 330-x-2-.01(19).

2. Further, accident reconstruction, biomechanics, and occupant kinematics can be adequately performed without the necessity of an engineering education, training, or experience. (See Advisory Opinion of the State Board of Licensure for Professional Engineers and Land Surveyors dated August 28, 2006). As such, the Court finds that such services can be adequately performed without the necessity of an engineering education. Accordingly, the parties will be allowed to offer expert testimony regarding accident reconstruction, biomechanics, and occupant kinematics because such testimony does not fall within the definition of the "practice of engineering" as set forth in Ala. Code (1975) §34-11-1(7).

3. Based on the foregoing, Defendant Ford Motor Company's Emergency Motion to Continue is denied.

DONE AND ORDERED this the 26th day of October, 2006.

_____
CIRCUIT COURT JUDGE

10-26-2006

cc: J.P. Sawyer
Joseph C. McCorquodale, III
De Martenson
David Brown
Ronnie E. Keahey