

DEFENDANT'S EXHIBIT

IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA

| | |
|---|---|
| DEBBIE NATALI, Administratrix of the Estate of CARL NATALI, <br><br> Plaintiff, <br><br> vs. <br><br> FORD MOTOR COMPANY, a corporation JONATHON KEITH MURNER, an individual et al., <br><br> Defendants. | §§§§§§§§§§§§§ Civil Action No. CV-2004-815 |

## ORDER

This matter comes before the Court on the Plaintiff's motion for determination of applicability of Alabama Code (1975) §34-11-1 to expected expert testimony to be offered at the trial of this case. Upon consideration of said motion, oral argument of the parties, briefs of the parties, and the August 28, 2006 Advisory Opinion issued by the State Board of Licensure for Professional Engineers and Land Surveyors, it is the opinion of this Court that Alabama Code (1975) §34-11-1 does not apply to the expert testimony anticipated to be offered at the trial of this case. IT IS, THEREFORE,

ORDERED, ADJUDGED and DECREED by this Court as follows:

1. Engineering testimony expected to be offered by the parties in this case regarding the design of the 1987 Bronco II, which is the basis of this suit, does not

trigger Ala. Code (1975) §34-11-1. Expert testimony regarding the design of the subject vehicle, which occurred in the State of Michigan, does not constitute engineering activities in the State of Alabama. According to Ala. Code (1975) §34-11-1(7), the "practice of engineering" includes "testimony." The Alabama Administrative Code Regulation 330-x-2-.01(19) defines "testimony" as "a declaration made by a witness under oath or affirmation related to engineering and surveying activities in the State of Alabama." The vehicle made the basis of this suit was engineered, manufactured and designed in the State of Michigan. As such, design testimony related to such activities does not relate to "engineering and surveying activities in the State of Alabama." Thus, any witness testifying regarding the design of the vehicle which occurred in Michigan would not be providing "testimony" as that term is defined in Ala. Code (1975) §34-11-1(7) and Alabama Administrative Code Regulation 330-x-2-.01(19).

2. Further, accident reconstruction, biomechanics and occupant kinematics can be adequately performed without the necessity of an engineering education, training, or experience. (See Advisory Opinion of the State Board of Licensure for Professional Engineers and Land Surveyors, dated August 28, 2006). In fact, Alabama State Troopers and other law enforcement officials are allowed to provide accident reconstruction testimony in the courts of Alabama as long as they have the training, background and experience necessary to meet the requirements of Rule 702 of the *Alabama Rules of Evidence*. Accident reconstruction performed by law enforcement is

typically performed by individuals who do not have engineering degrees or professional engineering licenses. As such, the Court finds that such services can be adequately performed without the necessity of an engineering education. Accordingly, the parties will be allowed to offer expert testimony regarding accident reconstruction because such testimony does not fall within the definition of the "practice of engineering" as set forth in Ala. Code (1975) §34-11-1(7).

3. Although the prospective witnesses in this case have not sought an advisory opinion relative to the specific testimony that they expect to offer, it appears to this Court that the advisory opinion of the Licensure Board hereinabove referenced can be relied upon to permit their testimony within the parameters set by the Opinion.

Accordingly, the court finds and IT IS ADJUDGED that the prohibition against engineering testimony found in §34-11-1(7) shall not be applicable to the testimony of prospective witnesses in this case so long as the testimony is consistent with that permitted in the Licensure Board's Advisory Opinion of August 28, 2006.

DONE AND ORDERED, this the 4th day of DECEMBER, 2006.

_____
HONORABLE WILLIAM E. HOLLINGSWORTH, III
CIRCUIT COURT JUDGE

cc: All Counsel of Record

3