

SEVENTH JUDICIAL CIRCUIT OF ALABAMA
Circuit Court of Cleburne County

| | | |
|---|---|---|
| THOMAS MARION BLACKSTOCK, as personal representative of the Estate of Billie Jean Blackstock, | § § § | |
| Plaintiff, | § | |
| VS | § | CASE NUMBER: CV-05-27 |
| KIA MOTORS AMERICA, INC., et al., | § | |
| Defendants. | § | |

### ORDER

The counsel for Defendant Kia Motors has requested an order of this Court declaring that certain expert witnesses testifying or expected to testify in this case by deposition or otherwise would not be in violation of §34-11-1 and/or §34-11-14(1), <u>Code of Alabama 1975</u>, in light of the advisory or declaratory opinion issued by the State Board of Licensure for Professional Engineers and Land Surveyors subsequent to the release of <i>Board of Water and Sewer Commissioners of Mobile v. Hunter,</i> ____ So.2d ____, 2006 WL 2089914 (Ala.).

As much as the Court would like to accommodate the request, it is axiomatic that a court cannot, absent a proper controversy before it, opine, advise or declare as to the nature and extent of a statute, especially one that carries criminal sanctions. Additionally, this Court has serious reservations as to whether the State Licensure Board has like legal authority. It, the Court assumes, cannot immunize anyone from prosecution even though the possibility of such would be remote at best.

The legal system of Alabama has been served up with a controversy not of its own

C:\Documents and Settings\sara.starling.AOC\My Documents\2006\06CLEBURNE\blackstockthomas.expertwitness.doc

making that has the potential of bringing certain litigation in this state to an abrupt halt. How the controversy is resolved is yet to be fully seen.

The Court would suggest that any expert whose testimony appears to fall within the definition of engineering simply apply for temporary licensure in Alabama. If the application is rejected as not warranted, then the witness has done all he or she could do to comply with Alabama law; if issued, there is no question remaining. This Court is in the business of initially determining or passing upon the *bona fides* of an expert witness's testimony and not whether he/she is violating some ridiculous definition assigned to the definition of "engineering" by the Alabama Legislature clearly to protect the professional turf of its own citizen-engineers from "outsiders".

A copy of this ORDER shall be forwarded to all parties.

**DONE and ORDERED** this the 11th day of September 2006

SAMUEL H. MONK, II
CIRCUIT JUDGE