IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TRENESA THOMAS , as the Administrator    )
for the estate of DORA PARKER BERNARD,)
                   Plaintiffs,       )
                             )
vs.                             )     CIVIL ACTION NO.  2:06cv308-WHA
                             )
MITSUBISHI MOTOR NORTH AMERICA, )     (WO)
INC., *et al.* ,                )
                             )
               Defendants.      )

## **<u>MEMORANDUM OPINION AND ORDER</u>**

       This cause is before the court on a Motion for Leave of Court to File Additional

Plaintiff's Expert Disclosures Relating to Doors, Door Latches and Door Release Mechanisms

(Doc. #54), a Motion to Amend/Correct Complaint (Doc. #56), and a Motion to Continue (Doc.

#57), filed by the Plaintiff, Trenesa Thomas, as Administrator for the estate of Dora Parker

Bernard.

       This is a wrongful death action in which it is alleged that Dora Parker Bernard was killed

on March 7, 2004, in a Mitsubishi vehicle as a proximate result of defects in the vehicle.  The

Plaintiff originally brought claims in this case in the Circuit Court of Lowndes County,

Alabama.  The Defendants removed the case to federal court on the basis of diversity

jurisdiction, and this court granted a motion to dismiss a non-diverse defendant for lack of in

personam jurisdiction and denied a motion to remand, finding that diversity subject matter

jurisdiction exists in this case.

       Through the Plaintiff's various motions which are currently pending, she has asked for

relief from deadlines which are set in the Uniform Scheduling Order governing this case and

which had passed at the time the motions were filed.  Specifically, she asks for relief from deadlines governing amendment of the pleadings and disclosures of experts, in order to add a claim to the Complaint alleging a defectively designed braking system,[1] to continue the case to allow discovery on this new theory, and to disclose experts in regard to the claim of defective doors, door latches, and door release mechanisms, contained in the original Complaint.  The Defendants object.

Rule 16(b) of the Federal Rules of Civil Procedure provides that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge ...." The Advisory Committee notes to Rule 16 point out that "[t]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." *See also Sosa v. Airprint Systems, Inc*., 133 F.3d 1417, 1418 (11th Cir.1998). This court has previously applied the diligence requirement embodied in Rule 16 to a request to disclose an expert outside of the deadline. *See White v. Volvo Trucks of North America, Inc.,* 211 F.R.D. 668, 669 -670 (M.D. Ala. 2002).

The Report of Parties' Planning Meeting, which was submitted by the parties in this case on June 30, 2006, requested a deadline of January 5, 2007 to disclose the Plaintiff's expert reports, and a deadline of on or before February 16, 2007 for Plaintiff's experts to be submitted for deposition.  The joint Report also requested a December 1, 2006 deadline for the Plaintiff to amend the pleadings.  The Uniform Scheduling Order, entered in this case on July 5, 2006, set these dates as requested by both the Plaintiff and the Defendants.

---

[1] The Motion to Amend did not comply with the requirements of Local Rule 15.1, in that it did not attach a copy of the proposed Amended Complaint.

On December 19, 2006, Plaintiff's counsel contacted defense counsel and requested an additional ten days, until January 15, 2007, to file expert disclosures. The Defendants, who agreed to the ten day extension, have provided to the court the expert disclosures received from the Plaintiff on January 16, 2007, to demonstrate that none of the experts disclosed are experts on doors, door latches, or door release mechanisms. The motions now before the court were also filed on January 16, 2007. The Motion to Amend stated that the new theory sought to be untimely added was "only recently discovered," and the motion to allow additional expert disclosures alleged that a new expert on this new theory of defect could not be available to inspect the vehicle before February 12, 2007.

At the oral argument held on the pending motions, counsel for the Plaintiff offered as an explanation for his failure to meet the deadlines, that the expert he was seeking to engage was not available to inspect the vehicle in question until March of 2007. Plaintiff's counsel stated that another expert, Dr. Rudy Limpert, found tissue and clothing inside the door of the vehicle at issue when, at the request of Plaintiff's counsel, he inspected the vehicle in March, 2004, just days after the accident which killed Ms. Bernard. Plaintiff's counsel stated, therefore, that even though he had taken possession of the vehicle days after the accident and had had it stored in Birmingham ever since, because the door latch was "the most obvious defect," no expert regarding that defect was engaged by the Plaintiff's counsel initially. Plaintiff's counsel further stated that there are few experts in this area, and that one expert he had worked with in the past was suffering from health problems. Finally, Plaintiff's counsel pointed to *Board of Water and Sewer Com'rs of City of Mobile v. Hunter,* No. 1050067, 2006 WL 2089914, *8 (Ala. July 28,

2006), an Alabama Supreme Court decision regarding a state statute that sets out requirements for engineers who offer testimony in Alabama cases, and explained that he was delayed in seeking an expert because of the case while he waited for guidance on that decision. The only explanations given by the Plaintiff, however, for waiting to retain a door latch expert before July 2006, were that the door latch was an obvious defect, and that one of the door latch experts considered had some undefined health problems.

> In *White*, this court set forth the following reasoning:
>
> It has been the long-standing and consistent practice of this court to enter deadlines for disclosure of witnesses after obtaining proposals from counsel for the parties, and to then enforce those deadlines.
>
> * * *
>
> If this court were to allow such late disclosure under the facts in this case, it would be most difficult for the court to insist on compliance with deadlines set in its many other cases. Allowance of use of this expert witness in this case would, in effect, render such deadlines set in Rule 16 Scheduling Orders meaningless. Thus, the integrity of scheduling orders in all cases before the court, and not just in this case, is implicated.

*Id.* at 670.

The court finds that the same reasoning applies in this case. Plaintiff's counsel admitted that he was aware within days of the accident which occurred in 2004 that there was a door latch issue in this case, as a result of an inspection of the car by another type of expert that he had retained. The Alabama Supreme Court decision pointed to by the Plaintiff, *Hunter*, was decided at the end of July 2006, but no request for an extension of time to obtain a door latch expert was made at that time. Other experts were secured by the Plaintiff and disclosed in a timely manner, and those experts also suffer the same deficiency of licensing under the *Hunter* case as do the door latch experts who now have been pointed to by the Plaintiff. There is nothing in the *Hunter*

decision that would have in any way prevented the Plaintiff from securing a door latch expert and filing expert disclosures in a timely manner, regardless of any problem in putting the expert up for deposition. Further, at no time prior to the expiration of the deadline did the Plaintiff express to the court that the *Hunter* decision was posing a difficulty in the disclosure of experts. This court must conclude that *Hunter* had no relevance to due diligence, and Plaintiff's counsel has failed to show that the deadline for disclosing experts could not have been met with the exercise of due diligence.

The Motions to Amend and to Continue are also governed by a due diligence standard. In *Sosa*, the Eleventh Circuit stated that "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.' " *Sosa*, 133 at 1418.

The Report of Parties' Planning Meeting requested, and consequently the Uniform Scheduling Order set, a deadline of December 1, 2006 for the Plaintiff to amend the pleadings. In support of the Motion to Amend, the Plaintiff points to the report of Dr. Rudy Limpert which is dated January 15, 2007, and which states that he inspected the vehicle on January 12, 2007. The Defendants state that the report itself was disclosed to them on January 16, 2007, which is one day past the extended deadline for expert disclosures, and well over a month past the deadline to amend the pleadings.

At the oral argument held in this case, the counsel for the Plaintiff explained that Dr. Rudy Limpert only determined that there was an issue regarding the brakes of the vehicle in question when he performed his final inspection on January 12, 2007 to insure that he had not missed anything. The Plaintiff's counsel also stated, however, that Dr. Limpert examined the

vehicle in question within days of the accident in 2004.   The discovery made by Dr. Limpert

nearly three years after his initial inspection, which the Plaintiff contends necessitates an

extension of time and consequently a continuance for further discovery, was of the type of

brakes with which the vehicle was equipped, a standard front disc/rear drum brake system

without ABS, rather than an ABS system which the owner's manual indicated was available as

an option, and was not unique to this particular vehicle.   Based on these facts, this court

concludes that Plaintiff's counsel has not shown that the deadline for an amendment which would

add a completely new theory of liability and which deadline had been set on the date requested

by Plaintiff's counsel himself, could not have been met with the exercise of due diligence.

In addition, the mere fact that a stay of expert discovery has been agreed to by the parties

in light of the *Hunter* decision does not remove the requirement that the Plaintiff show the

deadlines for disclosure of experts and to amend the Complaint could not have been met with the

exercise of due diligence.   As both this court and the Eleventh Circuit has consistently noted,

adherence to deadlines once set is essential to the orderly processing of cases and to the

assurance that all parties have a level playing field.   If the court were to excuse adherence to

deadlines in this case merely because a stay of discovery might entail less prejudice to the

Defendant, it would completely change the legal standard to be applied, and would make it

difficult to justify enforcement of Uniform Scheduling Order deadlines in future cases.

For the reasons discussed, the Motion for Leave of Court to File Additional Plaintiff's

Expert Disclosures Relating to Doors, Door Latches and Door Release Mechanisms (Doc. #54),

Motion to Amend/Correct Complaint (Doc. #56), and Motion to Continue (Doc. #57) are

ORDERED DENIED.

DONE this 26th day of February, 2007.


/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE