IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **TRENESA THOMAS** as the Administrator for the estate of **DORA PARKER BERNARD,** now deceased, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   CASE NO. 2:06-CV-00308-WHA |
| **MITSUBISHI MOTORS NORTH AMERICA, INC.; et al.,** | )<br>)<br>)<br>) |
| Defendants. | ) |

## MITSUBISHI MOTORS NORTH AMERICA, INC. AND TAKATA CORPORATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT

COME NOW, the Defendants, Mitsubishi Motors North America, Inc. (MMNA) and Takata Corporation (collectively as "Defendants"), and moves this Honorable Court for Partial Summary Judgment that concerns certain claims of the Plaintiff against these Defendants as there is no genuine issue of material fact and Defendants are due summary judgment as a matter of law. Defendants' Motion for Summary Judgment is due to be granted for the following reasons:

1. This case involves a wrongful death action arising out of a single-vehicle accident which occurred on March 7, 2004. (See Pl. Compl. at ¶ 13, Ex. A). On March 7, 2004, Plaintiff's decedent, Dora Parker Bernard, was operating a 2003 Mitsubishi Montero Sport on U.S. Interstate Highway 65 in Lowndes County when allegedly a "phantom vehicle" passed Ms. Bernard in the emergency lane causing her to lose control of the vehicle. As a result, the Plaintiff's decedent's vehicle went out of control, left the roadway and overturned resulting in the death of Ms. Bernard. (Id. at ¶¶ 17-18, Ex. A).

2. In her Complaint, Plaintiff asserted allegations against Defendants under the Alabama Extended Manufacturers Liability Doctrine (AEMLD) regarding defect allegations pertaining to design, manufacture, marketing, sale and/or distribution, advertising and promotion and failure to warn; negligence and/or wantonness; and allegations under the Wrongful Death Act. (See Pl. Compl. at Count One, Count Two, Count Three and Count Six, attached as Ex. A). Specifically, in Count One, Plaintiff pled that the subject vehicle was defective and unreasonably dangerous regarding "seatbelt malfunction, door latch malfunction, roof structure failure, instability and general uncrashworthiness and other failure modes … ." (Id. at ¶¶ 31-36; see also Pl's Compl. at ¶¶ 47, 52, attached as Ex. A). In Count Two, Plaintiff pled that Defendants "failed to warn or otherwise notify the intended users or consumers of the dangerously defective conditions." (Id. at ¶ 42; see also Pl's Compl. at ¶ 47, attached as Ex. A). Likewise, in Count Three, Plaintiff pled that Defendants "negligently and/or wantonly designed, manufactured, sold, failed to warn and/or failed to provide adequate recalls on the subject 2003 Mitsubishi Montero Sport's vehicle instability, inadequate seatbelt restraint system, inadequate door latch, inadequate roof structure, instability and general crashworthiness…." (Id. at ¶ 52, attached as Ex. A).

3. On January 16, 2007, Plaintiff provided Plaintiff's Rule 26(2)(a)(b) Expert Disclosures ("Plaintiff's Expert Disclosures") which listed the following experts: 1) Kenneth A. Brown (Seatbelt/Restraint System); 2) Paul Lewis, Jr., M.S. (Kinematics/Biomechanics); and 3) Rudy Limpert, Ph.D. (Mechanical Engineer/Braking/Reconstruction). (See Pl's Expert Disc. attached hereto as Ex. B). Specifically, Plaintiff's Expert Disclosures provided:

> 1) "Mr. Brown will testify as to the weaknesses in the design of the restraint system of the 2003 Mitsubishi

2

> Montero Sport which is the subject of this litigation. Mr. Brown will further testify as to alternative design for the 2003 Mitsubishi Montero Sport consistent with his report and deposition testimony not yet taken."
>
> …
>
> 2) "Mr. Lewis will provide analysis and conclusions relative to the kinematics and biomechanics involved with the death of Dora Bernard consistent with his report and deposition." … and
>
> 3) "Dr. Limpert will testify concerning his analysis and conclusion related to the crash of the 2003 Mitsubishi Montero Sport and braking system.[1]  Dr. Limpert will further testify to a design alternative for the 2003 Mitsubishi Montero Sport and testify consistent with his report and deposition testimony not yet obtained."

(Pl's Expert Disc. at 1-2, Ex. B).

    4.    Based on Plaintiff's Expert Disclosures and the expert reports provided with same, Plaintiff did not disclose any expert witness nor did any of the expert reports submitted by Plaintiff address Plaintiff's defect and negligence/wantonness allegations regarding (1) "door latch malfunction"; (2) "roof structure failure"; (3) "instability"; or "inadequate stability"; (4) "general uncrashworthiness and other failure modes"; (5) failure to warn; (6) manufacturing defect; and (7) marketing, sale and/or distribution, advertising and promotion. Thus, Plaintiff's claims against Defendants regarding these subject areas are due to be dismissed as Plaintiff has failed to satisfy her burden of proof under Alabama law.  Simply stated, Plaintiff failed to provide any evidence, much less substantial evidence, of a defect in these subject areas. See Caudel v. Partridge, 566 So. 2d 244, 247 (Ala. 1990) ("In order to prove the product's defective nature and its nexus with the plaintiff's injuries, 'ordinarily, expert testimony is required because of the

---

[1]     Plaintiff's Complaint does not include any brake defect allegation and the Defendants refer the Court to its Memorandum Opinion and Order (Doc. #68) issued February 26, 2007, denying Plaintiff's Motion to Amend Complaint to add a brake or braking system defect allegation.  Therefore, any expert

complex and technical nature of the commodity'".) (*citing* Sears, Roebuck & Co. v. Havenhills Farm, Inc., 395 So. 2d 991, 995 (Ala. 1981)).

5.  Likewise, Plaintiff, thru her proposed expert witnesses and expert reports, failed to provide any alternative design regarding the subject 2003 Mitsubishi Montero Sport and Plaintiff's allegations of defect or negligence/wantonness regarding (1) "door latch malfunction"; (2) "roof structure failure"; (3) vehicle "instability" or "inadequate stability"; (4) "general uncrashworthiness and other failure modes"; (5) failure to warn; (6) manufacturing defect; and (7) marketing, sale and/or distribution, advertising and promotion. Thus, Plaintiff's claims against Defendants in these subject areas are due to be dismissed as Plaintiff has failed to provide any evidence, much less substantial evidence, of a defect.  See Beech v. Outboard Marine Corp., 584 So. 2d 447, 450 (Ala. 1991) ("[i]n order to prove that a product is defective for purposes of the AEMLD, Plaintiff must prove that a safer, practical, alternative design was available to the manufacturer at the time that it was manufactured ….") (emphasis added) (*quoting* General Motors Corp. v. Edwards, 482 So. 2d 1179, 1191 (Ala. 1985), *overruled on other grounds*, Schwartz v. Volvo North America Corp., 554 So. 2d 927 (Ala. 1989)); see also Hannah v. Gregg, Bland & Berry, Inc., 840 So. 2d 839, 858 (Ala. 2002).

6.  To the extent that Plaintiff's failure to warn claim involves a post-manufacture or post-sale duty to warn, retrofit and/or recall, Defendants provide that no Alabama case exists adopting such a duty.  Alabama law does not recognize a post-sale or post-manufacturer duty to retrofit and/or recall a product.  Moreover, other jurisdictions with similar product liability laws have determined that no such duty exists. See, e.g., Anderson v. Nissan Motor Co., LTD, 139 F. 3d 599 (8th Cir. 1998).  Therefore,

---

testimony or opinion regarding an alleged brake or braking system defect is moot and should not be

in addition to Plaintiff's failure to warn claim failing for the lack of expert testimony in support of same, Plaintiff's failure to warn claim also fails as a matter of law regarding a post-manufacture or post-sale duty to warn.

7.     As the Court[2] is aware, the depositions of the individuals listed in Plaintiff's Expert Disclosures have not taken place based on the current status of the law in the State of Alabama regarding the Licensure Act (Ala. Code § 34-11-1(7)) and the Alabama Supreme Court's broad interpretation of same in <u>Board of Water and Sewer Commissioners of City of Mobile v. James Hunter</u> ("<u>Hunter</u>"), No. 1050067, __ So.2d __, 2006 WL 2089914 (Ala. July 28, 2006). However, in the interest of fully complying with the Court's previously entered Rule 16 Uniform Scheduling Order setting the deadline for all dispositive motions, Defendants timely file this Motion for Partial Summary Judgment regarding the issues addressed herein and as discussed in Defendants' Memorandum of Law in Support of Partial Summary Judgment addressing issues that <u>can</u> be heard by the Court at this time although expert discovery has currently been stayed. In addition, Defendants respectfully seek leave from the Court through its separately filed Motion for Leave to Extend the Filing Deadline Regarding Dispositive Motions Concerning Issues Currently Stayed Per the Court's Order as filed contemporaneously herewith regarding issues involving expert discovery which are currently stayed per the Court's Order (Doc. # 69).

8.     Defendants adopt and incorporate its Memorandum Brief in Support of its Motion for Summary Judgment as if fully set out herein.

---

allowed.
[2]     Defendants refer the Court to its previously issued Order (Doc. #69) dated February 26, 2007 staying all expert discovery in the present case.

## CONCLUSION

For the above-stated reasons, Defendants Mitsubishi Motors North America, Inc. and Takata Corporation, respectfully request that this Court grant its Motion for Partial Summary Judgment as there is no genuine issue of any material fact and Defendants are entitled to judgment as a matter of law with respect to Plaintiff's defect and negligence allegations of Plaintiff's Count One, Count Two, and Count Three concerning: (1) automotive doors and door latches; (2) roof structure and roof strength; (3) vehicle stability and rollover resistance; (4) general crashworthiness; (5) failure to warn; (6) manufacturing defect; and (7) marketing, sale and/or distribution, advertising and promotion.

Respectfully submitted this 1st day of March, 2007.

      /s/ J. Brannon Maner
D. Alan Thomas (ASB-8351-T77D)
Gregory L. Schuck (ASB-6885-C62G)
J. Brannon Maner (ASB-4616-S71M)
Attorneys for Defendants,
Mitsubishi Motors North America, Inc. and
Takata Corporation

**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
Telephone: (205) 251-1193
Telecopier: (205) 251-1256

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of March, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of to all attorneys of record.

**All Attorneys of Record:**

Michael G. Strickland, Esq.
mgs@jurytrial.us
Blaine C. Stevens, Esq.
bcelone@aol.com
Attorneys for Plaintiff
STRICKLAND & KENDALL, L.L.C.
420 South Lawrence Street
P.O. Box 99
Montgomery, Alabama 36101-0099

                                                **/s/ J. Brannon Maner**
                                                     Of Counsel