# RUDY LIMPERT, PhD
Mechanical Engineering
1071 East Tollgate Road
Park City, Utah 84098

Telephone: 435-615-2729 / Cell Phone: 801-201-2532 / Fax: 435-658-5752
E-Mail: PROSOURC@XMISSION.COM

_Accident Reconstruction_                                      _Product Liability Analysis_

Mr. Michael G. Strickland                                               January 15, 2007

STRICKLAND & KENDALL, L.L.C.
420 South Lawrence Street
P.O. Box 99
Montgomery, Alabama 36101

Re: Dora Bernard

Dear Mr. Strickland:

My opinions to date are based upon information obtained from the following:

1. Alabama Uniform Traffic Accident Report 4501113
2. Accident Scene Photographs
3. Answers to Complaints
4. Subject vehicle Owners Manual
5. My accident site inspection on March 16, 2004
6. My subject vehicle inspection on January 12, 2007.

The accident occurred on March 3, 2004 when a 2003 Mitsubishi Montero Sport ES operated by Dora Bernard rolled over several times in the median traveling southbound on Interstate 65. Initially, the vehicle traveled in the number 2 lane when a non-contact vehicle passing her on the right side on the paved shoulder forced the Mitsubishi to the left. The vehicle left the pavement on the east side of the freeway in a straight direction, immediately followed by a clockwise rotation in the grass area of the median.

The subject rear-wheel drive 2003 Mitsubishi Montero Sport ES is equipped with an outdated front disc/rear drum brake system without ABS or load sensitive proportional brake system. The owner's manual indicates that ABS brakes are optional.

After the vehicle had left the pavement, it rotated approximately 90 degrees in the grass median over a distance of approximately 152 ft at which point the left side tires tripped the vehicle into a multiple driver-side leading rollover.

The speed was approximately 72 mph when the vehicle left the pavement, and approximately 61 mph at the moment the vehicle was tripped. The vehicle traveled approximately 311 ft from the point of trip to the point of rest.



DEFENDANT'S EXHIBIT E

Examination of both exterior and interior damage revealed the following evidence:

1. Two separate ground contacts on the left or driver side of the vehicle. The first one in time involved backwards sliding on its side, the second one vertical sliding/impact tearing the top of the drivers' side door down.

2. Two separate ground contacts on the left rear of the vehicle. One on the upper D-pillar, the second one to the lower left rear corner.

3. One ground contact on the upper left D-pillar (most likely part of (2) above), across top of rear lift gate and right upper D-pillar. It is likely that the ground contact across the rear top of the vehicle were made in one single connected motion with a heavier concentration of force on the left rear upper corner of the vehicle.

4. Ground contact near the bottom of right rear corner (probably near end of roll events), with minor damage and water/mud contact.

5. No ground contact below the right side window line on either the quarter panel, rear door, or front door.

6. Ground contact(s) along right side C, B, and A-pillars at the edge of the roofline and right front fender.

7. Ground contact on right front fender in a vertical direction, as well as the ground contact indicated in (6).

8. No rollover ground impacts involving the tires/rims after tripping, and the lack of any associated suspension components deformation, generally indicating significant "air" time.

9. Interior observations of the left front door panel as well as of the exterior left side lower A-pillar reveal that the door opened during the rollover.

Conclusions:

The rollover began with the driver's side leading. The vehicle became airborne rotating counterclockwise (as viewed from the rear of the vehicle). The vehicle impacted the ground with the upper left D-pillar. This ground contact may also have involved the right rear upper D-pillar to a lesser degree than the left upper D-pillar. The vehicle slid on its driver side backwards. The vehicle rotated in air such that it impacted the ground with the right side roof edge C, B and A-pillar and upper right front fender. This major impact caused the vehicle to become airborne rotating approximately 540 degrees about its longitudinal axis, and approximately 180 degrees about its lateral axis. During this period the vehicle assumed significant angular velocity for the door to open and the upper torso of the driver to be ejected. The driver's side of the vehicle came in contact causing the upper edge of the driver

door skin to be peeled down as well as the left rear door skin to be torn off. The left rear bottom corner contacted the ground, followed by right rear bottom corner ground contact in water/mud area without causing major damage. Finally, the vehicle came to rest on its wheels facing west/north. The number of rollovers was at least three, and probably not more than five.

Inspection of the accident scene photographs as well as my accident scene inspection showed two straight tire marks consistent with braking marks produced by the left and right front tires prior to leaving the pavement. These marks indicated that the vehicle left the pavement under an angle of approximately 10 degrees. The right side tires while still on the pavement produced a significantly greater braking force as compared to the left tires already traveling on the grass shoulder/median terrain. This left-to-right brake imbalance occurred at exactly the point in travel of the vehicle as it began to rotate clockwise while entering the grass median.

A 2003 Mitsubishi Montero, however equipped with an ABS brake system utilizing the well-established delayed-yaw response design feature to counter left-to-right brake imbalance most likely would not have thrown the vehicle into a clockwise rotation when leaving the pavement. The accident scene photographs of the investigating officer as well as my accident scene inspection of the front tire marks do not show any evidence of right-turn steering input by the driver.

My opinions stated in this report are based upon my engineering education, experience in mechanical engineering science, conducting and teaching accident reconstruction and investigation for over 30 years, and are expressed with a reasonable degree of scientific certainty.

I will consider other data if the become available. If you have any questions, please contact me.

Sincerely,

Rudy Limpert, Ph.D.