IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TRENESA THOMAS as the Administrator for the estate of DORA PARKER BERNARD, now deceased, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   2:06-CV-00308-WHA<br>) |
| MITSUBISHI MOTOR NORTH AMERICA, INC.; et al., | )<br>)<br>) |
| Defendants. | ) |

**<u>ORDER ON MOTION AND PROTECTIVE ORDER</u>**

Upon consideration of the *Stipulated Protective Order* (Doc. 75, filed March 16, 2007), it is

**ORDERED** that the *Stipulated Protective Order* is **GRANTED**. Accordingly, the parties and all interested non-parties shall be governed as follows:

1. Documents to be produced by The Defendants in this litigation, which contain confidential information, shall hereafter be referred to as "Protected Documents." When used in this Order, the word "documents" means all written material, videotapes and all other tangible items, whether produced as hard copy, computer diskette, CD-ROM or otherwise. Except as otherwise indicated below, documents designated by The Defendants as "Produced Pursuant to Protective Order" or a similar designation, which are produced or

    delivered by The Defendants to any party and/or each party's respective attorneys, consultants, agents, or experts in this action shall be Protected Documents and given confidential treatment as described below. The Defendants will visibly mark all confidential material "Produced Pursuant to Protective Order" or a similar designation.

2. The burden of proving that a Protected Document contains confidential technical information is on The Defendants. Prior to designating any material as "Protected Document," The Defendants must make a bona fide determination that the material is, in fact, a trade secret or other confidential technical information, the dissemination of which would significantly damage The Defendants' competitive position. If a party disagrees with the "Protected Document" designation of any document, the party will so notify The Defendants in writing. The Defendants will timely apply to this Court to set a hearing for the purpose of establishing that said document is confidential. Any document so marked as confidential will continue to be treated as such pending determination by the Court as to its confidential status.

3. Both the Protected Documents and the information contained therein shall be treated as confidential. Except upon the prior written consent of The Defendants or upon order of this Court, the Protected Documents or information contained therein may be shown, disseminated, or disclosed only to the following persons:

 (a) Counsel of record for the parties in this case, including other members of counsel's law firm and any other counsel associated to assist in the preparation or trial of this case;

 (b) Employees of counsel for the parties in this case or of associated counsel, who assist in the preparation or trial of this case;

 (c) Experts and non-attorney consultants retained by the parties for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of The Defendants; and

 (d) The Court, the Court's staff, witnesses, and the jury in this case.

4. Before receiving access to any of the Protected Documents or the information contained therein, each person described in Paragraphs 3(a), (b) and (c) above shall be advised of the terms of this order, shall be given a copy of this Protective Order, and shall agree in writing, in the form attached hereto as "Exhibit A," to be bound by its terms and to submit to the jurisdiction of this Court.

5. Counsel for the parties shall not be required to return the Protected Documents, copies of which were previously paid for by Plaintiffs, to The Defendants after the conclusion of this case and may retain the documents pursuant to the terms of this Protective Order.

6. To the extent that any Confidential Documents and information are used in the

taking of depositions, such portions of such depositions shall be taken only in the presence of those persons identified in Paragraph 3 above and the court reporter. The reporter will be informed of this Stipulation and will be required to operate in a manner consistent with this Stipulation. The reporter shall then separately label the confidential portions of the deposition transcript pursuant to this paragraph. All such Confidential Documents and Information shall remain subject to the provisions of this Stipulation, along with the transcript pages of the deposition testimony dealing with the Confidential Documents and Information.

7. Any document filed with the Court by any party, including motions and their exhibits and attachments, which include any reference to the substance of Confidential Documents and Information, or any portion thereof, shall be filed under seal. The parties respectfully request, and the Court Orders, that the Clerk shall not allow any person, other than the Court and persons authorized by this Stipulation, to inspect documents labeled in this manner.

8. This Protective Order shall not apply to the disclosure of Protected Documents or the information contained therein at the time of trial, through the receipt of Protected Documents into evidence or through the testimony of witnesses. The closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the Court. These issues may be taken up as a separate matter upon the motion of any of the parties at the threshold of

>   the trial.
>
> 9.  This Protective Order may not be waived, modified, abandoned or terminated, in whole or in part, except by an instrument in writing signed by the parties. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.
>
> 10. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

DONE this 19th day of March, 2007.

>                                   /s/Terry F. Moorer
>                                   TERRY F. MOORER
>                                   UNITED STATES MAGISTRATE JUDGE

**PREVIOUSLY AGREED AND APPROVED BY:**

<u>Attorneys for Plaintiff</u>:

/s/ Blaine C. Stevens
Michael G. Strickland, Esq.
Blaine C. Stevens, Esq.
STRICKLAND & KENDALL, L.L.C.
420 South Lawrence Street
P.O. Box 99
Montgomery, Alabama 36101-0099

<u>Attorneys for Defendants</u>:
    Mitsubishi Motors North America, Inc. and
    Takata Corporation


/s/ J. Brannon Maner
D. Alan Thomas, Esq.
J. Brannon Maner, Esq.
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
Attorneys for Defendants
Mitsubishi Motors North America, Inc. and
Takata Corporation