IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TRENESA THOMAS as the Administrator for the estate of DORA PARKER BERNARD, now deceased,<br><br>Plaintiff,<br><br>v.<br><br>MITSUBISHI MOTOR NORTH AMERICA, INC.; et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 2:06-CV-00308-<br>)                              WHA<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION TO INTERVENE

COMES NOW MITSUBISHI MOTORS CORPORATION (hereinafter referred to as "MMC") and requests this Honorable Court for leave to intervene in this action for purpose of producing certain documents related to Plaintiff's defect claims regarding the subject 2003 Mitsubishi Montero Sport and for the purposes of joining with the Defendants Mitsubishi Motors North America, Inc. ("MMNA") and Takata Corporation ("Takata Corp." or collectively referred to as "Defendants") in defending against Plaintiff's claims. In support of this motion, MMC states as follows:

1.  MMC respectfully requests the Court to allow intervention in this action (see Complaint in Intervention attached as Exhibit "A"; Answer to Plaintiff's Complaint attached as Exhibit "B") for the purposes indicated therein. MMC's position is supported by Rule 24(a) of the Federal Rules of Civil Procedure which states:

> Upon timely application, anyone shall be permitted to intervene in an action: (1) when a statute confers of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is subject of the action and the applicant is so situated that the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24 (a).

2.     This case involves a wrongful death action arising out of a single-vehicle accident which occurred on March 7, 2004. (See Pl. Compl. at ¶ 13, Ex. C). On March 7, 2004, Plaintiff's decedent, Dora Parker Bernard, was operating a 2003 Mitsubishi Montero Sport on U.S. Interstate Highway 65 in Lowndes County when allegedly a "phantom vehicle" passed Ms. Bernard in the emergency lane causing her to lose control of the vehicle. As a result, the Plaintiff's decedent's vehicle went out of control, left the roadway and overturned resulting in the death of Ms. Bernard. (Id. at ¶¶ 17-18, Ex. C). Approximately two years after the accident, Plaintiff, Trenesa Thomas, as the Administrator for the estate of Dora Parker Bernard, filed a Complaint on or about March 2, 2006, in the Circuit Court of Lowndes County, Alabama. The action was removed to this Honorable Court on April 5, 2006. In her Complaint, Plaintiff asserts allegations against Defendants under the Alabama Extended Manufacturers Liability Doctrine (AEMLD) regarding defect allegations pertaining to design, manufacture, marketing, sale and/or distribution, advertising and promotion and failure to warn; negligence and/or wantonness; and allegations under the Wrongful Death Act. (See Pl. Compl. at Count One, Count Two, Count Three and Count Six, attached as Ex. C). Plaintiff makes numerous allegations in her Complaint that the subject vehicle was "unreasonably dangerous and defective by design" regarding allegations related to the vehicle's door/door latches; occupant restraint system; inadequate roof

structure and B-pillar; rollover resistance and/or inadequate stability, and general crashworthiness. (See Pl. Compl. at ¶¶ 31-35, 47, 52, attached as Exhibit C). In addition, Plaintiff alleges that "the subject 2003 Mitsubishi Montero Sport was defective in one or more of the following ways: i) design; ii) manufacture; iii) marketing; sale and/or distribution; iv) advertising and promotion; and v) failing to warn." (See Pl. Compl. at ¶ 36, attached as Ex. C; see also Pl. Compl. at ¶¶ 47, 52, attached as Ex. C).

3.  Additionally, Plaintiff has propounded draft copies of Fed. R. Civ. P. 30(b)(5) and (6) deposition notices to Defendants MMNA and Takata Corp. Said notices include as Exhibit A, a *deposition/subpoena duces tecum*, which includes requests for production of certain documents and materials to be produced at said depositions and such requests are specific to Plaintiff's occupant restraint defect allegation. (See Plaintiff's Corr. dated March 9, 2007 and Ex. A to draft dep. notices to MMNA and Takata Corp. at ¶¶ 1-23, attached collectively as Exhibit D). Defendants MMNA and Takata Corp. cannot fully and accurately respond to Plaintiff's requests and agree that MMC is the proper entity to do so. Discovery requests seeking documentation and designation of a Fed. R. Civ. P. 30(b)(6) representative regarding the design, testing and installation of the vehicle's occupant restraint system at issue can only be properly and fully responded to by MMC.

4.  Plaintiff's counsel has previously discussed this issue with defense counsel and does not have any objection to the addition of MMC as a party. (See March 20, 2007 Corr. to Blaine C. Stevens, Esq., attached hereto as Exhibit "E").

5.  The U.S. Court of Appeals for the Eleventh Circuit has interpreted Fed. R. Civ. P. 24 and applied a four-prong guideline that an intervening party must meet to satisfy the

requirements for intervention as a matter of right. See Chiles v. Thornburgh, 865 F.2d 1197, 1213 (11th Cir. 1989); see also Macon County Investments, Inc. v. Warren, No. 3:06-cv-224-WKW, 2006 WL 292470, slip op. at *2 (M.D. Ala. Oct. 12, 2006). This four-prong test requires:

1) that the intervention application is timely;

2) that an interest exists relating to the property or transaction which is the subject of the action;

3) that disposition of the action, as a practical matter, may impede or impair the ability to protect that interest; and

4) the existing parties to the lawsuit inadequately represent the interests of the proposed intervenor.

Chiles v. Thornburgh, 865 F.2d at 1213.

6. MMC's Motion to Intervene satisfies all four requirements regarding intervention as a matter of right.

a. First, MMC's Motion to Intervene is timely. The determination of whether a motion to intervene is timely is within the district court's discretion. Maddow v. Procter & Gamble Co., Inc., 107 F.3d 846, 854 (citing Stallworth v. Monsanto Co., 558 F.2d 257, 263 (5th Cir. 1977)[1]. "Timeliness is not limited to chronological considerations but is to be determined from all the circumstances." Stallworth, 558 F.2d at 263-64 (citations and internal quotation marks omitted); see also Diaz v. Southern Drilling Corp., 427 F.2d 1118, 1125-26 (5th Cir.) (motion to intervene more than a year after the action was commenced was timely when there had been no legally significant proceedings other than the completion of discovery and motion would not cause any delay in the process of the overall litigation), cert. denied, 400 U.S.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

H0752652.1                                   4

878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970). In the Eleventh Circuit, the timeliness inquiry involves consideration of four factors: (1) the length of time during which the proposed intervenor knew or should have reasonably known of their interest in the case before moving to intervene; (2) the extent of prejudice to the existing parties as a result of the proposed intervenors' failure to move for intervention as soon as they knew or reasonably should have known of their interest; (3) the extent of prejudice to the proposed intervenors if their motion is denied; and (4) the existence of unusual circumstances militating either for or against a determination that their motion was timely. Chiles, 865 F.2d at 1213. Although the timeliness inquiry generally involves consideration of the four factors as laid out by the Eleventh Circuit in Chiles, "[a] detailed analysis of the timeliness factors is <u>unnecessary where, as here, the issue is not in dispute</u>." Warren, 2006 WL 2927470, slip op. at *6 (M.D. Ala. Oct. 12, 2006) (emphasis added). As provided supra at paragraph 4, no party is opposing or objecting to MMC's Motion to Intervene. Likewise, no party will be adversely affected by the granting of MMC's Motion to Intervene. To the extent that any timeliness issue remains, MMC provides as follows addressing each of the four timeliness factors delineated by the Eleventh Circuit:

(1)     MMC first received notice of any request for Plaintiff to copy and inspect certain documents specific to the design, testing and installation of the subject vehicle's occupant restraint system via Plaintiff's correspondence and draft Fed. R. Civ. P. 30(b)(5) and (6) deposition notices to MMNA and Takata on or around March 12, 2007. Counsel for Defendants immediately attempted to contact counsel for Plaintiff to discuss the need for MMC to intervene. On March 14, 2007, counsel for Plaintiff and counsel for Defendants conducted a telephonic conference agreeing that intervention by MMC is necessary.

(2) The parties agree that no party will be adversely affected by the granting of MMC's Motion to Intervene.

(3) MMC's interest is one that has a direct link to the disposition of this suit. As set forth in MMNA's Answer at ¶¶ 15, 27, 37, 41 and 48, attached as Exhibit F, and Takata Corp.'s Answer at ¶¶ 15, 27, 37, and 48, attached as Exhibit G, MMC designed and tested the vehicle at issue, not MMNA or Takata Corp. Furthermore, any judgment or precedent finding of design defect or liability based on such defect would directly affect MMC. In addition, an adverse judgment regarding the design or testing of the subject vehicle may create adverse precedent to which MMC was not provided the ability or opportunity to adequately defend its interest.

(4) MMC refers the Court to its responses laid out above regarding factors enumerated as 2 and 3 and adopts the same herein by reference. MMC reiterates that neither MMNA nor Takata Corp. possess sufficient documents, data or materials regarding the design of the 2003 Mitsubishi Montero Sport to fully defend against Plaintiff's defect allegations. Therefore, MMC's involvement through intervention is necessary for this case to be properly adjudicated.

    b. In looking at the second requirement, the intervenor's interest in the case, MMC designed and tested the vehicle at issue, not MNNA or Takata Corp. As such, MMNA and Takata Corp. cannot adequately respond to or defend claims relating to the design of the subject vehicle. As provided supra at paragraph 2, Plaintiff alleges defects with respect to the design of the 2003 Mitsubishi Montero Sport and requests information regarding the design, testing and installation of the seat belt/occupant restraint system of the vehicle. Because MMC (not MMNA or Takata Corp.) designed and tested the subject vehicle, MMC has a direct interest

in the subject matter of this litigation, especially where Plaintiff has alleged AEMLD claims which would fall against the entity whose conduct is directly at issue, i.e. the design of the subject 2003 Mitsubishi Montero Sport.

    c.  In satisfying the third condition, the intervener must simply show that the disposition of the case would impair its ability to protect its own interest. MMC's interest is one that would directly be impaired in the disposition of this suit. Specifically, MMC's interest is not adequately represented because it will not be left with the right to pursue its own independent remedy against the parties in the primary proceeding. Furthermore, a judgment or precedent finding a design defect or liability based on such defect would directly affect MMC. In addition, an adverse judgment regarding the design or testing of the subject vehicle may create adverse precedent to which MMC was not provided the ability and/or opportunity to adequately defend its interest. Finally, MMC may suffer injury and/or damages if its motion is not granted, and it has no other way to protect its interests. Hence, the outcome of the above suit would directly impair MMC's interest, financially and substantively.

    d.  In satisfying the last condition, the intervener has the burden of proving that the existing parties do not adequately represent its interest. However, "the burden of making that showing should be treated as minimal[]" and "is satisfied if the proposed intervenor shows that representation of his interest 'may be' inadequate." Chiles, 865 F.2d at 1214 (quoting Trbovich v. United Mine Workers of America, 404 U.S. 528, 528 n.10, 92 S.Ct. 630, 636 n.10, 30 L.Ed2d 686 (1972). In the present case, MMC's interest is not adequately represented by existing parties because Plaintiff is seeking production of documents and data that are in the possession of MMC alone. As provided in MMNA's Answer at ¶¶ 15, 27, 37, 41 and 48,

attached as Exhibit F and Takata Corp.'s Answer at ¶¶ 15, 27, 37, and 48, attached as Exhibit G, neither MMNA nor Takata Corp. designed or tested the 2003 Mitsubishi Montero Sport. "Where a party seeking to intervene in an action claims an interest in the very property and very transaction that is the subject of the main action, the potential for *stare decisis* effect may supply that practical disadvantage which warrants intervention as a matter of right." Chiles, 865 F.2d at 1214 (citing Atlantis Development Corp. v. United States, 379 F.2d 818, 829 (5th Cir. 1967)). Therefore, the only entity that can properly protect MMC's interest regarding allegations of defect specific to the design of the 2003 Mitsubishi Montero Sport is MMC itself.

8. "If [an intervenor] establishes each of the four requirements, the district court must allow him to intervene." Chiles, 865 F.2d at 1213. Likewise, MMC is entitled to intervention of right because it successfully meets all four requirements laid out by the Eleventh Circuit in determining requests for intervention as a matter of right.

9. In addition, or in the alternative, MMC requests intervention pursuant to Fed. R. Civ. P. 24(b)(2) which states:

> Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common.
>
> When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency, or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. Pro. 24 (b). "Permissive intervention under Fed. R. Civ. P. 24(b) is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties." Mt. Hawley Ins. Co. v. Sandy Lake Prop., Inc., 425 F.3d 1308, 1312 (11th Cir. 2005) (*quoting* Georgia v. United States Army Corps of Eng'rs, 302 F.3d 1242, 1250 (11th Cir. 2002)); see also Stallworth v. Monsanto Co., 558 F.2d 257, 269 (5th Cir. 1977). A district court is vested with broad discretion to decide a motion for permissive intervention. United States v. Dallas County Comm'n, 850 F.2d 1433, 1443 (11th Cir. 1988); Sellers v. United States, 709 F.2d 1469, 1471 (11th Cir. 1983); see also Doe v. Glickman, 256 F. 3d 371, 375 (5th Cir. 2001) (*citing* Sierra Club v. Espy, 18 F. 3d 1202, 1205 (5th Cir. 1994) ("Federal courts should allow intervention where no one would be hurt and the greater justice could be attained.")).

10. In the present case, permissive joinder should be granted because there are common questions of law and fact between MMC's assertion that the vehicle at issue was not defective in direct response to Plaintiff's allegations of defect under the Alabama Extended Manufacturer's Liability Doctrine. As this Court is well aware, this case revolves around defect allegations specific to the design of the subject 2003 Mitsubishi Montero Sport, and as such, common questions of law and fact directly overlap with MMC's interest in the adjudication of this suit. As provided above, MMC (not MMNA or Takata Corp.) designed and tested the 2003 Mitsubishi Montero Sport.

11. Simply stated, MMC's Motion to Intervene is timely and will not unduly delay or prejudice the adjudication of the rights of any of the original parties and therefore should be granted.

WHEREFORE, PREMISES CONSIDERED, Mitsubishi Motors Corporation respectfully requests this Honorable Court to allow its intervention in the above matter as set forth in the Complaint in Intervention, attached hereto as Exhibit "A", and as further explained herein.

Respectfully submitted on this 28th day of March, 2007.

/s/ J. Brannon Maner
D. Alan Thomas (ASB-8351-T77D)
Gregory L. Schuck (ASB-6885-C62G)
J. Brannon Maner (ASB-4616-S71M)
Attorneys for Intervenor,
MITSUBISHI MOTORS CORPORATION

**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
Telephone: (205) 251-1193
Telecopier: (205) 251-1256

### CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of March, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of to all attorneys of record.

**All Attorneys of Record:**

Michael G. Strickland, Esq.
mgs@jurytrial.us
Blaine C. Stevens, Esq.
bcelone@aol.com
Attorneys for Plaintiff
STRICKLAND & KENDALL, L.L.C.
420 South Lawrence Street
P.O. Box 99
Montgomery, Alabama 36101-0099

/s/ J. Brannon Maner
Of Counsel