IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TRENESA THOMAS as the Administrator for the estate of DORA PARKER BERNARD, now deceased,<br><br>    Plaintiff,<br><br>v.<br><br>MITSUBISHI MOTORS NORTH AMERICA, INC.; et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CASE NO. 2:06-CV-00308-WHA<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER OF INTERVENOR MITSUBISHI MOTORS CORPORATION

COMES NOW MITSUBISHI MOTORS CORPORATION ("MMC") and for Answer to the Complaint filed by the Plaintiff, states as follows, separately and severally:

### SPECIFIC AVERMENTS

In response to each paragraph within Plaintiff's Complaint, MMC, Mitsubishi Motors Corporation ("MMC"), states as follows:

### STATEMENT OF THE PARTIES

1. MMC is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

2. Based on information and belief, MMC states that MMNA is organized and exists under the laws of the State of California with its principal place of business in the State of California with a registered agent for service of process which is the CT Corporation System located in Montgomery County, Alabama. MMC denies all other allegations contained in this paragraph and demands strict proof thereof.

{01115615.1/1159-0089}

DEFENDANT'S EXHIBIT B

3. Upon information and belief, MMC states that Mitsubishi Corporation is organized and exists under the laws of the Nation State of Japan. MMC denies all other allegations contained in this paragraph and demands strict proof thereof.

4. MMC is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

5. MMC is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

6. MMC is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

7. MMC is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

8. MMC is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

9. MMC is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

10. MMC is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

11. MMC is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

12. MMC is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

**STATEMENT OF THE FACTS**

13. MMC is without sufficient information upon which to admit or deny the

allegations of this paragraph and, therefore, it is denied.

14. MMC is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

15. The subject 2003 Montero Sport was designed, tested, manufactured and assembled in Japan by MMC. The subject vehicle was distributed, marketed and advertised in the U.S. by MMNA. MMC denies all other allegations contained in this paragraph and demands strict proof thereof.

16. MMC is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

17. MMC is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

18. MMC is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

19. Denied.

20. MMC is without sufficient information upon which to admit or deny the allegations of this paragraph in regards to ejection and injury to Plaintiff. In regards to all other allegations in this paragraph, MMC states that the subject vehicle was reasonably safe and denies the allegations in this paragraph.

21. MMC is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

22. MMC is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

23. MMC states that the subject vehicle was reasonably safe and, therefore, denies the

allegations in this paragraph.

24. MMC states that the subject vehicle was reasonably safe and, therefore, denies the allegations in this paragraph.

25. MMC states that the subject vehicle was reasonably safe and, therefore, denies the allegations in this paragraph.

## COUNT ONE
### (Alabama Extended Manufacturers Liability Doctrine [AEMLD])

26. MMC adopts and incorporates by reference its responses to Paragraphs 1 through 25 above as if fully set forth herein.

27. The subject 2003 Montero Sport was designed, tested, manufactured and assembled in Japan by MMC. The subject vehicle was distributed, marketed and advertised in the U.S. by MMNA. MMC denies all other allegations contained in this paragraph and demands strict proof thereof.

28. MMC is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

29. MMC is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

30. Denied.

31. MMC states that the subject vehicle was reasonably safe and, therefore, denies the allegations in this paragraph.

32. MMC states that the subject vehicle was reasonably safe and, therefore, denies the allegations in this paragraph.

33. MMC states that the subject vehicle was reasonably safe and, therefore, denies the allegations in this paragraph.

{01115615.1/1159-0089}  4

34. MMC states that the subject vehicle was reasonably safe and, therefore, denies the allegations in this paragraph.

35. MMC states that the subject vehicle was reasonably safe and, therefore, denies the allegations in this paragraph.

36. MMC states that the subject vehicle was reasonably safe and, therefore, denies the allegations in this paragraph.

37. MMC states that the subject 2003 Montero Sport was designed, tested, manufactured and assembled in Japan by MMC. The subject vehicle was distributed, marketed and advertised in the U.S. by MMNA. MMC denies all other allegations contained in this paragraph and demands strict proof thereof.

38. MMC states that the subject vehicle was reasonably safe and, therefore, denies the allegations in this paragraph.

39. MMC is without sufficient information upon which to admit or deny the allegations of this paragraph in regards to ejection and injury to Plaintiff. In regards to all other allegations in this paragraph, MMC states that the subject vehicle was reasonably safe and, therefore, denies the allegations in this paragraph.

### COUNT TWO
### (Claim Under AEMLD)

40. MMC adopts and incorporates by reference its responses to Paragraphs 1 through 39 above as if fully set forth herein.

41. MMC states that the subject 2003 Montero Sport was designed, tested, manufactured and assembled in Japan by MMC. The subject vehicle was distributed, marketed and advertised in the U.S. by MMNA. MMC denies all other allegations contained in this paragraph and demands strict proof thereof.

{01115615.1/1159-0089}   5

42. Denied.

43. MMC is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

44. MMC is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

45. Denied.

46. MMC states that the subject vehicle was reasonably safe and, therefore, denies the allegations in this paragraph.

47. MMC states that the subject vehicle was reasonably safe and, therefore, denies the allegations in this paragraph.

48. MMC states that the subject 2003 Montero Sport was designed, tested, manufactured and assembled in Japan by MMC. The subject vehicle was distributed, marketed and advertised in the U.S. by MMNA. MMC denies all other allegations contained in this paragraph and demands strict proof thereof.

49. MMC states that the subject vehicle was reasonably safe and, therefore, denies the allegations in this paragraph.

50. MMC is without sufficient information upon which to admit or deny the allegations of this paragraph in regards to ejection and injury to Plaintiff. In regards to all other allegations in this paragraph, MMC states that the subject vehicle was reasonably safe and, therefore, denies the allegations in this paragraph.

## COUNT THREE
(Negligence and/or Wantonness)

51. MMC adopts and incorporates by reference its responses to Paragraphs 1 through 50 above as if fully set forth herein.

{01115615.1/1159-0089}                                   6

52. MMC states that the subject vehicle was reasonably safe and, therefore, denies the allegations in this paragraph.

53. MMC states that the subject vehicle was reasonably safe and, therefore, denies the allegations in this paragraph.

## COUNT FOUR
### (Negligence/Wantonness)

54. MMC adopts and incorporates by reference its responses to Paragraphs 1 through 53 above as if fully set forth herein.

55. MMC is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

56. MMC is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

57. MMC is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

58. MMC is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

59. MMC is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

## COUNT FIVE
### (Negligence/Wantonness)

60. MMC adopts and incorporates by reference its responses to Paragraphs 1 through 59 above as if fully set forth herein.

61. MMC is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

62. MMC is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

63. MMC is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

64. MMC is without sufficient information upon which to admit or deny the allegations of this paragraph and, therefore, it is denied.

## COUNT SIX
### (Wrongful Death Act)

65. MMC adopts and incorporates by reference its responses to Paragraphs 1 through 64 above as if fully set forth herein.

66. Denied.

67. Denied.

68. Denied.

## GENERAL DEFENSES

### FIRST DEFENSE

Said Complaint fails to state a claim upon which relief may be granted against MMC.

### SECOND DEFENSE

MMC affirmatively pleads the applicable statute of limitations.

### THIRD DEFENSE

MMC affirmatively pleads judicial estoppel.

### FOURTH DEFENSE

MMC avers that at the time and place of the incident in question, Plaintiff was guilty of negligence which directly contributed to cause the injuries in question.

## FIFTH DEFENSE

MMC pleads assumption of the risk.

## SIXTH DEFENSE

MMC affirmatively pleads misuse of the vehicle involved in this case.

## SEVENTH DEFENSE

MMC denies that there is any causal relationship between the conduct of MMC and the injuries of Plaintiff alleged in the Complaint.

## EIGHTH DEFENSE

MMC affirmatively pleads efficient intervening cause of third persons that caused or contributed to cause the accident and injuries in question, thereby barring Plaintiff from recovery from MMC.

## NINTH DEFENSE

MMC affirmatively pleads any and all pro tanto settlements or other monies paid to Plaintiffs as a result of the injuries sustained in the accident made the basis of this suit.

## TENTH DEFENSE

MMC hereby affirmatively pleads improper venue in this case.

## ELEVENTH DEFENSE

MMC affirmatively pleads modification and substantial alteration of the vehicle involved in this case which may have caused or contributed to the accident and injuries in question, thereby barring Plaintiff from recovering from MMC.

## TWELFTH DEFENSE

As concerns all claims for punitive damages, MMC avers that such claims and such requisite burden of proof violate MMC's right to equal protection and due process under the

Constitution of the United States and the Constitution of the State of Alabama; said claims and requisite burden of proof amount to an undue taking without due process of law and violate the Excessive Fines Clause of the Constitution of the United States and the Constitution of the State of Alabama. MMC affirmatively avers that the Plaintiff's claim for punitive damages is vague, arbitrary, and unclear and that the standard for determining liability for punitive damages under Alabama law does not define with sufficient clarity the conduct or mental state of the Defendant which gives rise to a claim for punitive and exemplary damages. Additionally, the Plaintiff's claim for punitive damages cannot be sustained in that there are no meaningful standards for determining the amount of any punitive damage award under Alabama law and that Alabama law fails to state with sufficient clarity the consequence to a Defendant of any conduct which may give rise to the claim for punitive damages. Therefore, any award of punitive damages violates MMC's rights to due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

## THIRTEENTH DEFENSE

MMC affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate MMC's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

## FOURTEENTH DEFENSE

MMC affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages under Alabama law without a bifurcated trial as

to all punitive damage issues would be violative of MMC's rights to due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

### FIFTEENTH DEFENSE

MMC affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages in this case cannot protect MMC against multiple and repeated punishment for the same alleged wrong in future cases. Accordingly, any award of punitive damages would violate MMC's right to due process of law and would constitute "double jeopardy" under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

### SIXTEENTH DEFENSE

MMC affirmatively avers that the Plaintiff's claim for punitive damages would violate MMC's rights to due process under the Fourteenth Amendment to the Constitution of the United States of American and under the Constitution of the State of Alabama as well as to other rights and protections afforded to it by <u>State Farm Mut. Auto. Ins. Co. v. Campbell</u>, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed 2d 585 (2003).

### SEVENTEENTH DEFENSE

To the extent shown by the evidence, MMC shows that Plaintiff failed to exercise ordinary care for her own safety and plaintiff, therefore is not entitled to recover from MMC.

### EIGHTEENTH DEFENSE

Plaintiff's damages are not the proximate result of any alleged act or failure to act of MMC and, therefore, Plaintiff is not entitled to recover from MMC.

## NINETEENTH DEFENSE

Plaintiff could, by the exercise of ordinary care, have avoided the consequences of any alleged act or failure to act of MMC and, therefore, Plaintiff is not entitled to recover from MMC.

## TWENTIETH DEFENSE

Plaintiff's damages, if any, were caused by the acts or omissions of persons or entities other than MMC and, therefore, plaintiff may not recover damages from MMC in any sum.

## TWENTY-FIRST DEFENSE

Any product allegedly manufactured by MMC, which is in question, was not defective in any respect and, therefore, Plaintiff may not recover from MMC.

## TWENTY-SECOND DEFENSE

Plaintiff's claimed injuries, if any, were not caused, enhanced or increased as a result of any act or failure to act on the part of MMC.

## TWENTY-THIRD DEFENSE

At all times MMC was in the exercise of that degree of care required by law and, therefore, Plaintiff may not recover of MMC.

Respectfully submitted this the 28th day of March, 2007.

/s/ **J. Brannon Maner**
D. Alan Thomas      (ASB-8351-T77D)
Gregory L. Schuck   (ASB-6885-C62G)
J. Brannon Maner    (ASB-4616-S71M)
Attorneys for Intervenor,
MITSUBISHI MOTORS CORPORATION

**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
Telephone: (205) 251-1193
Telecopier: (205) 251-1256

**MMC DEMANDS A TRIAL BY STRUCK JURY IN THE ABOVE-STYLED CASE.**

/s/ J. Brannon Maner
Of Counsel

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of March, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of to all attorneys of record.

**All Attorneys of Record:**

Michael G. Strickland, Esq.
mgs@jurytrial.us
Blaine C. Stevens, Esq.
bcelone@aol.com
Attorneys for Plaintiff
STRICKLAND & KENDALL, L.L.C.
420 South Lawrence Street
P.O. Box 99
Montgomery, Alabama 36101-0099

/s/ J. Brannon Maner
Of Counsel