IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TRENESA THOMAS as the<br>Administrator for the estate of<br>DORA PARKER BERNARD,<br>now deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 2:06-CV-00308-<br>WHA |
| MITSUBISHI MOTOR NORTH<br>AMERICA, INC., et al., | ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT IN INTERVENTION

COMES NOW MITSUBISHI MOTORS CORPORATION (hereinafter referred to as "MMC") and hereby files this Complaint based on the following:

1.    In her Complaint, Plaintiff asserts allegations against Mitsubishi Motors North American, Inc. ("MMNA") and Takata Corporation ("Takata Corp.") and others regarding claims under the Alabama Extended Manufacturers Liability Doctrine (AEMLD) specific to defect allegations pertaining to design, manufacture, marketing, sale and/or distribution, advertising and promotion and failure to warn; negligence and/or wantonness; and allegations under the Wrongful Death Act. (See Pl. Compl. at Count One, Count Two, Count Three and Count Six, attached as Ex. A). Furthermore, Plaintiff makes numerous allegations in her Complaint that the subject vehicle was "unreasonably dangerous and defective by design" regarding defect allegations related to the vehicle's door/door latches; occupant restraint system; inadequate roof structure and B-pillar; rollover resistance and/or inadequate stability, and general

crashworthiness. (See Pl. Compl. at ¶¶ 31-35, 47, 52, attached as Exhibit A).    In addition, Plaintiff alleges that "the subject 2003 Mitsubishi Montero Sport was defective in one or more of the following ways: i) design; ii) manufacture; iii) marketing; sale and/or distribution; iv) advertising and promotion; and v) failing to warn." (See Pl. Compl. at ¶ 36, attached as Ex. A; see also Pl. Compl. at ¶¶ 47, 52, attached as Ex. A).

2.      Additionally, Plaintiff has propounded draft copies of Fed. R. Civ. P. 30(b)(5) and (6) deposition notices to Defendants MMNA and Takata Corp. Said notices include as Exhibit A, a *deposition/subpoena duces tecum*, which includes requests for production of certain documents and materials to be produced at said depositions and such requests are specific to Plaintiff's occupant restraint defect allegation. (See Plaintiff's Corr. dated March 9, 2007 and Ex. A to draft Dep. Notices to MMNA and Takata Corp. at ¶¶ 1-23, attached collectively as Exhibit B). Defendants MMNA and Takata Corp. cannot fully and accurately respond to Plaintiff's requests and agree that MMC is the proper entity to do so. Discovery requests seeking documentation and designation of a Fed. R. Civ. P. 30(b)(6) representative regarding the design, testing and installation of the vehicle's occupant restraint system at issue can only be properly and fully responded to by MMC.

3.      MMC and MMNA are separate and distinct entities with completely different responsibilities. MMC is a corporation organized under the laws of the nation of Japan while MMNA is incorporated under the laws of the State of California. The subject 2003 Montero Sport was designed, tested, manufactured and assembled in Japan by MMC. However, the subject vehicle was distributed, marketed and advertised in the U.S. by MMNA.

H0752652.1                                          2

4.     In her Complaint, Plaintiff alleges defects with respect to the design of certain components of the vehicle and now requests information regarding the design of certain component parts of the vehicle (seat belts and/or occupant restraint system) and testing of the vehicle regarding the same.  The presently named defendants, MMNA and Takata Corp., cannot fully respond and defend said action because MMC designed and tested the subject vehicle, not MMNA or Takata Corp.

5.     Likewise, Plaintiff asserts claims against MMNA based on strict liability, negligence, and willful and wanton misconduct regarding, among other things, the design of certain components in the subject vehicle.  However, MMNA did not design the vehicle. Because Plaintiff's claims are based, in part, on the allegedly defective design of certain components, MMC has a specific interest in defending its design of the vehicle.

6.     MMC has a direct, substantial and legally protectable interest in this proceeding. Specifically, MMC refers the Court to MMNA's Answer to the Plaintiffs' Complaint denying the allegations and claims set forth by the Plaintiffs in her Complaint and providing that based on information and belief that the subject vehicle was designed, tested and assembled by MMC. (See MMNA's Ans. at ¶¶ 15, 27, 37, 41, 48, attached as Exhibit C; see also Takata Corp.'s Ans. at ¶¶ 15, 27, 37, 48, attached as Exhibit D).

7.     MMC joins this litigation for the purpose of producing documents relating to the issues surrounding the design and testing of the subject vehicle as set forth in Plaintiff's Complaint and to fully join in the defense of Plaintiff's defect claims regarding the 2003 Mitsubishi Montero Sport.

8.      Plaintiff filed her Complaint alleging a multitude of strict liability allegations including that "the subject 2003 Mitsubishi Montero Sport was defective in one or more of the following ways: i) design; ii) manufacture; iii) marketing; sale and/or distribution; iv) advertising and promotion; and v) failing to warn." (See Pl. Compl. at ¶ 36, attached as Ex. A; see also Pl. Compl. at ¶¶ 47, 52, attached as Ex. A). However, the interests of MMNA, Takata Corp. and MMC cannot be adequately defended without the production of certain documents responsive to Plaintiff's claims, specifically, documents, data and materials solely possessed by MMC. Such documents relate to the design, testing and manufacture of the 2003 Mitsubishi Montero Sport. To that extent, MMC's interests cannot be adequately defended without full involvement in defense of the case, including but not limited to producing certain documents relating to the design, manufacture and testing of the subject 2003 Mitsubishi Montero Sport.

WHEREFORE, PREMISES CONSIDERED Mitsubishi Motors Corporation, as Intervenor, respectfully requests this Honorable Court to allow it to intervene in this case to protect its interest relating to the 2003 Mitsubishi Montero Sport and specific component parts at issue in this litigation and fully requests to be allowed to enter this suit to protect not only its direct interest but also the interests of MMNA and Takata Corporation in this litigation.

Respectfully submitted on this 28th day of March, 2007.

                              /s/ J. Brannon Maner
                              D. Alan Thomas (ASB-8351-T77D)
                              Gregory L. Schuck (ASB-6885-C62G)
                              J. Brannon Maner (ASB-4616-S71M)
                              Attorneys for Intervenor,
                              MITSUBISHI MOTORS CORPORATION

**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
Telephone:  (205) 251-1193
Telecopier: (205) 251-1256

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of March, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of to all attorneys of record.

**All Attorneys of Record:**

Michael G. Strickland, Esq.
mgs@jurytrial.us
Blaine C. Stevens, Esq.
bcelone@aol.com
Attorneys for Plaintiff
STRICKLAND & KENDALL, L.L.C.
420 South Lawrence Street
P.O. Box 99
Montgomery, Alabama 36101-0099

                                        **/s/ J. Brannon Maner**
                                              Of Counsel