# STRICKLAND & KENDALL, L.L.C.

Michael G. Strickland
Edward P. Kendall*
Blaine C. Stevens

**Attorneys at Law**
420 South Lawrence Street
Post Office Box 99
Montgomery, Alabama 36101
mgs@jurytrial.us
edkendall@jurytrial.us
blainecstevens@jurytrial.us

Telephone:    (334) 269-3230
Fax:          (334) 269-3239
Toll Free     (800) 874-3528

---

*Also admitted in
Washington, D.C.

March 9, 2007

J. Brannon Maner
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484

    *Re:*    *Trenesa Thomas for the Estate of Dora Bernard v. Mitsubishi, et al.*

Dear Brannon:

    Enclosed please find two (2) drafts of Notice of Taking 30(b)(5) and (6) Deposition *Duces Tecum* directed to Mitsubishi and Takata. Please contact your clients and provide me with some dates for the month of April wherein these depositions can take place. I look forward to hearing from you.

        Yours very truly,

        Blaine C. Stevens

BCS:ds

Enclosure



**DRAFT**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

TRENESA THOMAS as the Administrator )
for the estate of DORA PARKER )
BERNARD, now deceased, )
                          )
     *Plaintiff,*              )
                          )
v.                         )     CASE NO.: 2:06-CV-308-WHA
                          )
MITSUBISHI MOTOR NORTH )
AMERICA, INC.; et al., )
                          )
     *Defendants.*           )

## NOTICE OF TAKING 30(B)(5) and (6) DEPOSITION
### *DUCES TECUM*

**PLEASE TAKE NOTICE** that pursuant to *Alabama Rules of Civil Procedure* 30(b)(5)

and (6), the plaintiffs, by and through undersigned counsel, will take the deposition of the

Corporate Representative for the Defendant, **Mitsubishi Motors North America**, on

_____at _____ PST at _____. Said deposition will

continue from day to day until completed and will be held upon oral examination before a

Notary Public, or other officer authorized by law to administer oaths.

Pursuant to Rule 30(b)(5), Plaintiffs request that, at the time and place of the taking

of said deposition, said corporation produce for inspection and copying **the original of** each

note, memorandum, item of correspondence, picture, videotape, audiotape, policy and/or

procedure manual, drawing or other document evidencing or relating to all matters described

as they relate to the occurrences made the basis of Plaintiffs' complaint.

Further, in accordance with *Alabama Rules of Civil Procedure* 26, 30, and 45, the deponent is instructed to produce and permit the plaintiffs and their counsel to inspect and to copy each of the following documents listed on **Exhibit "A"** attached hereto which are in the deponent's possession, custody or control, or in the possession, custody or control of any business entity in which the deponent has an interest and which are, or can be, made available to the deponent by any person or business entity.

These requests are continuing in character so as to require you to file supplemental responses if you obtain further or different information prior to trial in this cause.

Respectfully submitted this the _____ day of _____ 2007.

 

 

**BLAINE C. STEVENS (STE091)**
*Attorney for Plaintiffs*

**OF COUNSEL:**
STRICKLAND & KENDALL, L.L.C.
420 S. Lawrence Street [36104]
P.O. Box 99
Montgomery, AL 36101-0099
(334) 269-3230
(334) 269-3239 / fax

2

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following by placing a copy of same in the U.S. mail, properly addressed and first class postage prepaid, on this the _____ day of _____, 2007.

D. Alan Thomas
Gregory L. Schuck
J. Brannon Maner
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484

/s/ Blaine C. Stevens
OF COUNSEL

3

## EXHIBIT "A"

Please produce documents related to each of the following:

1.  Installation guides and/or guidelines for seatbelt installation.

2.  Any and all communications with Defendant Takata Corporation.

3.  Communications with Defendant Takata Corporation or other seatbelt manufacturers regarding the installation of seatbelts.

4.  Drawings for recommended seatbelt installations.

5.  An exemplar of the belts used in the subject vehicle.

6.  A designation of the recommended types of vehicles the seatbelts were designed for.

7.  Recommended seatbelt geometry after installation.

8.  Any and all instructions and/or warnings which accompanied the seatbelts into the stream of commerce.

9.  Any and all documents which would have accompanied the subject vehicle's seatbelts into the stream of commerce and which were included with its original packaging.

10. An exemplar of the complete package, including all associated documents, that would have accompanied the subject seatbelts into the stream of commerce.

11. Any other lawsuits and/or claims alleging defective seatbelt design or operation.

12. A listing of all vehicles in which the subject seatbelts were originally designed for use.

13. Any and all tests of the subject seatbelts including all crash tests, fatigue tests, and/or strength tests.

14. All recommended mounting practices/procedures to secure the subject seatbelts to the seat or floor or wall of the vehicle.

15. All other instances alleging complete or partial passenger ejections as a result of deceive seatbelt design or performance.

4

16.   All crash tests or FMVSS certification tests on the subject vehicle or the subject seatbelt system.

17.   All rollover tests of the subject vehicle or stability tests of the subject vehicle.

18.   All design memoranda regarding the subject seatbelt system.

19.   All design committee documents relative to the subject seatbelts.

20.   Any documents which allege that a door of the subject vehicle opened during an accident or rollover.

21.   All documents referencing FMVSS compliance issues with the seatbelts.

22.   Any documents of outside agencies or entitles regarding the subject belts or substantially similar designs.

23.   Any correspondence with any converters' group or association regarding seatbelt installation procedures

**DRAFT**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| TRENESA THOMAS as the Administrator for the estate of DORA PARKER BERNARD, now deceased, | ) ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | CASE NO.: 2:06-CV-308-WHA |
| MITSUBISHI MOTOR NORTH AMERICA, INC.; et al., | ) ) ) | |
| *Defendants.* | ) ) | |

### NOTICE OF TAKING 30(B)(5) and (6) DEPOSITION
### *DUCES TECUM*

**PLEASE TAKE NOTICE** that pursuant to *Alabama Rules of Civil Procedure* 30(b)(5) and (6), the plaintiffs, by and through undersigned counsel, will take the deposition of the Corporate Representative for the Defendant, **Takata Corporation**, on _____ at _____ PST at _____. Said deposition will continue from day to day until completed and will be held upon oral examination before a Notary Public, or other officer authorized by law to administer oaths.

Pursuant to Rule 30(b)(5), Plaintiffs request that, at the time and place of the taking of said deposition, said corporation produce for inspection and copying **the original of** each note, memorandum, item of correspondence, picture, videotape, audiotape, policy and/or procedure manual, drawing or other document evidencing or relating to all matters described as they relate to the occurrences made the basis of Plaintiffs' complaint.

Further, in accordance with *Alabama Rules of Civil Procedure* 26, 30, and 45, the deponent is instructed to produce and permit the plaintiffs and their counsel to inspect and to copy each of the following documents listed on **Exhibit "A"** attached hereto which are in the deponent's possession, custody or control, or in the possession, custody or control of any business entity in which the deponent has an interest and which are, or can be, made available to the deponent by any person or business entity.

These requests are continuing in character so as to require you to file supplemental responses if you obtain further or different information prior to trial in this cause.

Respectfully submitted this the _____ day of _____ 2007.

_____
**BLAINE C. STEVENS (STE091)**
*Attorney for Plaintiffs*

**OF COUNSEL:**
**STRICKLAND & KENDALL, L.L.C.**
420 S. Lawrence Street [36104]
P.O. Box 99
Montgomery, AL 36101-0099
(334) 269-3230
(334) 269-3239 / fax

2

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following by placing a copy of same in the U.S. mail, properly addressed and first class postage prepaid, on this the _____ day of _____, 2007.

D. Alan Thomas
Gregory L. Schuck
J. Brannon Maner
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484


/s/ Blaine C. Stevens
OF COUNSEL

3

## EXHIBIT "A"

Please produce documents related to each of the following:

1.  Installation guides and/or guidelines for seatbelt installation.

2.  Any and all communications with Defendant Mitsubishi Motors North America.

3.  Communications with Defendant Mitsubishi Motors North America or other seatbelt manufacturers regarding the installation of seatbelts.

4.  Drawings for recommended seatbelt installations.

5.  An exemplar of the belts used in the subject vehicle.

6.  A designation of the recommended types of vehicles the seatbelts were designed for.

7.  Recommended seatbelt geometry after installation.

8.  Any and all instructions and/or warnings which accompanied the seatbelts into the stream of commerce.

9.  Any and all documents which would have accompanied the subject vehicle's seatbelts into the stream of commerce and which were included with its original packaging.

10. An exemplar of the complete package, including all associated documents, that would have accompanied the subject seatbelts into the stream of commerce.

11. Any other lawsuits and/or claims alleging defective seatbelt design or operation.

12. A listing of all vehicles in which the subject seatbelts were originally designed for use.

13. Any and all tests of the subject seatbelts including all crash tests, fatigue tests, and/or strength tests.

14. All recommended mounting practices/procedures to secure the subject seatbelts to the seat or floor or wall of the vehicle.

15. All other instances alleging complete or partial passenger ejections as a result of deceive seatbelt design or performance.

16. All crash tests or FMVSS certification tests on the subject vehicle or the subject seatbelt system.

17. All rollover tests of the subject vehicle or stability tests of the subject vehicle.

18. All design memoranda regarding the subject seatbelt system.

19. All design committee documents relative to the subject seatbelts.

20. Any documents which allege that a door of the subject vehicle opened during an accident or rollover.

21. All documents referencing FMVSS compliance issues with the seatbelts.

22. Any documents of outside agencies or entitles regarding the subject belts or substantially similar designs.

23. Any correspondence with any converters' group or association regarding seatbelt installation procedures