IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TRENESA THOMAS , as the Administrator ) | |
| for the estate of DORA PARKER BERNARD,) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO.  2:06cv308-WHA |
| ) | |
| MITSUBISHI MOTOR NORTH AMERICA, ) | (WO) |
| INC., *et al.* , ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

This cause is before the court on a Motion for Partial Summary Judgment (Doc. #70) which was filed by the Defendants, Mitsubishi Motors North America, Inc. and Takata Corporation.

The Plaintiff originally brought claims in this case in the Circuit Court of Lowndes County, Alabama.  The claims against Mitsubishi Motors North America, Inc. and Takata Corporations (Defendants) include claims asserted under the Alabama Extended Manufacturers Liability Doctrine ("AEMLD") in Counts I, II, and III, and under the Alabama Wrongful Death Act in Count VI.   The Defendants removed the case to federal court on the basis of diversity jurisdiction.  The court granted a motion to dismiss a non-diverse defendant for lack of in personam jurisdiction, and denied a motion to remand, finding that diversity subject matter jurisdiction exists in this case.

The court also has denied motions by the Plaintiff seeking additional time in which to conduct discovery on the designed braking system, to amend the pleadings out of time to add this new theory, and to disclose experts in regard to the claim of defective doors, door latches, and

door release mechanisms. The court also stayed the case with respect to discovery of experts who had been disclosed by the Plaintiff, pending a possible legislative resolution of a licensing requirement which has been interpreted to bar testimony by certain experts.

The Defendants have moved for summary judgment only as to issues which are not subject to the court's stay. On March 5, 2007, this court entered an Order giving the Plaintiff until March 26, 2007 to respond to the Motion for Summary Judgment, and stated that the Motion for Summary Judgment would be taken under submission on April 2, 2007. No response to the Motion for Summary Judgment has been filed with the court as of the date of this Order.

A district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion. *U.S. v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). The district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials and must review all of the evidentiary materials submitted in support of the motion for summary judgment. *Id.* at 1101-02.

Under Rule 56, the party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in

support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

In the instant case, the Defendants have met this burden. The Defendants argue that the Plaintiff's claims asserted under the AEMLD generally require proof based on expert testimony. "In order to prove the product's defective nature and its nexus with the plaintiff's injuries, 'ordinarily, expert testimony is required . . .'" *Caudle v. Patridge*, 566 So.2d 244, 247 (Ala. 1990). The Defendants point out to the court that the Plaintiff will not be able to produce expert testimony as to several of her claims because she has not timely disclosed experts who can provide the requisite testimony in support of those claims.

The claims which the Defendants have identified include claims based on door latch malfunction; roof structure failure; vehicle instability; and general uncrashworthiness; failure to warn; manufacturing defect; and marketing, sale, distribution, advertising and/or promotion. The Plaintiff has not disputed this identification of which claims require expert testimony. The Defendants also state that although the Plaintiff has timely identified some experts, those experts did not disclose in their reports that they would testify to any of the areas pointed to by the Defendants.

Once the moving party has met its burden, Rule 56(e) of the Federal Rules of Civil Procedure "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. *Fed. R. Civ. Pro.* 56(e).

By failing to file any response to the Motion for Summary Judgment, the Plaintiff has failed to meet her burden under Rule 56. Further, the court has reviewed the submissions in support of the Motion for Partial Summary Judgment, as well as the file as a whole, and finds no evidence of timely disclosure of experts by the Plaintiff on the claims and theories identified by the Defendants, which the Plaintiff has not disputed require expert testimony.

Accordingly, the Motion for Partial Summary Judgment (Doc. #70) is hereby ORDERED GRANTED and Judgment is entered in favor of the Defendants Mitsubishi Motors North America, Inc. and Takata Corporation and against the Plaintiff, Trenesa Thomas, as the Administrator for the estate of Dora Parker Bernard, on the claims in the Complaint based on door latch malfunction, roof structure failure, vehicle instability, and general uncrashworthiness, including claims of failure to warn; manufacturing defect; and marketing, sale, distribution, advertising and/or promotion concerning the areas of door latch malfunction, roof structure failure, vehicle instability, and general uncrashworthiness.

The case will proceed on the claims for which expert testimony disclosures have been timely made; that is, claims and theories involving the vehicle seatbelt restraint system.

Done this 2nd day of April, 2007.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE