IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **TRENESA THOMAS** as the Administrator for the estate of **DORA PARKER BERNARD,** now deceased,<br><br>*Plaintiff*,<br><br>v.<br><br>**MITSUBISHI MOTOR NORTH AMERICA, INC.;** et al.,<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>) CASE NO.: 2:06-CV-308-WHA<br>)<br>)<br>)<br>)<br>) |

### NOTICE OF TAKING 30(B)(5) and (6) DEPOSITION
### *DUCES TECUM*

**PLEASE TAKE NOTICE** that pursuant to *Alabama Rules of Civil Procedure* 30(b)(5) and (6), the plaintiffs, by and through undersigned counsel, will take the deposition of the **Corporate Representative** for the Defendant, **Mitsubishi Motors Corporation,** on _____ at _____ PST at _____. Said deposition will continue from day to day until completed and will be held upon oral examination before a Notary Public, or other officer authorized by law to administer oaths.

Pursuant to Rule 30(b)(5), Plaintiffs request that, at the time and place of the taking of said deposition, said corporation produce for inspection and copying **the original of** each note, memorandum, item of correspondence, picture, videotape, audiotape, policy and/or procedure manual, drawing or other document evidencing or relating to all matters described as they relate to the occurrences made the basis of Plaintiffs' complaint.

Further, in accordance with *Alabama Rules of Civil Procedure* 26, 30, and 45, the deponent is instructed to produce and permit the plaintiffs and their counsel to inspect and to copy each of the following documents listed on **Exhibit "A"** attached hereto which are in the deponent's possession, custody or control, or in the possession, custody or control of any business entity in which the deponent

has an interest and which are, or can be, made available to the deponent by any person or business entity.

      These requests are continuing in character so as to require you to file supplemental responses if you obtain further or different information prior to trial in this cause.

      Respectfully submitted this the 5th day of April, 2007.

      /s/ Blaine C. Stevens
      **BLAINE C. STEVENS (STE091)**
      *Attorney for Plaintiffs*

**OF COUNSEL:**
**STRICKLAND & KENDALL, L.L.C.**
420 S. Lawrence Street [36104]
P.O. Box 99
Montgomery, AL  36101-0099
(334) 269-3230
(334) 269-3239 / fax

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing upon the following by placing a copy of same in the U.S. mail, properly addressed and first class postage prepaid, on this the 5th day of April, 2007.

D. Alan Thomas
Gregory L. Schuck
J. Brannon Maner
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484


                                          /s/ Blaine C. Stevens
                                          OF COUNSEL

## EXHIBIT "A"

Please produce documents related to each of the following:

1. Installation guides and/or guidelines for seatbelt installation.

2. Any and all communications with Defendant Takata Corporation.

3. Communications with Defendant Takata Corporation or other seatbelt manufacturers regarding the installation of seatbelts.

4. Drawings for recommended seatbelt installations.

5. An exemplar of the belts used in the subject vehicle.

6. A designation of the recommended types of vehicles the seatbelts were designed for.

7. Recommended seatbelt geometry after installation.

8. Any and all instructions and/or warnings which accompanied the seatbelts into the stream of commerce.

9. Any and all documents which would have accompanied the subject vehicle's seatbelts into the stream of commerce and which were included with its original packaging.

10. An exemplar of the complete package, including all associated documents, that would have accompanied the subject seatbelts into the stream of commerce.

11. Any other lawsuits and/or claims alleging defective seatbelt design or operation.

12. A listing of all vehicles in which the subject seatbelts were originally designed for use.

13. Any and all tests of the subject seatbelts including all crash tests, fatigue tests, and/or strength tests.

14. All recommended mounting practices/procedures to secure the subject seatbelts to the seat or floor or wall of the vehicle.

15. All other instances alleging complete or partial passenger ejections as a result of defective seatbelt design or performance.

16. All crash tests or FMVSS certification tests on the subject vehicle or the subject seatbelt system.

17. All rollover tests of the subject vehicle or stability tests of the subject vehicle.

18. All design memoranda regarding the subject seatbelt system.

19. All design committee documents relative to the subject seatbelts.

20. Any documents which allege that a door of the subject vehicle opened during an accident, crush test, or rollover.

21. All documents referencing FMVSS compliance issues with the seatbelts.

22. Any documents of outside agencies or entitles regarding the subject belts or substantially similar designs.

23. Any correspondence with any converters' group or association regarding seatbelt installation procedures.

24. All barrier crash tests of the subject vehicle.

25. All vehicle to vehicle crash tests.

26. All test incident reports that refer in any way to the passenger restraint system.

27. Any and all "other similar incidents" as that alleged in the complaint in this case.

28. Any and all "fault tree" analysis regarding the passenger restraint system.

29. All hazards/risks analysis regarding the passenger restraint system.

30. All failure modes and effects analysis regarding the passenger restraint system.

31. Any and all computer models/simulations of passenger restraint performance.

32. All documents referring in any way to alternative designs to the subject passenger restraint system.

33. All documents critiquing or analyzing the performance of the subject passenger restraint system in any crash test, real world accident or incident, or other incident.

34. Any documents referencing any of the following as they apply to passenger restraint systems:
    a. The "all belts to seat" concept;
    b. Vehicle sensitive pretensioners;
    c. Rollover sensing devices and pretensioners;
    d. Seat bottom configuration and make-up;
    e. Devices intended to reduce or eliminate excessive payout during rollover or crash incidents.

35. Documents discussing any proposed modifications/changes to the subject passenger restraint system.